David M. Daniels (SBN 170315)
Steven H. Gurnee (SBN 66056)
Nicholas P. Forestiere (SBN 125118)
Gurnee & Daniels, LLP
2240 Douglas Boulevard., Suite 150
Roseville, CA 95661-3875
Telephone: (916) 797-3100
Facsimile: (916) 797-3131

Amy E. Dias (pro hac vice motion pending)
aedias@jonesday.com
JONES DAY
500 Grant Street, Suite 3100
Pittsburgh, PA 15219-2502
Telephone: (412) 391-3939
Facsimile: (412) 394-7959

Matthew W. Lampe (pro hac vice motion pending)
mwlampe@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
P.O. Box 165017
Columbus, OH 43216-5017
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

Attorneys for Defendants
Alderwoods Group, Inc. and Service Corporation
International

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah Prise, et al., on behalf of themselves and all other employees similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Alderwoods Group, Inc., et al.,<br><br>        Defendants. | Case No.<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br>**[28 U.S.C. §§ 1332, 1441 (B) AND 1446]** |

1

2    TO THE CLERK OF THE ABOVE ENTITLED COURT:

3    PLEASE TAKE NOTICE THAT Alderwoods Group, Inc. ("Alderwoods")

4    and Service Corporation International ("SCI") (collectively "Defendants"),

5    Defendants in the above-titled action, hereby remove this matter to the United

6    States District Court for the Northern District of California, pursuant to 28 U.S.C.

7    §§ 1332, 1441 and 1446.  The grounds for removal are as follows:

8    ## **Compliance with Statutory Requirements**

9    1.    On or about July 9, 2007, Plaintiffs filed a Class Action Complaint in

10   the Superior Court of the State of California for the County of Alameda, Case No.

11   RG 07334642. ("Complaint")  In their Complaint, Plaintiffs assert claims for

12   violation of the California Labor Code, Failure to Maintain Proper Records

13   (California Labor Code), Breach of Contract (under the laws of 38 states and

14   territories), violation of State Wage and Hour Laws (under the laws of 38 states and

15   territories), Unjust Enrichment (under the laws of 38 states and territories), Fraud

16   and Deceit (under the laws of 38 states and territories), Quantum Meruit (under the

17   laws of 38 states and territories), Negligent Misrepresentation (under the laws of 38

18   states and territories), Negligence (under the laws of 38 states and territories), and

19   Unfair Competition (California Business and Professional Code § 17200 et seq.).

20   Attached as Exhibit A is a true and correct copy of the Complaint.

21   2.    Plaintiffs served Defendants with the Summons ("Summons") and a

22   copy of the amended Class Action Complaint on or after September 5, 2007.

23   Defendants' removal of this action is timely because Defendants are removing this

24   matter within 30 days of being formally served with a Summons and a copy of the

25   Amended Complaint.  *See* 28 U.S.C. § 1446(b);  *Murphy Bros., Inc. v. Michetti*

26   *Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  Attached as Exhibit B are true and

27   correct copies of the Summons, civil case cover sheet, ADR information package,

28

COI-1377479v2

NOTICE OF REMOVAL

1   notice of hearing for a complex determination and case management conference,

2   minutes and order of September 7, 2007.

3       3.      Attached as Exhibit C is a true and correct copy of the Amended Class

4   Action Complaint received by the Defendants.  *See* 28 U.S.C. § 1446(a).  To the

5   Defendants' knowledge, there are no other process, pleadings, or orders in this

6   action than those set forth herein.

7       4.      Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide

8   written notice of removal of the action to Plaintiffs, and promptly will file a copy of

9   this Notice of Removal with the Clerk of the Superior Court of the State of

10  California, County of Alameda.

## Intradistrict Assignment

13      5.      Plaintiffs filed this case in the Superior Court of California, County of

14  Alameda; therefore, this case properly may be removed to the Oakland or San

15  Francisco Divisions of the Northern District of California.  *See* 28 U.S.C. §

16  1441(a); Civ. L. R. 3-2 (c), (d), 3-5(b).

## Jurisdiction

19      6.      This Court has original jurisdiction over this matter pursuant to 28

20  U.S.C. §  1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L.

21  No. 109-2, 119 Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have

22  original diversity jurisdiction over a class action whenever:  (1) "any member of a

23  [putative] class of plaintiffs is a citizen of a State different from any defendant," 28

24  U.S.C. § 1332(d)(2)(A), and (2) "the matter in controversy exceeds the sum or

25  value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2).  Both

26  requirements are satisfied in this case.

27      7.      In this matter, diversity of citizenship exists because the Defendants

28  and at least one proposed class member are citizens of different states.  *See* 28

1  U.S.C. § 1332(c)(1). Alderwoods is a corporation incorporated under the laws of

2  the State of Delaware and has its principal place of business in Ohio. SCI is a

3  corporation incorporated under the laws of the State of Texas and has its principal

4  place of business in that State. Plaintiff Deborah Prise was a citizen of

5  Pennsylvania at the time Plaintiffs filed this action, and she still is.

6      8.    Further, though Defendants concede neither liability on Plaintiffs'

7  claims nor the propriety or breadth of the class as alleged by Plaintiffs, the

8  Complaint places in controversy a sum greater than $5,000,000. *See* 28 U.S.C.

9  § 1332(d)(2). Plaintiffs claims defendants had a policy and practice of willfully not

10  compensating them for all of their regular hours worked and overtime hours worked

11  in excess of 8 hours a day and 40 hours a week. Amended Complaint, ¶¶ 54, 56.

12  The Complaint does not allege a specific dollar amount in damages, but Plaintiffs

13  seek unpaid wages, liquidated damages, compensatory damages, consequential

14  damages, punitive damages and attorneys' fees on behalf of themselves and each of

15  the purported class members. Amended Complaint, Prayer 20:25-26:27.

16      9.    Plaintiffs' claims in this case establish an amount in controversy that

17  exceeds $5,000,000. Specifically, as of September 2007, while Defendant SCI is a

18  holding company with no employees, Defendants and/or their affiliates employ

19  more than 15,000 non-exempt employees in the United States. *See* Declaration of

20  Judith Marshall ("Marshall Dec."), attached as Exhibit D, at ¶ 2. Assuming an

21  average hourly wage of $16.00 – by comparison, Plaintiffs Deborah Prise's and

22  Heather Rady's most recent non-exempt wages were $18.60 and $17, respectively –

23  these individuals would need to average only 14 hours of overtime during the

24  relevant statutory periods to meet the minimum amount in controversy.

25      10.   Moreover, the amount in controversy in this matter is substantially

26  higher than $5,000,000. As noted, the information discussed in the preceding

27  paragraph relates only to <u>current</u> employees. Thus, the calculations do not include

28  claims by former employees of Defendants and/or their affiliates included within

1 | Plaintiffs' putative class definition, nor does it include potential damages related to
2 | Plaintiffs' claims for penalties and other types of damages under the laws of 38
3 | states and territories or any of the other claims set forth in the Amended Complaint.
4 | Amended Compl., Ex. A, at ¶¶ 53, 87, 93, 99, 106, 115, 123, 129, and 133.

5 |      11.   In asserting the basis for diversity jurisdiction, Defendants do not
6 | concede that Plaintiffs are entitled to overtime pay or that Plaintiffs ever worked
7 | more than forty hours per workweek or more than eight hours per day.  Nor do the
8 | Defendants concede that any or all non-exempt employees are class members or
9 | that any class could be certified.

10 |      WHEREFORE, the above-titled action is hereby removed to this Court from
11 | the Superior Court of the State of California, County of Alameda.

12 |
13 | Dated:       October 5, 2007

By:

Steven H. Gurnee
David M. Daniels
Nicholas P. Forestiere

Attorneys for Defendant
ALDERWOODS GROUP, INC. AND
SERVICE CORPORATION
INTERNATIONAL

**EXHIBIT A**



1   ROSEN, BIEN & GALVAN, LLP
    SANFORD JAY ROSEN, State Bar No. 62566
2   MARIA V. MORRIS, State Bar No. 223903
    LORI E. RIFKIN, State Bar No. 244081
3   315 Montgomery Street
    Tenth Floor
4   San Francisco, CA 94104
    Telephone: (415) 433-6830
5
    DOLIN, THOMAS & SOLOMON LLP
6   J. NELSON THOMAS, State Reg. No. 2579159
    693 East Avenue
7   Rochester, NY 14607
    Telephone: (585) 272-0540
8
    MARGOLIS EDELSTEIN
9   CHARLES SAUL, State Bar No. 19938
    525 William Penn Place
10  Suite 3300
    Pittsburgh, PA 15219
11  Telephone: (412) 281-4256

12

13  Attorneys for Plaintiffs

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  COUNTY OF ALAMEDA

16

17  DEBORAH PRISE, HEATHER P. RADY,      )  Case No.  RG07354042
    ROBERT A. ACEVEZ, BENSON             )
18  ACKERMAN, LYLE J. ADAMS, BYRON       )  CLASS ACTION
    ADKINS, THOMAS M. ADKINS, MARCO      )
19  AGUILERA, DARRELL L. ALDER,          )  COMPLAINT-CLASS ACTION
    FREDERICK R. ALDRICH, MERLIN         )  JURY TRIAL DEMANDED
20  ALEXANDER, JESSIE W. ALEXIS,         )
    KENNETH R. ALLEN, LEONARD J.         )
21  ALLEN SR., FRANK A. ALUNA, MICHAEL   )
    JOHN AMESQUITO SR., MITCHELL P.      )
22  AMOS, RORBERT J. APODACA, BRENDA
    A. ARNOLD, STEVEN A. ARNOLD,
23  LESLIE S. ASCHE-THACKERY, JAMES W.
    ATKINS, JENNY I. AUILES GOMEZ,
24  JEFFERY T. AYDELOTTE, JAMES A.
    BAASCH, BILLY B. BAKER, JULIUS
25  BARANY, DOUGLAS BARNES, DALE R.
    BART, WILLIAM BAYNARD, THOMAS S.
26  BELL, MARLA BELYEW, CHARLOTTE
    BILLIOT, GEORGE H. BOISSE III, DANIEL
27  BORDELON, GEORGE R. BORTH,
    RUSSELL NICHOLSON BOWEN, TAMMY
28  J. BOWERMAN, OSWALD R. BOYKINS,

GREGORY BRADLEY, ROBERT S. BRANUM, JR., MICHELE BREINDEL, HARRY W. BRITT III, MARC BROOKS, WILLIAM B. BROUGH, LINDA BROWN, THOMAS A. BROWN, JENNIFER BRUYETTE, CLARKE BURKLE, RUTH BURKS, LEN R. BURTON-HARDIN, JERRY W. BUSH, MICHAEL S. BUTLER, MATTHEW BYRNE, LINCOLN CABRERA, ANTHONY CALABRESE, CLAYTON L. CALLAWAY, PETER D.A. CAMERON, LAWRENCE F. CAMP, JILL D. CAMPBELL, BRADLEY A. CARDINI, MICHAEL CARRY, RAYMOND CARSON, SHANE M. CARSWELL, SCOTT CARVER, GABRIEL T. CASAUS, SEAN J. CAVALIERE, MICHELLE CAVANAUGH, DUANE CHAMBERS, DEBBIE K. CHATMAN (BRANDT), JAMES RAY CHEATHAM, VALDEN CHRISTENSEN, JOHNNY W. COLEMAN, MICHAEL R. COMBS, JOSETTE A. CONSIGLIO-HOUGH, DANIEL COOK, JASON COSTIN, SHANE B. COUTINHO, GARY A. COWGER, WILLIAM COZART JR., DIANE CRAIG, GARY D. CRAVEN, LESLIE A. CREECH, THOMAS A. CREECH, JAMES CROUCH, PEREY R. DAIGLE, TERRELL WARD DAVIS, WANDA K. DAVIS, KELLY DEITZEL, ROY J. DENTLINGER, STEVEN DETSCHNER, JESUS M. DIAZ DIAZ, JAMES J. DICKSON, JEFFERY A. DIGGS, NANETTE DIMOND, EFREW L. DOMINQUEZ, LOUIS DOMINQUEZ, REBECCA J. DONAHUE, BENJAMIN E. DRABING, CLAYTON DRAGGOO, JOHN DROULLARD, ROSALIN DUGDALE-NORTON, MARC A. DUMONT, SCOTT J. ECKERT, ALAN EDWARDS, CHRSTIOPHER S. ELLIS, DEBRA ELMORE-NESHEIM, CRAIG EMMICK, STEPHEN ESCOBAR, FRANKLIN ESSARY, ANTHONY FALLETTA, BRIAN FARMER, HEIDI FERGUSON, JOHN R. FERGUSON, BRIAN M. FIELD, MARY FISHER, RICHARD FLEMING, DARIN D. FORAN, ELIZABETH FOURNIER, STEVEN FRAZIER, STEVEN L. FRAZIER, STEPHEN FREI, STROTHER T. FULCHER JR., DWIGHT GAHM, ANGELA GARCIA, BENJAMIN GARDNER, ELAINE M. GARLEY, JOE R. GARZA, RONALD E. GAUCHER, MICHAEL R. GEORGE, KENNETH GIACONE, MATTHEW GLADYSZ, EDGAR C. GLEIM, ERIC

1  GOAD, JUAN GODINEZ, BOLIVIA
   GONZALEZ, MARK GOULETTE, PAGE E.
2  GREER, LISA M. GREGOR, VANESSA
   GROOMS, DAVID A. GUDZINAS, SCOTT
3  GULLETT, WILLIAM O. GWYN, LINDA T.
   HAGERTY, JOHN B. HALLORAN,
4  MURRAY M. HAM, RICHK HAMILTON,
   DANIEL P. HANOLON JR., DOUGLAS S.
5  HARPOLD, RONNIE HARRELL, LLOYD
   W. HARRIS, THOMAS H. HARRIS SR.,
6  TED B. HASKELL, LISA HATCH, DON
   HATZ, LOUIS HAUSLER, HEIDI HEIL,
7  DOCK HINES, BERNARD M. HIRREL,
   LOAN HOANG, MARION HOLLEY,
8  PHILLIP J. HOLLIS, DARRYL HOLMAN,
   STANLEY M. HORN, BIANCA HORTON,
9  GARY LANE HUDSON II, WILLIAM
   HUDSON III, TOM R. HUGHES, ROGER H.
10 HUGO, DOUGLAS E. HUTTER, DANIAL R.
   HYATT, FRANK JACKSON, JAN S.
11 JACOB, BOBBY JARRETT, DAVE R.
   JARRETT, JOHNNY W. JOHNSON, JULIUS
12 E. JOHNSON, WILLIAM JOHNSON,
   WILLIAM C. JOHNSTON, MICHAEL D.
13 JOINES, KEISHA E. JONES, ROBERT G.
   JONES, BARBARA JOY, KENNIE
14 KARHINER, ANGELA KEATH, JOHN
   KEATH, EILEEN NIX KENNEDY,
15 RANDALL L. KIMBRO, BRIAN A. KING,
   WILTON KING, JOHNNIE KIRKLING,
16 EDDIE KIRKPATRICK, HENRY A. KLEIN,
   BETTY KNIGHT, ROBERT KOLESKI,
17 CHRISTINE KOORNDYK, MICHAEL D.
   KOPERA, RICHARD T. KUHTA, WILLIAM
18 L. FUSCO, NICKOL LADD, BRIGETTE
   LAFAUCI, SANDRA LANG, RONALD
19 LANGLEY, STEVE GILL LANNOM,
   MICHAEL LANZA, KENNETH J.
20 LASSMAN, JOHN W. LEASMAN, TIM
   LEE, KAREN LIMON, JOE E. LINDLEY,
21 FRANCIS L. LOC, KASI LONG, HECTOR
   LOPEZ BRITO, DANIEL LUTON, EMILY
22 MADDEN, SCOTT MADDOX, JESUS
   MALDUNADO, DAVID E. MANES, LUPE
23 MARTINEZ, BRENDA KAY MASSAQUOI,
   BENJAMIN MATTHEWS, RODNEY E.
24 MAY, RALPH MCCLURE, BEVERLY
   MCDONALD, LARRY A. MCGEE,
25 THOMAS MCLAUGHLIN, WILLIAM
   MICHAEL MCPHERSON, ANGEL
26 MEDINA, JOSE B. MEDINA FONSECA,
   PAUL DAVID MEIZLER, ASHLEY
27 DAUGHDRILL MELERINE, MELVIN G.
   MESNEKOFF, DAVID MILLANG, EMILE
28 MIRANDETTE, SUSAN MOEN, ROBERT F.

1  MOHR, DUANE MOORE, CRAIG R.
   MORGAN, ELIZABETH MORRIS,
2  DOUGLAS M. MOSTYN, JERRY
   MURRAY, JAMES W. NOLAND, EDWARD
3  OAKES, SEAN J. OBERSKI, ARI B.
   OBERSTEIN, ANN O'CANTO, DAVID
4  JAMES ORD, SMILTH P. OURSO,
   MICHAEL GORDON OVANDO, ROBERT
5  PARRYMORE, RUPERT PATRICK,
   DONALD PAYNE, MONICA D. PAYNE,
6  DAVID PERLMAN, JOHN PETERS,
   RICHARD E. PETERSEN , MARK
7  PETRATIS, TOMMY W. PETTY,
   KENNETH N. PHIFER, LORI A. PHOENIX,
8  RAYMOND C. PIKE, STEVEN POLLARD,
   BOBBY POTTER, GREGORY POTTER,
9  ROBERT J. PRAMIK, MICHAEL R.
   PUCKETT, ROBERT QUANDT, MICHAEL
10 RAINS, TOBY N. RAPOSE, RYAN
   RASMUSSEN, JACK L. REDDICK, JIMMIE
11 REMSEY, MICHAEL J. REYNOLDS,
   JEANINE L. RICO, DAVID BRUCE
12 RIETBERG, MANFORD C. RIFE,
   ELEANOR RIGGIO, RICHARD L. RILEY,
13 LOYAL RITTER, MARK RITTER, ISMAEL
   RIVERA BURGOS, ANDY RIVERA
14 NIEVES, LANDON ROBERTSON, CHRIS
   ROBERTO, DENNIS ROBERTSON,
15 WARREN ROITMAN, CHRISTINA ROJAS,
   MELISSA ROSA, MELANIE ROSARIO,
16 BRUCE E. ROSENBAUM, JACK A.
   ROSENBERG, EDWARD ROSS, JAMES
17 RUBINO, MARIAN RUE, SCOTT R. RUFF,
   ED RUSNAK, KENNETH J.
18 RYMISZEWSKI, JEFFERY N. SACHS,
   SALLY SADARO, GERALD SALAZAR,
19 SANTIAGO SALAZAR III, RICHARD
   EDWARD SALHUS, CATHERINE E.
20 SAMUELSON, JOHN SCHABLOSKI,
   LOREN SCHLEINING, DAVID SCHNELL,
21 WARREN L. SEIZ, ROBERT M. SHAFFER,
   BERNARD L. SHARUM, ANNE MARIE
22 SHELTON, ROBERT B. SHOOTS,
   RICHARD SIECKMANN, DANIEL SIFERD,
23 ROBERT W. SIMMONS, CHRISTINE
   SIMPSON, PHILLIP W. SISK, DANNY J.
24 SKALICKY, BILL S. SLAUGHTER, MYRA
   S. SLOAN, JAMES R. SMILEY, FELIX
25 SMITH, MONECIA SMITH, PAUL STEVEN
   SMITH, JONATHAN SORBEL, REX
26 SORROW, JODY PAUL SPIESE, JAMES D.
   STARK, JAMES E. STEARNS, FRANCIS
27 STEINHOFF, JOE STENNETT, ROBERT L.
   STEPHENS, JAMES W. STICKLE,
28 MALCOLM STOCKTON, WILLIAM

1   STONE JR., DARRYL M. STRANGE,
    STEVEN J. STRUCK, ALBERT E. SUTTON,
2   JEFFERY N. SUTTON, JOSEPH G.
    TAFOYA JR., STEPHEN TAKESIAN,
3   VICKI LYNN TAYLOR, MARK TELESCA,
    JEREMIE R. THIBAULT, MARILYN
4   THOMAS, TIMOTHY L. THUESON,
    STEVEN TIBBITTS, PHILIP RYAN
5   TILLMAN, TODD R. TRACY, WILLIAM D.
    TROUTMAN, MATTHEW TWISS, PAUL S.
6   ULOTH, EVELYN M. UNDERWOOD,
    JAMES "RAY" UNDERWOOD, VAUGHN
7   VANZANT, EDWIN R. VARGAS
    GONZALEZ, H. ALLISON VOGT, KEITH P.
8   VONQUALEN, FRED E. WALKER, GAYLE
    WALKER, ERIC WALLAND, RICKY
9   WALTER, SCOTT J. WALTERS,
    SHANNON E. WALTERS, STACEY
10  WEINSTEIN, DENISE WESTBROOKS,
    JAMES WHALEY, GEORGE THOMAS
11  WHITE, KEVIN WHITE, RAYMOND E.
    WHITE JR., CHAD A. WICKHAM, BARRY
12  WIEN, TIMOTHY E. WILBUR, JASON
    WORMAN, JOSEPH WORTH WILSON JR.,
13  TINA WINEINGER, ROBERT WOLF,
    GEORGE L. WOOD, HAROLD E. WOOD,
14  CLAUDINE T. YOUNG, EDWARD SCOTT
    ZABORSKI, BENJAMIN ZAPATA, DANIEL
15  P ZERTUCHE, on behalf of themselves and all
    other employees similarly situated,

16
17              Plaintiffs,

18  v.

19  ALDERWOODS GROUP, INC. and
    SERVICE CORPORATION
    INTERNATIONAL,

20
21              Defendants.

22
23
24
25
26
27
28

# CLASS ACTION COMPLAINT

**AND NOW** come Plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, and file the following Class Action Complaint:

## I.    INTRODUCTION

1.    This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Named Plaintiffs individually, as well as all other employees similarly situated, under the laws of California and other laws of the various States in which defendants do business.

2.    Plaintiffs state law claims asserted herein were previously dismissed from the United States District Court for the Western District of Pennsylvania on or about June 8, 2007 and have been tolled since that time pursuant to 28 U.S.C. § 1367.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over defendants because the defendants conduct business in this State.

4.    Venue is appropriate in this Court since the defendants do business in this County.

## III.    CLASS ACTION ALLEGATIONS

5.    The claims arising under the state wage laws set forth above are properly maintainable as a class action under Cal. Civ. Proc. § 382.

6.    The class consists of current and former employees of defendants who were suffered or permitted to work time for which they were not compensated, including time for which premium pay was owed but not paid.

7.    The class size is believed to be over 50 employees.

8.    The Named Plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

9.      There are no known conflicts of interest between the Named Plaintiffs and the other class members.

10.     The class counsel, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, are qualified and able to litigate the class members' claims.

11.     The class counsel is experienced in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

12.     Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' practice of not paying nonexempt employees for all hours worked and/or statutory overtime for hours worked over 40 per week violates California state law and the state laws of the various other states in which defendants do business.

## IV.    PARTIES

### A. Defendants

13.     At all relevant times, Defendants Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI") has suffered or permitted the plaintiffs to perform work for them.

*Alderwoods and SCI are Liable for Alderwoods's Employees*

14.     At all relevant times, Defendants Alderwoods and SCI have been employers of plaintiffs in this action.

15.     Upon information and belief, Alderwoods, through its shareholders, has adopted the merger agreement by and between Alderwoods and Defendant Service Corporation International ("SCI") (collectively, "Merged Entities" or "Defendants").

16.     Upon information and belief, the Merged Entities, under the merger agreement, continue business operations in substantially the same form as before the merger.

17.     Upon information and belief, the Merged Entities, under the merger agreement, continue to use substantially the same workforce as before the merger, with substantially the same supervisors and same working conditions.

18.     Upon information and belief, the Merged Entities, under the merger agreement, provide essentially the same services as before the merger and use the same facilities, equipment and method of proving services.

19.     Upon information and belief, thus, SCI is a successor-in-interest to Defendant Alderwoods's liability.

20.     Upon information and belief, the Merged Entities, under the merger agreement, operate interrelated business operations.

21.     Upon information and belief, the Merged Entities, exercise central control of labor relations.

22.     Upon information and belief, the Merged Entities operate under common management.

23.     Upon information and belief, the Merged Entities have common ownership and financial control.

24.     In light of the economic realities of the Merged Entities' enterprise, defendants are joint employers of plaintiffs for purposes of the federal and state laws.

25.     Collectively, all of defendants named herein and all of their funeral service locations comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

26.     Upon information and belief, SCI, under the merger agreement, exercises complete dominion and control over Alderwoods and their funeral service locations.

27.     SCI, Alderwoods and their funeral service locations constitute alter egos of the other.

28.     At all relevant times, defendants have suffered or permitted plaintiffs to perform work for them.

29.     At all relevant times, Alderwoods's and Service Corporation Internationals' funeral service locations have been plaintiffs' employer.

30.     The Class Members are jointly employed by Alderwoods and SCI and their funeral service locations.

31.     Business operations of the funeral service locations are centrally controlled by Alderwoods and SCI.

32.     At all relevant times, Alderwoods and SCI maintained centralized control of employment relations.

33.     At all relevant times, the human resource functions of the funeral service locations report directly or indirectly to Alderwoods and SCI.

34.     In addition to centralized control of employment relations, Alderwoods and SCI exercises common management of their various funeral service locations.

35.     Further, Alderwoods and SCI own all of their funeral service locations and exercise financial control over the business operations of those locations.

36.     Alderwoods is a corporation with its headquarters being at 311 Elms Street, Suite 1000, Cincinnati, Ohio 45202 and does business in the State of California.

37.     Service Corporation International is a corporation with its headquarters being at 1929 Allen Parkway, Houston, Texas 77019 and does business in the State of California.

38.     Defendants are enterprises engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

### SCI Maintains Separate Locations and Employs Additional Employees

39.     In addition, SCI operates other locations, either directly or through its affiliates, separate from the Alderwoods locations and therefore is the employer of additional plaintiffs.

40.     Upon information and belief, SCI exercises complete dominion and control over the additional funeral service locations. SCI's affiliates are merely agents or instrumentalities of SCI.

41.     SCI, its affiliates and their funeral service locations constitute alter egos of the other.

42.     At all relevant times, SCI and its affiliates have suffered or permitted plaintiffs to perform work for them.

43.     Business operations of the funeral service locations are centrally controlled by SCI.

44.    At all relevant times, SCI maintains centralized control of employment relations.

45.    At all relevant times, the human resource functions of the funeral service locations report directly or indirectly to SCI.

46.    In addition to centralized control of employment relations, SCI exercises common management of its various funeral service locations.

47.    Further, SCI owns all of its funeral service locations and exercises financial control over the business operations of those locations.

**B.    Plaintiffs**

*Named Plaintiffs*

48.    The Named Plaintiffs are current or former employees of the defendants.

*Class and Collective Action Members*

49.    The class and collective action members ("Class Members") are those employees and former employees of defendants similarly situated to Named Plaintiffs who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

**V.    FACTUAL BACKGROUND**

50.    Named Plaintiffs and the other Class Members worked for defendants and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 in a week.

51.    Defendants' policy and/or practice was to not compensate Named Plaintiffs and Class Members for work it suffered or permitted the Named Plaintiffs and Class Members to perform.

52.    Defendants knew plaintiffs were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Named Plaintiffs and Class Members worked.

53.    Defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

54.    The failure to pay overtime is willful.

55. Examples of defendants' policies and practices to deprive the Named Plaintiffs and Class Members of their earned wages and wage premiums are set forth below:

a. **Subclass A:** Defendants implemented a "Community Work Policy." Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

b. **Subclass B:** Defendants implemented an "On Call Pay Policy." Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for work performed outside the regular workday, off-site from the funeral home.

c. **Subclass C:** Defendants policy required that certain hourly employees train for and become licensed insurance agents. Defendants did not pay for the training, test taking and continuing education requirements for those positions despite suffering or permitting employees to perform such work.

d. **Subclass D:** Defendants implemented a "Pre-Needs Appointment Policy." Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were beyond the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not to be paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

e. **Subclass E:** Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants no longer paid for lunch breaks. Defendants did, however, suffer and permit its employees to perform work during such meal breaks, but pursuant to defendant's "Meal Break Deduction Policy" time spent on meal "breaks" was still to be deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

f. **Subclass F:** Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

g. **Subclass G:** Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted plaintiffs to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

h. **Subclass H:** Defendants policy was to not include all remuneration (such as bonuses and commissions) in the calculation of the plaintiffs' overtime.

56.    Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Named Plaintiffs concerning their wages, hours and other conditions of employment.

57.    More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

**COUNT I**
**CALIFORNIA LABOR LAWS**

58.    The preceding paragraphs are incorporated herein as if fully set forth herein.

59.    Defendants willfully violated their obligations under California law, including the California Labor Code, and are liable to plaintiffs.

**COUNT II**
**FAILURE TO MAINTAIN PROPER RECORDS**

60.    The preceding paragraphs are incorporated herein as if fully set forth herein.

61.    Defendants violated provisions of the California Labor Code by failing to make, keep, and preserve adequate and accurate records of the employment of Named Plaintiffs concerning their wages, hours and other conditions of employment; more specifically, the records kept by defendants failed to adequately and accurately disclose among other things,

1  hours worked each work day, the total hours worked each work week, and/or the total overtime
2  compensation for each work week and are liable to plaintiffs.

### COUNT III
### BREACH OF CONTRACT

5     62.    Plaintiffs reallege the above paragraphs as if fully restated herein.

6     63.    Defendants willfully violated their obligations under the state laws of Alabama,
7  Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho,
8  Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota,
9  Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North
10 Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina,
11 Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs.

### COUNT IV
### STATE WAGE AND HOUR LAWS

14    64.    Plaintiffs reallege the above paragraphs as if fully restated herein.

15    65.    Defendants willfully violated their obligations under the wage laws of the states
16 in which defendants do business including; Pennsylvania Wage Law including, but not limited
17 to, PMWA and PWPCL; Alaska Law including, but not limited to, the Alaska Wage and Hour
18 Act; Arizona Wage Law; Arkansas Wage Law including, but not limited to, the Arkansas
19 Minimum Wage Act;  Colorado Wage Law;  Connecticut Wage Law; Illinois Wage Law;
20 Indiana Wage Law; Kansas Law including, but not limited to, the Kansas Minimum Wage and
21 Maximum Hours Act; Maryland Wage Law; Massachusetts Wage Law; Michigan Wage Law;
22 Minnesota Fair Labor Standards Act; Montana Wage Law; Nebraska Wage Law; Nevada
23 Wage Law; New Hampshire Wage Law including, but not limited to, New Hampshire
24 Minimum Wage Law; New Mexico Wage Law including, but not limited to, New Mexico
25 Minimum Wage Law; New York Labor Law; North Carolina Law including, but not limited
26 to, the North Carolina Wage and Hour Act; Ohio Wage Law; Oregon Wage Law; Puerto Rico
27 Law including, but not limited to, the Puerto Rico Working Hours and Days Act; Rhode Island

28

1 │ Wage Law; Washington Wage Law; and West Virginia Wage Law and are therefore liable to

2 │ plaintiffs.

3 │ **COUNT V**<br>**UNJUST ENRICHMENT**

4 │

5 │ 66.    Plaintiffs reallege the above paragraphs as if fully restated herein.

6 │ 67.    Defendants willfully violated their obligations and have been unjustly enriched to

7 │ the determinant of plaintiffs and others similarly situated for worked performed for defendants

8 │ under the common laws and state laws of Alabama, Alaska, Arizona, Arkansas, California,

9 │ Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana,

10 │ Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada,

11 │ New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon,

12 │ Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia,

13 │ Washington, and West Virginia and are liable to plaintiffs.

14 │ **COUNT VI**<br>**FRAUD AND DECEIT**

15 │

16 │ 68.    Plaintiffs reallege the above paragraphs as if fully restated herein.

17 │ 69.    Defendants willfully violated its obligations by committing fraud against

18 │ plaintiffs and others similarly situated under the common laws and the state laws of Alabama,

19 │ Alaska, Arizona, Arkansas, California (including the California Unfair Competition Law,

20 │ California Business and Professions § 17200), Colorado, Connecticut, Florida, Georgia, Idaho,

21 │ Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota,

22 │ Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North

23 │ Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina,

24 │ Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs.

25 │

26 │

27 │

28 │

## COUNT VII
## QUANTUM MERUIT

70.    Plaintiffs reallege the above paragraphs as if fully restated herein.

71.    Defendants willfully violated their obligations by failing to pay plaintiffs for the reasonable value of the services performed by plaintiffs for defendants under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to plaintiffs under quantum meruit.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION

72.    Plaintiffs reallege the above paragraphs as if fully restated herein.

73.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by misrepresenting to plaintiffs that they would be fully compensated for all services performed and are liable to plaintiffs.

## COUNT IX
## NEGLIGENCE

74.    Plaintiffs reallege the above paragraphs as if fully restated herein.

75.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan,

1 | Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New

2 | York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island,

3 | South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by negligently

4 | failing to properly compensate plaintiffs and are liable to plaintiffs.

5 |

**COUNT X**
**UNFAIR COMPETITION LAW**

6 |

7 | 76.    Plaintiffs reallege the above paragraphs as if fully restated herein.

8 | 77.    Further, defendants failure to pay plaintiffs for all time worked constitutes unfair

9 | competition and unlawful, unfair, and fraudulent business acts and practices in violation of

10 | California Business and Professional Code § 17200, *et seq.*

11 | 78.    The conduct of defendants in failing to pay plaintiffs for all time worked

12 | constitutes and was intended to constitute unfair competition and unlawful unfair and

13 | fraudulent business acts and practices within the meaning of California Business and

14 | Professional Code § 17200, *et seq.*

15 | 79.    Defendants also violated California's Unfair Competition Act by violating the

16 | California Labor Code.

17 | 80.    As a result of defendants' violations of California Business and Professional

18 | Code § 17200, *et seq.*, defendants have unjustly enriched themselves at the expense of

19 | plaintiffs.

20 | 81.    To prevent their unjust enrichment, defendants should be required, pursuant to

21 | California Business and Professional Code §§ 17203 and 17204 to disgorge their illegal gains

22 | for purpose of making full restitution to all injured plaintiffs.  Defendants should also be

23 | permanently enjoined from continuing their violations of California Business and Professional

24 | Code § 17200, *et seq.*

25 | 82.    Defendants willfully violated their obligations under the California Unfair

26 | Competition Law (Bus. & Prof. Code § 17200, et seq.) and are liable to plaintiffs.

27 |

28 |

-11-
COMPLAINT-CLASS ACTION

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of plaintiffs' unpaid wages;

(c)    liquidated, compensatory, consequential and punitive damages;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

ROSEN, BIEN & GALVAN, LLP

Date: July 9, 2007                    By:    _Maria V. Morris_

Maria V. Morris, State Bar No. 223903
Sanford Jay Rosen, State Bar No. 62566
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, State Reg. No. 2579159
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles Saul, State Bar No. 19938
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Attorneys for Plaintiffs

**EXHIBIT B**

*5906498*

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>SERVICE CORPORATION<br>INTERNATIONAL and<br>ALDERWOODS GROUP, INC., | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>FILED ALAMEDA COUNTY<br><br>SEP -5 2007<br><br>CLERK OF SUPERIOR COURT<br>BY _____ DEPUTY |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, [see Complaint and Appendices for a listing
of plaintiffs] et al., on behalf of themselves and all other employees and former employees similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>René C. Davidson Alameda County Courthouse<br>1225 Fallon Street<br>Oakland, CA, 94612 | CASE NUMBER:<br>*(Número del Caso):* RG07334642 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanford Jay Rosen                                                                       (415) 433-6830
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA  94104

| | | | |
|---|---|---|---|
| DATE: September 5, 2007 PAT S. SWEETEN<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                                                       Page 1 of 1

[SEAL] SUPERIOR COURT OF CALIFORNIA — EUREKA — COUNTY OF ALAMEDA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Maria V. Morris (223903)
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

*FOR* █████████ *5719732*

TELEPHONE NO.: (415) 433-6830　　FAX NO.: (415) 433-7104

ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson

F I L E D
ALAMEDA COUNTY
JUL 0 9 2007
CLERK OF THE SUPERIOR COURT
By _____
Deputy

CASE NAME: Prise, et al v. Alderwoods Group, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited　[ ] Limited<br>(Amount demanded exceeds $25,000)　(Amount demanded is $25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG07336482<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary　b. [X] nonmonetary; declaratory or injunctive relief　c. [ ] punitive

4. Number of causes of action *(specify):* 10

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 9, 2007

Maria V. Morris (223903)
(TYPE OR PRINT NAME)

▶ _Maria Morris_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or
  Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally
  complex case type listed above)*
  (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)*
  (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  *Petition for Name Change*
  Petition for Relief from Late
    Claim
  Other Civil Petition

**ALTERNATIVE DISPUTE RESOLUTION**
**INFORMATION PACKAGE**
**Effective April 15, 2005**

**Instructions to Plaintiff / Cross-Complainant**

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

> (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

> (2) Information about the ADR programs available in that court . . .

> (3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

> (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### *Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### *Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### *Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

   You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

   If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County.  Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA  94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution.  It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
# ADR PROGRAM

## ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

## The Judicial Arbitration Process

### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl.,  Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Defendant

Case No.: _____

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Rosen, Bien & Asaro LLP
Attn: Rosen, Sanford Jay
315 Montgomery Street
10th Floor
San Francisco, CA  94104

Alderwoods Group, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Prise

Plaintiff/Petitioner(s)

VS.

Alderwoods Group, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG07334642

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 09/07/2007    TIME: 11:00 AM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
                1221 Oak Street, Oakland

Case Management Conference:
DATE: 10/15/2007    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
                1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6157.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 07/17/2007                                    Executive Officer / Clerk of the Superior Court

By _____

                                                        Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/17/2007.

By _____

                                                        Deputy Clerk

Rosen, Bien & Asaro LLP
Attn:  Rosen, Sanford Jay
315 Montgomery Street
10th Floor
San Francisco, CA   94104

Alderwoods Group, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Prise** | **No. RG07334642** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Alderwoods Group, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   22                          Honorable   Bonnie Sabraw            , Judge

Cause called for: Complex Determination Hearing on September 07, 2007.

The matter was not reported.

There were no appearances; therefore, the Court affirms its tentative ruling.

The Court designates this case as complex pursuant to Rule 1800 et seq. of the California Rules of Court. The matter is assigned for all purposes to Department 22 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, section E to the Appendix to Chapters 4 and 5.

THE INITIAL CMC IS SET FOR 10/23/07 AT 3:00 PM IN DEPT 22.  NOTE DATE AND TIME CHANGE.

Calendar information, filings, and tentative rulings are available to the public at http://www.co.alameda.ca.us/domainweb/.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues:

A.  A statement of the issues presented in the case, including each theory and defense, the facts supporting each position taken in the form of a brief factual summary assisting the Court in understanding the background of the case, the relief sought, including an estimate of damages, and the status of relevant discovery;
B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;
C.  Deadlines and limits on joinder of parties and amended or additional pleadings;
D.  Class discovery and class certification; [added 06-14]
E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;
F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;
G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

---

**Minutes**

M3946730

(1)  unserved parties and the reasons for the failure to serve;
(2)  unserved and/or unfiled cross-complaints;
(3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;
(4)  any possible jurisdictional or venue issues that may arise;
(5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;
(6)  unresolved law and motion matters;
(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;
(8)  severance of issues for trial; and
(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and
H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel to streamline service of process, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Notices will be mailed.


Minutes of    09/07/2007
Entered on    09/07/2007

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

**Minutes**

M3946730

Rosen, Bien & Asaro LLP                          Alderwoods Group, Inc.
Attn:  Rosen, Sanford Jay
315 Montgomery Street
10th Floor
San Francisco, CA   94104

---

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

---

| Prise | | No. <u>RG07334642</u> |
| | Plaintiff/Petitioner(s) | |
| VS. | | Order |
| | | Complaint - Other Employment |
| Alderwoods Group, Inc. | | |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

The Complex Determination Hearing was set for hearing on 09/07/2007 at 11:00 AM in Department 22 before the Honorable Bonnie Sabraw.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court designates this case as complex pursuant to Rule 1800 et seq. of the California Rules of Court.  The matter is assigned for all purposes to Department 22 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, section E to the Appendix to Chapters 4 and 5.

THE INITIAL CMC IS SET FOR 10/23/07 AT 3:00 PM IN DEPT 22.  NOTE DATE AND TIME CHANGE.

Calendar information, filings, and tentative rulings are available to the public at http://www.co.alameda.ca.us/domainweb/.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues:

A.  A statement of the issues presented in the case, including each theory and defense, the facts supporting each position taken in the form of a brief factual summary assisting the Court in understanding the background of the case, the relief sought, including an estimate of damages, and the status of relevant discovery;
B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;
C.  Deadlines and limits on joinder of parties and amended or additional pleadings;
D.  Class discovery and class certification; [added 06-14]
E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;
F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;
G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

---

(1)  unserved parties and the reasons for the failure to serve;

(2)  unserved and/or unfiled cross-complaints;

(3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4)  any possible jurisdictional or venue issues that may arise;

(5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6)  unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel to streamline service of process, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  09/07/2007

_Bonnie Sabraw_
facsimile
_____
Judge Bonnie Sabraw

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07334642
Order After Hearing Re: of 09/07/2007

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 09/07/2007.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

**EXHIBIT C**

1    Sanford Jay Rosen, State Bar No. 62566
     Maria V. Morris, State Bar No. 223903
2    Lori E. Rifkin, State Bar No. 244081
     ROSEN, BIEN & GALVAN, LLP
3    315 Montgomery Street, Tenth Floor
     San Francisco, CA 94104
4    Telephone: (415) 433-6830
     Facsimile:  (415) 433-7104
5    srosen@rbg-law.com

6    [Additional Counsel Listed on Following Page]

7

8    Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

SEP 0 4 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON, Deputy

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF ALAMEDA

| | |
|---|---|
| 11   WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, [see Complaint and Appendices for a listing of plaintiffs] et al., on behalf of themselves and all other employees and former employees similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SERVICE CORPORATION INTERNATIONAL and ALDERWOODS GROUP, INC., <br><br> Defendants. | Case No. RG07334642 <br><br> **CLASS ACTION** <br><br> **AMENDED COMPLAINT** <br><br> **(1) VIOLATION OF CALIFORNIA LABOR LAWS** <br> **(2) FAILURE TO MAINTAIN PROPER RECORDS** <br> **(3) STATE WAGE AND HOUR LAWS** <br> **(4) UNJUST ENRICHMENT/ RESTITUTION** <br> **(5) CONVERSION** <br> **(6) FRAUD AND DECEIT** <br> **(7) MISREPRESENTATION** <br> **(8) BREACH OF CONTRACT** <br> **(9) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br> **(10)  QUANTUM MERUIT** <br> **(11)  UNLAWFUL BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

1   Additional Attorneys for Plaintiffs, who will
    submit applications for admission *pro hac vice*:
2
    J. Nelson Thomas, NY Attorney No. 2579159
3   Patrick J. Solomon, NY Attorney No. 2716660
    Michael J. Lingle, NY Attorney No. 3925765
4   Justin Cordello, NY Attorney No. 4131447
    Annette Gifford, NY Attorney No. 4105870
5   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue
6   Rochester, NY 14607
    Telephone: (585) 272-0540
7   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com
8
    Charles H. Saul, PA State Bar No.19938
9   Liberty J. Weyandt, PA State Bar No. 87654
    MARGOLIS EDELSTEIN
10  525 William Penn Place
    Suite 3300
11  Pittsburgh, PA 15219
    Telephone: (412) 281-4256
12  Facsimile: (412) 642-2380
    csaul@margolisedelstein.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT

**AND NOW** come plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, and file the following Class Action Complaint:

## I.  INTRODUCTION

1.    This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiffs individually, as well as all other employees similarly situated, under the laws of California and other laws of the various States in which defendants do business.

2.    Plaintiffs' state law claims asserted herein were previously dismissed from the United States District Court for the Western District of Pennsylvania on or about June 8, 2007 and have been tolled since that time pursuant to 28 U.S.C. § 1367, as well as the tolling rules applied to class actions.

## II.  JURISDICTION AND VENUE

3.    This Court has jurisdiction over defendants because defendants conduct business in this State.

4.    Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.5 and Corporations Code § 2105.

5.    Upon information and belief, defendant Service Corporation International, Inc. is a foreign corporation which has not obtained a certificate of qualification to do business in California.

6.    Upon information and belief, defendant Alderwoods Group, Inc. is a foreign corporation which has obtained a certificate of qualification to do business in California, but which has not designated a principal place of business within the State of California.

7.    Venue is also proper in this judicial district because defendants maintain and operate one or more business locations, transact business, and/or have agents in Alameda County, as well as in other counties in the State of California, and are otherwise within this Court's jurisdiction for purposes of service of process.  Obligations and/or liabilities of the

1  defendants arose in this County because defendants have contracted to employ or have

2  employed plaintiffs in Alameda County, as well as in other counties in the State of California.

3  Some of the claims in this matter arose from contracts for employment which were to be

4  performed, at least in part, in Alameda County, as well as in other counties in the State of

5  California.  Some of the unlawful acts alleged herein occurred in Alameda County, as well as

6  in other counties in the State of California, and have a direct effect on plaintiffs within

7  Alameda County and within the State of California.

8  **III.   PARTIES**

9    **A. Plaintiffs**

10        8.      The class members ("Class Members") are those employees and former

11  employees of defendants who were suffered or permitted to work by defendants and not paid

12  their regular or statutorily required rate of pay for all hours worked.  Class Members expressly

13  include, among others, those identified in the caption, together with Appendix A and Appendix

14  B to this Complaint.  As more fully set forth in paragraphs 3 and 7, which Class Members

15  incorporate by reference as if fully set forth herein, Class Members' claims are connected to

16  Alameda County as some of those claims arose from contracts to be performed in Alameda

17  County, some of the unlawful acts alleged herein occurred in Alameda County, and some of

18  those acts have a direct effect on Class Members within Alameda County.

19    **B. Defendants**

20        9.      Defendant Service Corporation International ("SCI") is a corporation with its

21  headquarters being at 1929 Allen Parkway, Houston, Texas 77019, which does business in the

22  State of California, and in the County of Alameda.

23        10.     Defendant Alderwoods Group, Inc. ("Alderwoods") is a corporation with its

24  headquarters being at 311 Elms Street, Suite 1000, Cincinnati, Ohio 45202, which does

25  business in the State of California, and in the County of Alameda.

26        11.     Defendants maintain and operate one or more business locations, transact

27  business and/or have agents in Alameda County.  Defendants' obligations and/or liabilities

28  arose in this County, defendants employ or have employed Class Members in Alameda

County, as well as in other counties in California.  Defendants employed Class Members pursuant to contracts for employment which were to be performed, at least in part, in Alameda County, as well as in other counties in California.  Some the unlawful acts alleged herein occurred in Alameda County, as well as in other counties in the State of California, and have a direct effect on Class Members within Alameda County and within the State of California.

12.    At all relevant times, defendants have suffered or permitted Class Members to perform work for them.

### SCI Is Liable to All Class Members

13.    At all relevant times, defendant SCI has suffered or permitted Class Members to perform work for it at its funeral service locations.

14.    At all relevant times, defendant SCI is liable for the employment of Class Members in this action.  This includes liability for Class Members employed by SCI's affiliates, including without limitation Alderwoods (the "SCI Affiliates").

15.    Class Members are or have been employed by SCI and its funeral service locations and/or have been jointly employed by SCI and Alderwoods and their funeral service locations.

16.    SCI operates locations, either directly or through the SCI Affiliates, and therefore is the employer of Class Members who are or were employed at all locations.

17.    At all relevant times, SCI and the SCI Affiliates have suffered or permitted Class Members to perform work for them.

18.    Business operations of the funeral service locations are centrally controlled by SCI.

19.    At all relevant times, SCI maintains centralized control of employment relations.

20.    At all relevant times, the human resource functions of the funeral service locations report directly or indirectly to SCI.

21.    In addition to centralized control of employment relations, SCI exercises common management of its various funeral service locations.

22.    Further, SCI owns all of its funeral service locations and exercises financial control over the business operations of those locations.

23.    Class Members are informed and believe, and therefore allege, that SCI and the SCI Affiliates operate interrelated business operations.

24.    Class Members are informed and believe, and therefore allege, that SCI and the SCI Affiliates exercise central control of labor relations.

25.    Class Members are informed and believe, and therefore allege, that SCI and the SCI Affiliates operate under common management.

26.    Class Members are informed and believe, and therefore allege, SCI and the SCI Affiliates have common ownership and financial control.

27.    In light of the economic realities of the enterprise operated by SCI and the SCI Affiliates, SCI is a joint employer of all Class Members for purposes of state laws.

28.    Collectively, SCI and the SCI Affiliates, and all of their funeral service locations, comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

### SCI and Alderwoods Are Liable to Class Members Employed by Alderwoods

29.    At all relevant times, defendants SCI and Alderwoods have suffered or permitted Class Members to perform work for them.  This includes Class Members employed by Alderwoods's affiliates (the "Alderwoods Affiliates").

30.    Class Members are or have been employed by SCI and Alderwoods and Alderwoods's funeral service locations.

31.    SCI and Alderwoods operate locations, either directly or through the Alderwoods Affiliates, and therefore are the employer of Class Members who are or were employed at all Alderwoods locations.

32.    At all relevant times, the funeral service locations of Alderwoods and the Alderwoods Affiliates have employed Class Members.

33.    Class Members who are or have been employed by Alderwoods and/or its funeral service locations have been jointly employed by SCI and Alderwoods and their funeral service locations.

34.    Class Members are informed and believe, and therefore allege, that Alderwoods, through its shareholders, has adopted the merger agreement by and between Alderwoods and SCI (collectively, "Merged Entities").

35.    Class Members are informed and believe, and therefore allege, that the Merged Entities, under the merger agreement, continue business operations in substantially the same form as before the merger.

36.    Class Members are informed and believe, and therefore allege, that the Merged Entities, under the merger agreement, continue to use substantially the same workforce as before the merger, with substantially the same supervisors and same working conditions.

37.    Class Members are informed and believe, and therefore allege, that the Merged Entities, under the merger agreement, provide essentially the same services as before the merger and use the same facilities, equipment and method of providing services.

38.    Class Members are informed and believe, and therefore allege, that thus, SCI is a successor-in-interest to defendant Alderwoods's liability.

39.    Class Members are informed and believe, and therefore allege, that the Merged Entities, under the merger agreement, operate interrelated business operations.

40.    Class Members are informed and believe, and therefore allege, that the Merged Entities exercise central control of labor relations.

41.    Class Members are informed and believe, and therefore allege, that the Merged Entities operate under common management.

42.    Class Members are informed and believe, and therefore allege, that the Merged Entities have common ownership and financial control.

43.    In light of the economic realities of the Merged Entities' enterprise, defendants are joint employers of Class Members for purposes of state laws.

44.    Collectively, defendants named herein and all of their funeral service locations comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

45.    Business operations of the Alderwoods funeral service locations are centrally controlled by SCI and Alderwoods.

46.    At all relevant times, SCI and Alderwoods maintained centralized control of employment relations at the Alderwoods funeral service locations.

47.    At all relevant times, the human resource functions of the Alderwoods funeral service locations report directly or indirectly to SCI and Alderwoods.

48.    In addition to centralized control of employment relations, Alderwoods and SCI exercise common management of the Alderwoods funeral service locations.

49.    Further, Alderwoods and SCI own all of the Alderwoods funeral service locations and exercise financial control over the business operations of those locations.

IV.    **CLASS ACTION ALLEGATIONS**

50.    The claims arising under the state wage laws set forth below are properly maintainable as a class action under Cal. Civ. Proc. § 382.

51.    Class Members are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

52.    The class size is believed to be over 10,000 employees, a significant percentage of whom are within California.

53.    Common questions of law and fact predominate in this action because the claims of all Class Members are based on whether defendants' practice of not paying nonexempt employees their regular or statutorily required rate of pay for all hours worked violates California state law and the state laws of the various other states in which defendants do business.

54.    Common questions of law and fact include, but are not limited to, the following:

        a.    Whether Class Members are entitled to payment for all of the time they

worked for defendants.

b. Whether Class Members are entitled to payment at overtime rates for all of the time they worked for defendants in excess of 40 hours per week and/or in excess of 8 hours per day.

c. Whether defendants' employment policies violated defendants' legal obligation to pay Class Members for all of the time they worked for defendants.

d. Whether defendants' employment policies violated defendants' legal obligation to pay Class Members at overtime rates for all of the time they worked for defendants in excess of 40 hours per week and/or in excess of 8 hours per day.

e. Whether defendants failed to maintain proper and accurate records regarding Class Members' employment.

55.    The named plaintiffs' claims are typical of, and concurrent to, the claims of Class Members, because they are similarly situated.  The named plaintiffs and all Class Members were subjected to defendants' policies and practices of failing to compensate employees for overtime work.

56.    The named plaintiffs will fairly and adequately represent and protect the interests of Class Members.  The class counsel, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, are qualified and able to litigate Class Members' claims.  The class counsel are experienced in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

57.    There are no known conflicts of interest between and among Class Members.

58.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of permitting, suffering, and/or failing to pay employees their regular or statutorily required rate of pay for all hours

1  worked. Class action treatment will allow those similarly situated persons to litigate their

2  claims in the manner that is most efficient and economical for the parties and the judicial

3  system.

4  **V.    FACTUAL BACKGROUND**

5        59.    Class Members are those employees and former employees of defendants who

6  were suffered or permitted to work by defendants and not paid their regular or statutorily

7  required rate of pay for all hours worked.

8        60.    Defendants' policy and/or practice was to not compensate Class Members their

9  regular or statutorily required rate of pay for work defendants suffered or permitted Class

10  Members to perform.

11        61.    Defendants knew Class Members were supposed to receive such wages,

12  however, defendants willfully failed to pay for all hours when Class Members worked.

13        62.    Defendants' practice is to be deliberately indifferent to violations of the statutory

14  overtime requirements.

15        63.    The failure to pay overtime is willful.

16        64.    Examples of defendants' policies and practices to deprive Class Members of

17  their earned wages and wage premiums are set forth below:

18        a.  Defendants implemented a "Community Work Policy." Under the policy,
           defendants suffered or permitted their employees to perform "Community
19         Work" so as to increase revenues for defendants. Defendants did not
           compensate the employees for such time spent in Community Work in
20         furtherance of the employer's business under the "Community Work Policy."

21
           b.  Defendants implemented an "On Call Pay Policy." Under the policy,
22         employees were suffered or permitted to perform work by handling calls and
           other work related issues after normal business hours, but defendants would
23         not compensate employees for work performed outside the regular workday,
           off-site from the funeral home.
24

25         c.  Defendants' policy required that certain hourly employees train for and obtain
           certain licenses. Defendants did not pay for the training, test taking and
26         continuing education requirements for those licenses despite suffering or
           permitting employees to perform such work.
27

28         d.  Defendants' policy required that certain hourly employees take other types of

training. Defendants did not pay for such training, despite suffering or permitting employees to perform such work.

e. Defendants implemented a "Pre-Needs Appointment Policy." Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were beyond the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not to be paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

f. Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants no longer paid for lunch breaks. Defendants did, however, suffer and permit its employees to perform work during such meal breaks, but pursuant to defendant's "Meal Break Deduction Policy" time spent on meal "breaks" was still to be deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

g. Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

h. Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted Class Members to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

i. Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of the Class Members' overtime.

65. Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment.

66.    More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

## FIRST CAUSE OF ACTION

**VIOLATION OF CALIFORNIA LABOR LAWS (by all plaintiffs against all defendants)**

67.    Class Members hereby incorporate by reference paragraphs 1 through 66 of this Complaint as if fully set forth herein.

**Failure to Pay Overtime Compensation**

68.    Defendants willfully violated their obligations under California law, including those under California Labor Code §1194, *et seq.*, by failing to pay Class Members the legal overtime compensation applicable to Class Members.

69.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation**

70.    Defendants willfully violated their obligations under California law, including those under California Labor Code § 201, *et seq.*, by willfully failing to pay Class Members who have been discharged or laid off all wages earned and unpaid at the time of discharge or layoff.

71.    Defendants willfully violated their obligations under California law, including those under California Labor Code § 202, *et seq.*, by willfully failing to pay Class Members who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours thereafter.

72.    Defendants did not pay Class Members who were discharged, were laid off or resigned their regular or statutorily required rate of pay for all hours worked, as required by California law.  Defendants' failure to pay those amounts is ongoing.

73.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

74.    Defendants are liable to Class Members for civil penalties, pursuant to California Labor Code § 203, in the amounts set forth therein.

**Failure to Provide Required Meal and Rest Periods**

75.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226.7 and 512, *et seq.*, by willfully failing to provide Class Members with legally required meal and rest periods.

76.    Defendants repeatedly and regularly interrupted Class Members' meal and rest periods and/or required Class Members to forego their meal and rest periods.

77.    Defendants failed to compensate Class Members for missed meal and rest breaks.

78.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Furnish Timely and Accurate Wage Statements**

79.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226(a) and 226.3, *et seq.*, by willfully failing to provide Class Members with timely and accurate wage statements as required by California law.

80.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

81.    Wherefore, Class Members request relief as described below.

### SECOND CAUSE OF ACTION

**FAILURE TO MAINTAIN PROPER RECORDS (by all plaintiffs against all defendants)**

82.    Class Members hereby incorporate by reference paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83.    Defendants willfully violated their obligations under California law, including those under  California Labor Code § 1174, *et seq.*, by failing to make, keep, and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment; more specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day,

the total hours worked each work week, and/or the total overtime compensation for each work week.

84.    Defendants are liable to Class Members for civil penalties, pursuant to California Labor Code §§ 1174.5 and 2698, *et seq.*, in the amounts set forth therein.

85.    Wherefore, Class Members request relief as described below.

## THIRD CAUSE OF ACTION

### STATE WAGE AND HOUR LAWS (by all plaintiffs against all defendants)

86.    Class Members hereby incorporate by reference paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.    Defendants willfully violated their obligations to properly compensate Class Members under the wage laws of the states in which defendants do business including:

a.  Alaska Stat. § 23.10.050, *et seq.*;

b.  Arizona Rev. Stat. § 23-201, *et seq.*;

c.  Arkansas Code § 11-4-201, *et seq.*;

d.  Colorado Rev. Stat. § 8-6-101, *et seq.*; Colorado Code Regs. § 1103-1, *et seq.*;

e.  Connecticut Gen. Stat. § 31-58, *et seq.*;

f.  820 Illinois Comp. Stat. 105/1, *et seq.*; 820 Illinois Comp. Stat. 105/12(a); 820 Illinois Comp. Stat. 115/1, *et seq.*;

g.  Indiana Code § 22-2-2-1, *et seq.*; Indiana Code § 22-2-2-4, *et seq.*; Indiana Code § 22-2-5-1, *et seq.*; Indiana Code § 22-2-9-2, *et seq.*;

h.  Kansas Stat. § 44-1201, *et seq.*;

i.  Louisiana Rev. Stat. § 23:631, *et seq.*;

j.  Maryland Code, Lab. & Empl. § 3-401, *et seq.*;

k.  Massachusetts Gen. Laws Ch. 151, § 1, *et seq.*; Massachusetts Gen. Laws Ch. 149, § 148, *et seq.*; Massachusetts Gen. Laws Ch. 149, § 100, *et seq.*;

l.  Michigan Comp. Laws § 408.381, *et seq.*;

m.  Minnesota Stat. § 177.21, *et seq.*; Minnesota Stat. § 181.13, *et seq.*;

n.  Montana Code § 39-3-401, *et seq.*;

o.  Nevada Rev. Stat. § 608.005, *et seq.*;

p.  New Jersey Stat. § 34.11-56a, *et seq.*;

q.  New Mexico Stat. § 50-4-1, *et seq.*;

r.  New York Lab. Law § 160, *et seq.*;

s.  North Carolina Gen. Stat. § 95-25.1, *et seq.*;

t.  Ohio Rev. Code § 4111.01, *et seq.*;

u.  Oregon Rev. Stat. § 653.005, *et seq.*;

v.  43 Pennsylvania Stat. § 333.101, *et seq.*;  43 Pennsylvania Stat. § 206.3, *et seq.*;

w.  29 Laws of Puerto Rico §250, *et seq.*;

x.  Rhode Island Gen. Laws § 28-12-1, *et seq.*;

y.  South Carolina Code § 41-10-10, *et seq.*;

z.  Washington Rev. Code § 49.46.005, *et seq.*;

aa. West Virginia Code § 21-5C-1, *et seq.*;

bb. Wisconsin Stat. § 104.001, *et seq.*

88.    As a direct and proximate cause of defendants' violations of these statutes, Class Members have suffered damages.

89.    Wherefore, Class Members request relief as described below.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT/RESTITUTION (by all plaintiffs against all defendants)

90.    Class Members hereby incorporate by reference paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.    Defendants have received financial gain at the expense of Class Members.

92.    Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit at the expense of Class Members.

93.    Defendants' willful failure to pay overtime wages for work performed for defendants has unjustly enriched defendants to the detriment of Class Members. As a result of this conduct, the common laws and state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia, imply a contract obligating defendants to make restitution to Class Members, in the amount by which, in equity and good conscience, defendants have been unjustly enriched.

94.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

95.    Wherefore, Class Members request relief as described below.

### FIFTH CAUSE OF ACTION
### CONVERSION (by all plaintiffs against all defendants)

96.    Class Members hereby incorporate by reference paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97.    At all relevant times, defendants had and continued to have a legal obligation to pay Class Members all earnings and overtime due. The wages belong to Class Members as of the time the labor and services were provided to defendants and, accordingly, the wages for services performed are the property of the Class Members.

98.    In refusing to pay wages and overtime to Class Members, defendants knowingly, unlawfully and intentionally took, appropriated and converted the wages and overtime earned by Class Members for defendants' own use, purpose and benefit. At the time the conversion took place, Class Members were entitled to immediate possession of the amount of wages and

overtime earned.  As a result, Class Members have been denied the use and enjoyment of their property and have been otherwise damaged in an amount to be proven at trial.  This conversion was willful, oppressive, malicious, and fraudulent and/or done with conscious disregard of the rights of the Class Members.  This conversion was concealed from Class Members.

99.     Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

100.    As a result of defendants' actions, Class Members were damaged and are entitled to all funds converted by defendants with interest thereon, all profits resulting from such conversion, and punitive or exemplary damages.

101.    Wherefore, Class Members request relief as described below.

## SIXTH CAUSE OF ACTION

### FRAUD AND DECEIT (by all plaintiffs against all defendants)

102.    Class Members hereby incorporate by reference paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103.    Defendants, through their corporate publications and through statements of their agents, represented that wages would be paid legally and in accordance with defendants' obligations pursuant to applicable federal and state laws.  Some examples include defendants' statements in their policy manuals that "[a]ll non-exempt employees will be compensated for all hours worked" and that defendants "will comply with all applicable federal, state and local laws.  If any of the provisions of this policy conflict with any federal, state or local laws or regulations, then the laws or regulations will supersede the Company's policy in those specific locations."

104. Defendants, however, at all times intended to violate applicable federal and state laws by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

105. These misrepresentations were material to the terms of Class Members' employment contracts, and Class Members relied on the misrepresentations in agreeing to accept and continue employment with defendants. This reliance was reasonable, as Class Members had every right to believe that defendants would abide by their obligations pursuant to applicable federal and state law.

106. Defendants willfully violated their obligations by committing fraud against Class Members under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

107. As a direct and proximate cause of the fraud committed by defendants, Class Members did not receive the statutorily mandated wages for overtime and suffered damages.

108. Defendants acted maliciously when they committed the wrongful acts which constitute this cause of action such that it warrants the imposition of punitive and exemplary damages.

109. Wherefore, Class Members request relief as described below.

## SEVENTH CAUSE OF ACTION

### MISREPRESENTATION (by all plaintiffs against all defendants)

110. Class Members hereby incorporate by reference paragraphs 1 through 109 of this Complaint as if fully set forth herein.

111. In particular, Class Members incorporate and refer to paragraphs 103 through 105 above, regarding the material misrepresentations made by defendants.

1    112.   When defendants hired Class Members, they represented to Class Members that
2  they would be fully compensated for all services performed, as more fully set forth above.

3    113.   There was no reasonable basis for defendants to believe these representations
4  because defendants had a continuing practice and policy of failing to pay their employees their
5  regular or statutorily required rate of pay for all hours worked.

6    114.   Class Members relied upon defendants' representations by performing work and
7  services for defendants.  This reliance was reasonable, as Class Members had every right to
8  believe that defendants would abide by their obligations pursuant to applicable federal and
9  state law.

10    115.   Defendants willfully violated their obligations under the common laws and the
11  state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,
12  Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts,
13  Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico,
14  New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode
15  Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia by
16  misrepresenting to Class Members that they would be fully compensated for all services
17  performed and are liable to Class Members.

18    116.   As a result of their reliance upon defendants' misrepresentations, Class Members
19  suffered damages because they were not appropriately compensated with the regular or
20  statutorily required rate of pay for all hours worked.

21    117.   As a direct and proximate result of defendants' negligent misrepresentation,
22  Class Members suffered damages.

23    118.   Wherefore, Class Members request relief as described below.

### EIGHTH CAUSE OF ACTION

### BREACH OF CONTRACT (by all plaintiffs against all defendants)

26    119.   Class Members hereby incorporate by reference paragraphs 1 through 118 of this
27  Complaint as if fully set forth herein.

28

120.    By entering into an employment relationship, defendants and each Class Member entered into a contract for employment.

121.    Each such contract included an implied or express term that defendants agreed to fulfill all of their obligations pursuant to applicable state and federal law.

122.    Defendants willfully breached the implied contract term by failing to pay Class Members for all of the time Class Members worked and by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

123.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

124.    As a direct and proximate cause of defendants' breach of their contracts with Class Members, Class Members have suffered damages.

125.    Wherefore, Class Members request relief as described below.

## NINTH CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
#### (by all plaintiffs against all defendants)

126.    Class Members hereby incorporate by reference paragraphs 1 through 125 of this Complaint as if fully set forth herein.

127.    The unwritten contract for at-will employment between Class Members and defendants contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the employment contract fairly and in good faith and to refrain from doing any act that would violate any state or federal law governing the employment relationship or any act that would deprive Class Members of the benefits of the contract.

128.    Defendants breached the implied covenant of good faith and fair dealing by failing to pay Class Members the wages and overtime that was due to Class Members.

129.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

130.    As a direct and proximate cause of defendants' breach of the implied covenant of good faith and fair dealing, Class Members have suffered damages.

131.    Wherefore, Class Members request relief as described below.

## TENTH CAUSE OF ACTION

### QUANTUM MERUIT (by all plaintiffs against all defendants)

132.    Class Members hereby incorporate by reference paragraphs 1 through 131 of this Complaint as if fully set forth herein.

133.    Defendants willfully violated their obligations by failing to pay Class Members for the reasonable value of the services performed by Class Members for defendants under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members under quantum meruit.

134.    As a direct and proximate cause of defendants' failure to pay Class Members for the reasonable value of services performed by Class Members for defendants, Class Members suffered damages.

135.    Wherefore, Class Members request relief as described below.

## ELEVENTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES (by all plaintiffs against all defendants)

136.   Class Members hereby incorporate by reference paragraphs 1 through 135 of this Complaint as if fully set forth herein.

137.   Defendants' failure to pay Class Members for all time worked constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code § 17200, *et seq*.

138.   The conduct of defendants in failing to pay Class Members for all time worked constitutes and was intended to constitute unfair competition and unlawful unfair and fraudulent business acts and practices within the meaning of California Business and Professional Code § 17200, *et seq*.

139.   As a result of defendants' violations of California Business and Professional Code § 17200, *et seq*., defendants have unjustly enriched themselves at the expense of Class Members.

140.   To prevent their unjust enrichment, defendants should be required, pursuant to California Business and Professional Code §§ 17203 and 17204, to disgorge their illegal gains for purpose of making full restitution to all injured Class Members.  Defendants should also be permanently enjoined from continuing their violations of California Business and Professional Code § 17200, *et seq*.

141.   Defendants willfully violated their obligations under the California Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.) and are liable to Class Members.

142.   Wherefore, Class Members request relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Class Members demand judgment against defendants in their favor and that they be given the following relief:

(a)   an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)     an award of the value of Class Members' unpaid wages;

(c)     liquidated, compensatory, consequential and punitive damages;

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Class Members' rights;

(e)     an award of pre- and post-judgment interest; and

(f)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Class Members demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

ROSEN, BIEN & GALVAN, LLP

Date: September 4, 2007

By: _Maria Morris_

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Justin Cordello, NY Attorney No. 4131447
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Attorneys for Plaintiffs

1

## APPENDIX A

2

**Due to local rules requiring that the caption fit onto a single page, not all plaintiffs have been listed in the caption.**

3

ROBERT CHERNETSKY, JEFFREY AYDELOTTE, ROBERT JONES, JAMES STICKLE,
4    HENRY KLEIN, STACEY WEINSTEIN, JEFFREY SACHS, JOHNNY COLEMAN, JOHN
KEATH, CHAD WICKHAM, CLAYTON CALLOWAY, EMILY MADDEN, LORI
5    PHOENIX, JAMES CROUCH, JOHNNY JOHNSON, RICKIE HAMILTON, SANDY
THOMAS, ROGER HUGO, ROBERT SHAW, BETTY KNIGHT, STEPHANIE RIGGS,
6    CLAUDINE YOUNG, LARRY HAMMOCK, STEVEN TILLER, STROTHER FULCHER,
MARY HOLDEN, JAMES STARK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**APPENDIX B**

2

**Due to local rules requiring that the caption fit onto a single page, not all plaintiffs have been listed in the caption.**

3

Consent forms are attached in this Appendix for the following individuals:

4

5 ROBERT A. ACEVEZ, FREDERICK R. ALDRICH, MERLIN ALEXANDER, KENNETH R. ALLEN, ELIAS ALVIDREZ, STEVEN A. ARNOLD, JAMES A. BAASCH, ROBERT

6 BOWEN, MICHELE BREINDEL, MARC BROOKS, LAWRENCE F. CAMP, WILLIAM CASTELLARIN, DEBBIE K. CHATMAN (BRANDT), COREY W. CLARY, KATHRYN

7 COSPER, DIANE CRAIG, JEFFREY A. DIGGS, KATHRYN DILDY, LOUIE DOMINGUEZ, MARC A. DUMONT, JAMES C. DURDEN, SCOTT J. ECKERT, STEPHEN

8 ESCOBAR, LARRY FAIR, JOHN R. FERGUSON, DARIN D. FORAN, ROBERT IDEMOTO, KENNETH GIACONE, ELIZABETH M. GRANT, JUDONA M. GREEN,

9 WILLIAM O. GWYN, LINDA T. HAGERTY, DOUGLAS HAZEN, CARRIE HENDERSON, JAMES HENDERSON, BERNARD M. HIRREL, JAMES HOLDER,

10 RHAELYN HOLLAND, WILLIAM HUDSON III, JULIUS E. JOHNSON, WILTON KING, EDDIE KIRKPATRICK, W. SCOTT KOLWYCK, RONALD LANGLEY, FRANK LEWIS,

11 CHARLES LOWTHER, SARAH MALMI, STEVEN L. MARTZ, EUGENIA C. MATTHEWS, NICK MCFERRAN, PAUL D. MEIZLER, HAROLD E. METCALF,

12 MICHAEL NAPERALSKY, MARVIN L. NEVEU, SEAN J. OBERSKI, RICHARD E. PETERSEN, STEVEN PIERCE, J.D. POOL, MELISSA RAY, JACK L. REDDICK, DENNIS

13 ROBERTSON, RICHARD E. SALHUS, JOHN SCHABLOSKI, DAVID SCHNELL, WARREN L. SEIZ, WILLIAM H. SHUFF, MARK SILEO, HOLLY SLAMOWITZ, MYRA

14 S. SLOAN, MONECIA SMITH, JODY P. SPIESE, MIKAL STAMPKE, FRANCIS STEINHOFF, GREGORY STUMP, TORREY SUMMERS, WILLIAM T. SUTTER III,

15 JOSEPH G. TAFOYA JR., STEPHEN TAKESIAN, JERRY TAWNEY, TORI TAYLOR, PHILIP R. TILLMAN, FLORINDA D. TREJO, GAYLE WALKER, DAVID W. WALLACE,

16 ERIC WALLAND, JAMES WHALEY, GEORGE T. WHITE, BARRY WIEN, DAVID WYATT, JOHN S. ZALESKI

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
3  Roseville, CA  95661-3805
   Telephone    (916) 797-3100
4  Facsimile    (916) 797-3131

5  AMY E. DIAS (pro hac vice motion pending)
   JONES DAY
6  500 Grant Street, Suite 3100
   Pittsburg, PA 15219-2502
7  Telephone:   (412) 391-3939
   Facsimile:   (412) 384-7959
8
   MATTHEW W. LAMPE (pro hac vice motion pending)
9  JONES DAY
   325 John H. McConnell Boulevard, Suite 600
10 Columbus, OH 43216-5017
   Telephone:   (614) 469-3939
11 Facsimile:   (614) 461-4198

12 Attorneys for Defendants
   ALDERWOODS GROUP, INC. and
13 SERVICE CORPORATION INTERNATIONAL

14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17 Deborah Prise, et al., on behalf of          )   No.
18 themselves and all other employees           )
   similarly situated,                          )
19                                              )   **DECLARATION OF JUDITH MARSHALL**
                                                )
20              Plaintiffs,                      )
           vs.                                  )
21                                              )
   Alderwoods Group, Inc., et al.              )
22                                              )
                                                )
23              Defendants.                      )
                                                )
24

25

26

27

28

                               1

─────────────────────────────────────────────────────
                 DECLARATION OF JUDITH MARSHALL

1    I, Judith Marshall, declare and state as follows:

2    1.    I am employed by SCI Funeral & Cemetery Purchasing Cooperative,

3    Inc. (the "Cooperative") in the position of Senior Legal Assistant.  The following is

4    based on records maintained in the ordinary course of business and, if called upon

5    to do so, I could and would testify competently thereto.

6    2.    As part of my job duties, I made an inquiry to the Cooperative's

7    Human Resources Department regarding the number of current employees who

8    hold non-exempt positions.  As of September 1, 2007, Alderwoods Group, Inc. and

9    Service Corporation International's subsidiaries collectively employed

10   approximately 15,966 non-exempt employees in the United States.

11   This declaration is made in accordance with 28 U.S.C. § 1746 and I declare

12   under penalty of perjury under the laws of the United States that the foregoing is

13   true and correct.

14   October 3, 2007

15                                            _Judith Marshall_____

16                                            Judith Marshall

17   COI-1377527v1

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF PLACER:

I am a citizen of the United States. My business address is 2240 Douglas Boulevard, Suite 150, Roseville, California 95661. I am employed in the County of Placer where this mailing occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

| 1. | DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT |
|----|---------------------------------------------------------------|

on said date at my place of business, a true copy thereof enclosed in a sealed envelope prepaid for first-class mail for collection and mailing that same day in the ordinary course of business, addressed to the parties as follows:

Sanford Jay Rosen
Rosen, Bien & Galvan, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA94014
415-433-6830
415-433-7104

Amy E. Dias
Jones Day
500 Grant Street, Suite 3100
Pittsburg, PA 15219-2502
412-391-3939
412-394-7959

J. Nelson Thomas
Dolin, Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607
585-272-0540
585-272-0574

Matthew W. Lampe
Jones Day
Post Office Box 165017
Columbus, OH 43216-5017
614-469-3939
614-461-4198

Charles H. Saul
Margolis Edelstein
525 William Penn Place, Suite 3300
Pittsburg, PA 15219

Attorneys for Defendant

Attorneys for Plaintiff

[X]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Roseville, California.

[]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[]    (BY ELECTRONIC TRANSMISSION) I caused such document(s) to be sent electronically to the above named at the e-mail addresses indicated.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the
       above is true and correct.

       Executed on October 5, 2007, at Roseville, California.

       _Candace Nelson_
       CANDACE NELSON