STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone    (916) 797-3100
Facsimile    (916) 797-3131

AMY E. DIAS (pro hac vice motion pending)
JONES DAY
500 Grant Street, Suite 3100
Pittsburg, PA 15219-2502
Telephone:    (412) 391-3939
Facsimile:    (412) 384-7959

MATTHEW W. LAMPE (pro hac vice motion pending)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43216-5017
Telephone:    (614) 469-3939
Facsimile:    (614) 461-4198

Attorneys for Defendants
ALDERWOODS GROUP, INC. and
SERVICE CORPORATION INTERNATIONAL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah Prise, et al., on behalf of themselves and all other employees similarly situated, | ) )  No.  C 07-05140 EDL |
| Plaintiffs,<br><br>vs.<br><br>Alderwoods Group, Inc., et al.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.  C 07-05140 EDL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Date:    December 4, 2007
Time:    9:00 a.m.
Ctrm:    E

Trial Date:    None Set

**POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION TO DISMISS Case No. C 07-05140 EDL**

TABLE OF CONTENTS

I.      INTRODUCTION      .................................................................................1

II.     BACKGROUND      ....................................................................................3

III.    ARGUMENT      ........................................................................................4

      A.     Plaintiff's Rule 23 Class Allegations And Certification Request Should be

           Dismissed for Failure to Satisfy the Requirements of Rule 23................................4

           1.     Plaintiffs Cannot Certify A Class Under Rule 23 Because they

                Cannot Establish That There Are Common Issues Or That Common

                Issues Predominate Where the court Would Be Required to Apply

                The Laws of 38 Jurisdiction.........................................................................5

           2.     Plaintiffs Cannot Certify a Class Under Rule 23(b)(1) Because They

                Cannot Establish A Risk of Inconsistent Judgments Nor That There

                Is A Limited Pool of Funds........................................................................9

           3.     Plaintiffs Cannot Certify A Class Under rule 23(b)(2) Because

                Montegary Relief Predominates Over Any Request for Injunctive

                Relief  ..................................................................................................11

      B.     Plaintiffs' Rule 23 Claims Are Incompatible With A Section 216(b) Action And

           Must Therefore Be Dismissed...................................................................................12

      C.     Plaintiffs' Claims Against SCI Should Be Dismissed Because SCI Is Not

           An Employer and Is Note A Successor-In-Interest To Alderwoods'

           Liability      ..............................................................................................16

      D.     Plaintiffs' First and Second Causes of Action Should Be Dismissed Because

           They Have Failed to Comply with California Labor Code Section 2699..............19

IV.    CONCLUSION...................................................................................................................21

TABLE OF AUTHORITIES

**Cases**

*Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) ....................................................................................... 16

*Allison v. Citgo Pet. Corp.,* 151 F.3d 402, 411 (5th Cir. 1998) ................................... 11, 12

*Caliber Bodyworks, Inc, v. Superior Court, (2005) 134 Cal.App.4th 365* .......................... 20

*Chao v. A-One Med. Serv., Inc.*, 346 F.3d 908, 920-923 (9th Cir. 2003) ......................... 14

*Church v. Consolidated Freightways, Inc.*, No. C-90-2290, 1991 WL 284083 (N.D. Cal. June 14, 1991) ....................................................................................................... 7, 9

*Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) ........................................... 8

*Coleman v. General Motors Acceptance Corp.,* 296 F.3d 443, 448 (6th Cir. 2002 ........... 11

*Edwards v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at *10 (C.D. Cal. Dec. 12, 2006) ........................................................................... 5, 13, 14, 15

*Glewwe v. Eastman Kodak Co.*, No. 05-CV-6462T, 2006 U.S. Dist. LEXIS 33449 at *7 (W.D.N.Y. May 25, 2006) ......................................................................................... 1, 4

*Glewwe v. The Eastman Kodak Co.*, 2006 WL 1455476 (W.D.N.Y. May 25, 2006) .......... 6

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653-54 (C.D. Cal. Dec. 12, 1996) .................... 7

*Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11, 2006) ...................................................................................................... 5, 13

*Himmelman v. Continental Cas. Co.,* No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J. Aug. 11, 2006) ........................................................................................ 4, 13

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) ................................. 12, 15

*Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) ........................................................................................... 16

*In re Currency Conversion Fee Antitrust Litigation*, 230 F.R.D. 303, 312 (S.D.N.Y. 2004) 7

*In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005) .................................... 10

*In re: Paxil Litigation*, 212 F.R.D. 539 (C.D. Cal. Jan. 10, 2003) ..................................... 8

*Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975)..................................5, 16

*Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977) ("Rule 23 and § 216(b)

..........................................................................................................................13

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).......................13, 15

*Letouzel v. The Eastman Kodak Co.*, 2006 WL 1455478 (W.D.N.Y. May 25, 2006).........6

*Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004). ...............13

*Lewis v. Ward*, 852 A.2d 896, 906 (Del. Super. Ct. 2004) ...............................................18

*Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477 (W.D.N.Y. May 25, 2006)..........6

*Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist. LEXIS 15325 at *9 (E.D.

Wash. July 27, 1981)...................................................................................................13

*McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) .....................12, 14

*McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.,* 523 F.2d 1083, 1086 (9th Cir. 1975)

..........................................................................................................................10

*Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006).................16

*Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa.

2006) ..........................................................................................................................19

*Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005) ................18

*Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990). ..............................................11

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999) .....................................................10

*Otto v. Pocono Health Sys.,* 457 F.Supp.2d 522 (M.D. Pa. 2006 ..........................4, 14, 15

*Parks Automotive Group, Inc. v. General Motors Corp.*, 237 F.R.D. 567 (D. S.C. 2006)...8

*Prise, et al. v. Alderwoods Group, Inc., et al*, Case No. 2:06-cv-01470-JFC, Docket No.

33 ..........................................................................................................................18

*Sepulveda v. Wal-Mart Stores, Inc.*, 245 F.R.D. 229, 245 (C.D. Cal. 2006) ...............9, 10

*Tran v. Le French Baker, Inc.*, No. C-94-0482 VRW, 1995 U.S. Dist. LEXIS 8371 (N.D.

Cal. 1995).........................................................................................................14

*United States v. Bestfoods*, 524 U.S. 51, 61 (1998) .......................................................18

*Zinser v. Accuflix Research Inst.*, 253 F.3d 1180, 1188-90 (9th Cir. 2001 ...............2, 7, 10

*Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)............................................................... 19

**Statutes**

F.R.C. P. Rule 23..................................................................1, 2, 3, 4, 5, 12, 13, 14, 15, 21

F.R.C.P. Rule 12(b)(6) ...................................................................................... 4, 5, 12

F.R.C.P. Rule 12(f) ................................................................................................. 12

F.R.C.P. Rule 23(a).......................................................................................... 5, 6, 9

F.R.C.P. Rule 23(a)(2) ................................................................................2, 5, 9, 12

F.R.C.P. Rule 23(b)............................................................................................6, 9

F.R.C.P. Rule 23(b)(1)...............................................................................2, 6, 9, 11

F.R.C.P. Rule 23(b)(2) ...........................................................................2, 6, 11, 12

F.R.C.P. Rule 23(b)(3) ........................................................................................2, 5

F.R.C.P. Rule 23(c)(1) ...........................................................................................4

F.R.C.P. Section 23(b)....................................................................................5, 12

F.R.C.P. Section 23(d) ..........................................................................................16

F.R.C.P. Section Rule 23(b)(1)(A) .......................................................................9, 10

F.R.C.P. Section Rule 23(b)(1)(B) .......................................................................9, 10

F.R.C.P. Section Rule 23(b)(3) ...........................................................................5, 9

F.R.C.P. Section Rule 23(c).................................................................................16

Fair Labor Standards Act Section 216(b).......................................1, 2, 3, 4, 12, 14, 13, 15

Labor Code Section 2699 .................................................................................19, 20

Labor Code Section 2699.3(a)(1).............................................................................20

Labor Code Section 2699.3(a)(2)(A).........................................................................20

Labor Code Section 2699.3(a)(2)(B).........................................................................20

Labor Code Section 2699.5 ....................................................................................19

**Other Authorities**

5 Moore's Federal Practice § 23.42 ................................................................11

Balotti and Finkelstein, The Delaware Law of Corporations and Business Organizations §
   9.7 (Aspen Law & Business 1998) ................................................................18

Civil Rights Act of 1964 ................................................................18

Civil Rights Act of 1991 ................................................................18

Equal Pay Act, 29 U.S.C. § 206 ................................................................18

Private Attorney General Act of 2004................................................................19

## I.    INTRODUCTION

On December 8, 2006, Plaintiffs Deborah Prise ("Prise") and Heather Rady ("Rady") filed a complaint in the U.S. District Court for the Western District of Pennsylvania alleging that Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI") violated the Fair Labor Standards Act and the wage and hour laws of 38 states and territories by failing to compensate employees for overtime, missed meal and break periods, and certain types of off-the-clock work that they allegedly performed.  Prise and Rady sought to certify both a collective action under FLSA Section 216(b), and a class action for their state claims under Rule 23 of the Federal Rules of Civil Procedure.  The District Court denied Plaintiffs' motions for collective action notification to purported SCI employees on two occasions, on April 19, 2007 and on September 6, 2007, finding that SCI was a holding company, and not an employer against whom a class could be certified.  Plaintiffs' Rule 23 claims were dismissed on June 8, 2007 when the District Court declined to assert supplemental jurisdiction over the state law claims.

Now, Prise and Rady, along with more than a hundred additional named plaintiffs (collectively "Plaintiffs"), seek to bring in this Court claims against both SCI and Alderwoods covering 38 states and territories, and seek to certify those claims in a single class action.  However, Plaintiffs can maintain neither their Rule 23 class claims nor their claims against SCI in this action and both should be dismissed from this case.

First, Plaintiffs' class claims must be dismissed.  It is well established that a court may dismiss class claims pursuant to Rule 12(b)(6) where a plaintiff cannot meet Rule 23's requirements.  *See, e.g., Glewwe v. Eastman Kodak Co.*, No. 05-CV-6462T, 2006 U.S. Dist. LEXIS 33449 at *7 (W.D.N.Y. May 25, 2006).  Here, Plaintiffs cannot certify a class under Rule

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                                    **Page 1**

23(a)(2) or (b)(3) because common issues do not exist and the class method is not superior where the Court would be required to engage in a conflict of law analysis, and potentially interpret the laws, of 38 states and territories. *See, e.g., Zinser v. Accuflix Research Inst.*, 253 F.3d 1180, 1188-90 (9th Cir. 2001). Plaintiffs also cannot certify a class under Rule 23(b)(1) because they cannot establish that there is a risk of inconsistent judgments or a limited pool of funds. And Plaintiffs certainly cannot certify a class under Rule 23(b)(2) since their claims for compensatory damages clearly predominate over any request for injunctive relief because this Court would be required to perform individual damages calculations for each Plaintiff's wage and hour claims.

Plaintiffs' class claims also must be dismissed for the separate and independent reason that their request for Rule 23 certification is, to quote one court, "inherently incompatible" with their Section 216(b) FLSA collective action in the Western District of Pennsylvania. Courts routinely deny Rule 23 class certification where plaintiffs also seek collective action certification under Section 216(b) because Rule 23 class actions thwart the purpose of the collective action, and create confusion for class members who receive both opt-in and opt-out notices.

Second, Plaintiffs' claims against SCI must be dismissed in their entirety. As the U.S. District Court for the Western District of Pennsylvania determined, SCI is a holding company without any employees, and thus is not a proper defendant in this wage and hour litigation. In addition, Plaintiffs have no "successor-in-interest" claim against SCI because Alderwoods still exists and SCI is only a parent company of the entity that acquired Alderwoods.

Accordingly, for the reasons described in detail below, Defendants respectfully request that this Court issue an order dismissing and/or striking Plaintiffs' Rule 23 class certification allegations (specifically, First Amended Compl., ("FAC") ¶¶ 8, 50-58; and all references to "Class

Members" and "Subclasses" contained in the First Amended Complaint), and dismissing SCI from this case with prejudice.

## II.    BACKGROUND

On December 8, 2006, Prise and Rady filed a complaint against Alderwoods and SCI in the U.S. District Court for the Western District of Pennsylvania alleging violations of the Fair Labor Standards Act of 1938 (Counts I-II) and the statutory and common laws of 38 states and territories, including California (Counts III-IX). They brought their claims in the Western District of Pennsylvania based on their allegations that they were former employees of Alderwoods (but not SCI) in that judicial district and that the Defendants did business in that district. They sought to bring a collective action pursuant to FLSA Section 216(b) for their FLSA claims and a Rule 23 class action for their state law claims. On April 19, 2007, and again on September 6, 2007, the Honorable Judge Joy Flowers Conti denied Prise's and Rady's motion for FLSA collective action certification and expedited notice as to SCI employees, finding that SCI is a holding company that did not have any employees. Judge Conti granted-in-part and denied-in-part their motion with respect to Alderwoods' employees, limiting notice to only seven job titles. On June 8, 2007, Judge Conti dismissed Prise's and Rady's Rule 23 class allegations, finding that it was inappropriate to exercise supplemental jurisdiction over the state law claims where such claims would overwhelm the FLSA claims that were the basis for federal jurisdiction.

Prise and Rady, along with more than 100 other named plaintiffs filed the instant lawsuit on July 9, 2007. In the First Amended Complaint, Plaintiffs acknowledge that "the state law claims asserted herein were previously dismissed from the United States District Court for the Western District of Pennsylvania on or about June 8, 2007." (FAC ¶ 2.) Indeed, Plaintiffs allege here the exact same state law causes of action previously dismissed by the Western District of Pennsylvania

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                              **Page 3**

– including claims for state wage and hour law (third cause of action), unjust enrichment/restitution (fourth cause of action) fraud and deceit (sixth cause of action), misrepresentation (seventh cause of action) breach of contract (eighth cause of action) and quantum meruit (tenth cause of action) – plus claims for violations of the California Labor Code and Business and Professions Code.  Plaintiffs' Complaint seeks to certify a class of the exact same employees that they sought to cover in their collective action in the Western District of Pennsylvania.

## III.    ARGUMENT

### A.    Plaintiffs' Rule 23 Class Allegations And Certification Request Should Be Dismissed For Failure To Satisfy The Requirements Of Rule 23.

Plaintiffs' class allegations and certification request must be dismissed because it is clear, even at this stage of the litigation, that Plaintiffs' proposed class or subclasses cannot meet the requirements for a viable class pursuant to Rule 23.  Although Plaintiffs have not yet moved for class certification, "courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class.  In fact, Rule 23(c)(1) encourages courts to 'at an early practicable time determine by order whether to certify the action as a class action.'" *Glewwe*, 2006 U.S. Dist. LEXIS 33449 at *7 (internal citations omitted).  Accordingly, many district courts have appropriately dismissed deficient Rule 23 class allegations pursuant to Rule 12(b)(6).  *See, e.g., Otto v. Pocono Health Sys.,* 457 F.Supp.2d 522 (M.D. Pa. 2006) (granting motion to dismiss plaintiffs' Rule 23 state law class claims under Rule 12(b)(6) on grounds that Rule 23 opt-out state law class action claims could not proceed accompanied by a § 216(b) opt-in action); *Himmelman v. Continental Cas. Co.,* No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J. Aug. 11, 2006) (granting defendant's motion to dismiss/strike plaintiff's Rule 23 class

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL                                                    Page 4**

allegations because Rule 23 certification of state law claims is legally incompatible with FLSA claim); *Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11, 2006) (granting defendant's Rule 12(b)(6) motion to dismiss Rule 23 class action allegations because they are incompatible with FLSA collective action).

To maintain a Rule 23 class action, a plaintiff must satisfy all the prerequisites of Rule 23(a). Fed.R.Civ.P. 23(a). Additionally, a plaintiff must fulfill the requirements for at least one of the three types of class actions enumerated in Rule 23(b). Fed.R.Civ.P. 23(b); *see also Edwards v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at *10 (C.D. Cal. Dec. 12, 2006). This is true even at this early stage of the litigation. *See, e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (affirming district court's order granting defendant's motion, brought at inception of the case, to dismiss plaintiff-appellants' class action and striking class allegations from their first amended complaint for failure to satisfy requirements of Rule 23(b)(3)).

Here, Plaintiffs seek to bring a class action based on claims brought under the wage and hour laws and common laws of 38 states and territories. Plaintiffs cannot establish that such a purported class meets the requirements of Rule 23.

**1.    Plaintiffs Cannot Certify A Class Under Rule 23 Because They Cannot Establish That There Are Common Issues Or That Common Issues Predominate Where The Court Would Be Required To Apply The Laws Of 38 Jurisdictions.**

Federal courts throughout the country have held that class claims may not be certified pursuant to Rule 23(a)(2) or (b)(3) where they require the application of the laws of multiple states. The Western District of New York recently addressed the issue of multiple state claims in a class

action in three similar cases: *Glewwe v. The Eastman Kodak Co.*, 2006 WL 1455476 (W.D.N.Y. May 25, 2006), *Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477 (W.D.N.Y. May 25, 2006), and *Letouzel v. The Eastman Kodak Co.*, 2006 WL 1455478 (W.D.N.Y. May 25, 2006) (collectively the "*Kodak* cases"). In the *Kodak* cases, like here, the plaintiffs sought damages under the FLSA and the wage and hour laws of over 30 states. In addition, the plaintiffs brought claims under the common laws of more than 40 states. In dismissing the state claims in each action, the Court held that the plaintiffs failed to establish both commonality under Rule 23(a) and the predominance of common issues as required by Rule 23(b)(3). *Glewee*, 2006 WL 1455476, at *2-4; *Luciano*, 2006 WL 1455477, at *2-5; *Letouzel*, 2006 WL 1455478, at *2-4. With respect to Rule 23(a), the court noted that each state's wage law had its "own peculiar requirements and defenses," and that adjudication of the wage and contract claims "would require the interpretations and application of several different laws of several different states and territories," and thus found that the plaintiffs' claims were not common to the class. *Glewwe*, 2006 WL 1455476, at *2; *Luciano*, 2006 WL 1455477, at * 2; *Letouzel*, 2006 WL 1455478, at *2. In addition, the court concluded that even if the plaintiffs could satisfy Rule 23(a), they failed to satisfy Rule 23(b), explaining that:

> [t]he employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws. Different remedies are available in each state, and the methods of overtime calculation vary from state to state. Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that the plaintiffs failed to establish a basis for a class action pursuant to Rule 23(b)(3).

*Glewwee*, 2006 WL 1455476, at *3 (also stating that there was no risk of inconsistent adjudications as contemplated under Rule 23(b)(1) and that Rule 23(b)(2) was inapplicable to claims for damages); *Letouzel*, 2006 WL 1455478, at *3 (same). *See also Luciano*, 2006 WL

1455477, at *4 (same).

Notably, Courts in the Ninth Circuit also have held that a class is not certifiable under Rule 23 where the class action would require the analysis and application of the laws of multiple states. In *Zinser*, 253 F.3d at 1188-90, the Ninth Circuit Court of Appeals affirmed the District Court's denial of class certification where the class claims required the application of the laws of up to 48 states. In doing so, the Court of Appeals noted that common questions of fact and law do not predominate to the extent that "the laws of forty-eight states must be consulted to answer" questions related to class members' claims. *Id.* at 1189-90. Likewise, this Court previously has denied certification of state law claims involving multiple jurisdictions where the Court determined that certification of such claims would require application of California's choice of law principles to each state law claim. *Church v. Consolidated Freightways, Inc.*, No. C-90-2290, 1991 WL 284083 (N.D. Cal. June 14, 1991). In *Church*, this Court reasoned that:

> Given the number of causes of actions, the jurisdictions involved, and the presumed interest of each forum in regulating the employment relationships within its jurisdiction, the number of resolutions this Court must make even before approaching the merits of the action as to which law to apply is overwhelming. On this issue alone, then, a class action is not the superior method of adjudicating the interests implicated as determination of the choice of law issue would require numerous 'mini-trials' in and of itself.

*Id.* at *12.

Numerous other courts throughout the country also have found that the application of different states' laws militates against allowing a class action. *See e.g., Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653-54 (C.D. Cal. Dec. 12, 1996) (denying certification in a tort action and holding that even if the state laws were relatively similar, the fact that the Court had to reference so many laws weighed against class certification); *In re Currency Conversion Fee Antitrust Litigation*, 230 F.R.D. 303, 312 (S.D.N.Y. 2004) (denying certification because variations in state

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                    **Page 7**

laws governing fraud, unconscionability, bad faith and unjust enrichment predominated over any common issues); *Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) (denying certification of a nationwide class involving breach of express and implied warranty claims under 48 states' laws); *Parks Automotive Group, Inc. v. General Motors Corp.*, 237 F.R.D. 567 (D. S.C. 2006) (denying certification because individualized factual inquiries precluded adjudication of negligence, breach of warranty and indemnity claims on a class wide basis and several different contract laws, with different requirements and defenses, were involved).

Here, Plaintiffs assert claims for breach of contract, wage and hour violations, unjust enrichment, fraud and deceit, quantum meruit, negligent misrepresentation, and negligence under the laws of 38 states and territories.  (FAC. third – tenth causes of action.)  Plaintiffs' Complaint requires this Court to apply the laws governing these various claims in 38 different jurisdictions, all of which have an equal interest in regulating employment relationships.  Given the different requirements and available defenses under each state law, common issues of fact and law do not exist, and they clearly do not predominate in this case.

Importantly, subclasses would not remedy the defects of the proposed class.  For instance, in *In re: Paxil Litigation*, 212 F.R.D. 539 (C.D. Cal. Jan. 10, 2003), the plaintiffs proposed that putative class members in states with similar laws be grouped into subclasses.  The Central District denied certification and held that the subclass approach did not create a manageable trial plan because the plaintiffs failed to show that the differences between the state laws (that were grouped together within the proposed subclasses) were nonmaterial.  *Id.* at 543-45.  The court also noted that there was a question of whether due process rights would be violated by combining different state laws to create a new legal standard for each subclass.  *Id.*.  Moreover, as this Court previously has found, the burden of reviewing the different laws of 38 jurisdictions itself would require a

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                                                          **Page 8**

finding that the class method is not superior because of the numerous mini-trials that would be required simply to conduct the choice of law analysis. *See Church*, 1991 WL 284083 at *12.

At bottom, Plaintiffs' class certification request would require the Court to apply the laws of 38 different jurisdictions, all of which have an interest in regulating employment relationships. The potential analysis and application of so many different laws creates an unmanageable case, where any common issues would be severely outweighed by individual state law analyses. Plaintiffs thus cannot meet the requirements of Rule 23(a)(2), nor can they meet the requirements of Rule 23(b)(3).

> **2.      Plaintiffs Cannot Certify A Class Under Rule 23(b)(1) Because They Cannot Establish A Risk Of Inconsistent Judgments Nor That There Is A Limited Pool Of Funds.**

Plaintiffs' allegations likewise do not satisfy the requirements of Rule 23(b)(1).  To satisfy Rule 23(b)(1), a plaintiff must satisfy either Rule 23(b)(1)(A), which allows for certification of a class (where Rule 23(a) is satisfied) if "the prosecution of separate actions ... would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class;" or Rule 23(b)(1)(B), which requires a showing of a risk of adjudications with respect to individual members of the class that would be dispositive of the interests of other members not parties to the adjudications or substantially impair their ability to protect their interests.    Fed.R.Civ.P. 23(b)(1)(A) & (B); *see also Sepulveda v. Wal-Mart Stores, Inc.*, 245 F.R.D. 229, 245 (C.D. Cal. 2006).  Plaintiffs cannot meet either of these standards.

In this case, Plaintiffs do not, and indeed cannot, allege any facts in their Complaint that would establish a risk that separate actions would produce incompatible judgments.  The Ninth

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                                    **Page** 9

Circuit in particular has adopted an "extremely conservative view" on whether this prong of the class test is met, requiring a finding that either: "(1) rulings in separate actions would subject defendant to incompatible judgments requiring inconsistent conduct to comply with the judgment; or (2) a ruling in the first of a series of separate actions will 'inescapably alter the substance of the rights of others having similar claims.'" *Sepulveda*, 245 F.R.D. at 245 (quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.,* 523 F.2d 1083, 1086 (9th Cir. 1975)). The Ninth Circuit also has held that Rule 23(b)(1)(A) certification should not be granted where the plaintiffs' claims are primarily for monetary relief. *See, e.g., Zinser*, 253 F.3d 1180; *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005).

Here, as discussed below, Plaintiffs primarily seek monetary damages and therefore this case falls outside of the limited circumstances where plaintiffs in the Ninth Circuit have been able to satisfy the Rule 23(b)(1)(A) requirement for class certification. *Id.* In addition, there is no risk of inconsistent judgments. This case primarily involves Plaintiffs' claims that they were required to perform off-the-clock work, missed meal and rest periods and overtime payment. To recover, Plaintiffs would be required to individually prove they were required to work while off-the-clock, were not given meal and rest periods and to establish their individual damages. The ability of one plaintiff to establish that she worked while off-the-clock will have no bearing on the claims of others, thus negating any concern over inconsistent judgments.

Nor can Plaintiffs succeed under Rule 23(b)(1)(B), which requires that Plaintiffs demonstrate that the case involves a "fund with a definitely ascertained limit, all of which would be distributed to satisfy all those with liquidated claims based on a common theory of liability." *Zinser*, 253 F.3d at 1197 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999)). Rule 23(b)(1)(B) applies only where there is a limited, fixed pool of money available to cover the

would-be class members' damages and where the claims brought contain no "unique facts or individual relationships with" the party opposing class certification.  5 Moore's Federal Practice § 23.42.  Because Plaintiffs do not, and cannot, claim that Defendants have only a limited pool of funds to satisfy the class claims, and because the claims seek individualized monetary damages, Plaintiffs' class allegations cannot satisfy the requirements of Rule 23(b)(1).

> **3.    Plaintiffs Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Any Request For Injunctive Relief.**

Nor can Plaintiffs satisfy the requirements of Rule 23(b)(2).  It is well established, both in the Ninth Circuit and elsewhere, that class certification under Rule 23(b)(2) is not appropriate where the relief relates "exclusively or predominately to money damages."  *Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990).  *See also Coleman v. General Motors Acceptance Corp.,* 296 F.3d 443, 448 (6th Cir. 2002) (reversing District Court's grant of class certification and finding that injunctive relief did not predominate); *Allison v. Citgo Pet. Corp.,* 151 F.3d 402, 411 (5th Cir. 1998) ("We, like nearly every other circuit, have adopted the position taken by the advisory committee that monetary relief may be obtained in a (b)(2) class action so long as the predominant relief sought is injunctive or monetary.")  Moreover, "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief…."  *Id.* at 413.  Where the requested compensatory relief requires individualized damages determinations, injunctive relief does not predominate and the class should not be certified under Rule 23(b)(2).  *Id..* at 415.

There is no question here that Plaintiffs' request for compensatory relief predominates over any claims for injunctive relief.  Plaintiffs' claims in this case relate to off-the-clock work, and missed meal and rest periods for which they allege they were not compensated.  Indeed, Plaintiffs'

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                                 **Page** 11

Complaint alleges seven different forms of off-the-clock work, plus a claim regarding improper calculation of overtime, that they claim pertain to employees in 38 jurisdictions. Compensatory damages for each of these claims, if proven, would have to be individually determined based on the number of hours each employee allegedly performed such work. Injunctive relief simply does not predominate where damages are dependent "on the intangible, subjective differences of each class member's circumstances." *Allison*, 151 F.3d at 415. Thus, Plaintiffs cannot seek certification under Rule 23(b)(2).

In short, Plaintiffs' cannot, under any circumstances, meet the requirements of Rule 23(a)(2) or (b). Thus, this Court should dismiss Plaintiffs' class action allegations.

**B.    Plaintiffs' Rule 23 Claims Are Incompatible With A Section 216(B) Action And Must Therefore Be Dismissed.**

This Court should strike Plaintiffs' class action allegations and certification request under Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure for the separate and independent reason that Plaintiffs cannot maintain a Rule 23 opt-out action here while continuing to pursue their FLSA Section 216(b) opt-in collective action claims in the U.S. District Court for the Western District of Pennsylvania. Congress created the opt-in procedure under the FLSA "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). Allowing a plaintiff to circumvent the opt-in requirement and bring unnamed parties into court by calling upon state statutes similar in substance to the FLSA that lack the opt-in requirement would undermine Congress's intent to limit these types of claims to collective actions. *See, e.g., McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004).

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                           **Page** 12

Consistent with the Congressional purpose behind the FLSA, courts in the Ninth Circuit have found Rule 23 class actions inherently incompatible with Section 216(b) claims. *See, e.g.*, *Edwards,* 2006 U.S. Dist. LEXIS 93141; *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist. LEXIS 15325 at *9 (E.D. Wash. July 27, 1981) (dismissing plaintiffs' state law wage claims on the grounds that "their inclusion in the complaint as alternative remedies for enforcing the FLSA runs afoul of the intent of Congress in enacting the FLSA"). As the Court in *Edwards* explained, "allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions." *Edwards*, 2006 U.S. Dist. LEXIS 93141 at *17. Indeed, "the policy behind requiring FLSA plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Id.* (quoting *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004). *See also Himmelman.,* No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J. Aug. 11, 2006) (granting defendant's motion to dismiss/strike plaintiff's Rule 23 class allegations because state law class allegations are legally incompatible with FLSA claim); *Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *5 (D. N.J. Aug. 11, 2006) ("[T]hese two schemes are inherently incompatible."); *see also Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977) ("Rule 23 and § 216(b) class actions are 'mutually exclusive' and 'irreconcilable'"); *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (observing that the "two types of class actions are <u>mutually exclusive</u> and <u>irreconcilable</u>" and stating "[i]t is crystal clear that §216(b) precludes pure Rule 23 class actions in FLSA suits" (emphasis added)).

In addition, allowing Plaintiffs to assert concurrent Rule 23 class claims here would defeat

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                    **Page** 13

Section 216(b)'s intent to afford individuals a substantive right to control the adjudication of their

wage claims. As noted by one court:

> It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.

*Otto v. Pocono Health Sys.*, 457 F Supp. 2d 522, 524 (M.D. Pa. 2006). Allowing a Rule 23 class

to proceed here would effectively circumvent these substantive FLSA rights because any

individuals who choose not to opt-in to the FLSA collective action will nevertheless have their

wage claims resolved through the Rule 23 opt-out class action, and the collateral estoppel and/or

*res judicata* doctrine will foreclose their ability to bring their own wage claims. *See e.g., Chao v.*

*A-One Med. Serv., Inc.*, 346 F.3d 908, 920-923 (9th Cir. 2003) (dismissing the FLSA claims of one

employee (out of 8) on *res judicata* grounds because she had previously filed state law overtime

claims against her employer); *Tran v. Le French Baker, Inc.*, No. C-94-0482 VRW, 1995 U.S.

Dist. LEXIS 8371 (N.D. Cal. 1995) (finding plaintiff's FLSA collective action claims barred by the

*res judicata* effect of plaintiff's prior state administrative claim for unpaid overtime).

Indeed, Courts in the Ninth Circuit have held that a Rule 23 class action cannot be

maintained simultaneously with an FLSA collective action because "confusion would result from

requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit." *Edwards*, 2006

U.S. Dist. LEXIS 93141 at *14-15. *See also McClain*, 222 F.R.D. at 577 (noting "the inherently

contrasting nature of opt-in versus opt-out actions would create challenges were these actions to

proceed simultaneously in federal court" because, among other things, it is confusing for a

potential class member to receive a notice indicating that they must opt out of some claims and opt

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                            **Page** 14

in to others). Such confusion could result in the loss of rights by Rule 23 plaintiffs, whose interests Plaintiffs purport to represent, because those who do not opt-out of a Rule 23 class are bound by the judgment. *See LaChapelle*, 513 F.2d at 288.

The decisions of this Court's sister courts, and courts nationwide, apply with equal force to Plaintiffs' Rule 23 claims in this case even though Plaintiffs' FLSA opt-in claims are being litigated in a different court. Indeed, there is no substantive difference as far as the purpose and intent of the FLSA is concerned between bringing the incompatible opt-in and opt-out claims in the same court or in different courts. Under either scenario, Plaintiffs' Rule 23 opt-out class claims defeat the purpose of the FLSA's opt-in procedure, whether the purpose is to protect the employer "from the burden of representative actions," *Hoffman-La Roche*, 493 U.S. at 173, or to provide absent class members with the power to control the adjudication of their claims, *Otto*, 457 F Supp. 2d at 523-24. Regardless of whether the claims are brought in one court or two courts, Plaintiffs seek to backdoor Rule 23 claims to attain a broader class than would be attained under a Section 216(b) collective action, at the expense of both the Defendants and putative class members who choose not to opt in to the collective action. Moreover, the potential for confusion that concerned the *Edwards* court is even greater in a case such as this because not only would putative class members receive conflicting opt-in and opt-out forms, but such forms would come from two separate courts, thus – understandably – increasing the potential for confusion for putative class members who may not understand why essentially the same claims are being litigated in two different federal courts, using two different class procedures, in different parts of the country.

Plaintiffs thus can neither meet the requirements for class certification under Rule 23, nor can they bring Rule 23 claims consistent with their Section 216(b) collective action claims. Their class allegations and certification request therefore should be stricken from the Complaint.

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                               **Page** 15

According to the Ninth Circuit, it is appropriate to strike such allegations at the inception of the case. *See, e.g., Kamm*, 509 F.2d 205 (9th Cir. 1975) (affirming district court's order granting defendant's motion to dismiss brought at inception of case pursuant to Rule 23(c) and (d) and dismissing plaintiff-appellants' class action and striking class allegations from their first amended complaint on the ground that the alleged class action was not the superior method for resolving the alleged controversy).

**C.    Plaintiffs' Claims Against SCI Should Be Dismissed Because SCI Is Not An Employer And Is Not A Successor-In-Interest To Alderwoods' Liability.**

The Court should dismiss Plaintiffs' claims against SCI in their entirety because the Western District of Pennsylvania already has determined that SCI is a holding company without any employees and, as such, is not the employer of any of the Plaintiffs in this action. Indeed, it is well established that that holding companies are not employers in the context of wage and hour litigation. *See, e.g., Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006) (holding that company with no employees or payroll is not an employer); *Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) (dismissing claims against holding company and finding holding company not an "employer" under federal law); *Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) (holding that a parent corporation is considered an employer under federal law "only where it exercises day-to-day control over the employees at issue.")

Here, the U.S. District Court for the Western District of Pennsylvania has found – on two occasions – that SCI is a holding company without any employees and, accordingly, that a class cannot be certified against it. Specifically, on April 19, 2007, Judge Joy Flowers Conti denied

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                    **Page 16**

conditional certification with respect to SCI, stating "I am not sure that I would be able to move

forward and certify a class of employees if [SCI] is merely a holding company and really wouldn't

have those type of [non-exempt] employees." (Apr. 19 Tr. at 8:18-21, attached hereto as Ex. "A".)

However, Judge Conti allowed Prise and Rady to conduct additional discovery with respect to SCI

and to renew their request for conditional certification, which they did on June 8, 2007. At a

hearing on that renewed motion on September 6, 2007, Judge Conti again held that SCI was not an

employer and thus could not be responsible for any of the conduct alleged by Prise and Rady. In so

holding, Judge Conti rejected Prise's and Rady's arguments that SCI could be liable as a parent

corporation, stating that "SCI as the corporate board is not doing something overtly to be involved

in the management or the operation control of the business." (Sept. 6 Tr. at 10-11, attached hereto

as Ex. "B".) Notably, all of the Plaintiffs in this lawsuit also have opted-in, or attempted to opt-in,

as plaintiffs in the Pennsylvania lawsuit, meaning that Judge Conti's determination that SCI is not

an employer applies directly to the Plaintiffs in this action.

 Plaintiffs thus know, from their experience in the Western District of Pennsylvania, that

SCI is not an employer and is not a proper defendant in their lawsuits seeking overtime pay from

the Defendants. Plaintiffs were fully motivated to litigate this issue in Pennsylvania and twice

fully briefed and argued the question of SCI's status. But, having been denied twice in

Pennsylvania, Plaintiffs seek to take another bite out of the apple here, hoping for a different result

in a different forum. This Court should not countenance Plaintiffs' tactics, and should dismiss SCI

from this case.

 SCI also cannot be held liable, as alleged in the Complaint (FAC. ¶ 38), as "a successor-in-

interest to Defendant Alderwoods' liability" because SCI did not enter into any merger transaction

with Alderwoods. Indeed, Plaintiffs have acknowledged in yet another case filed in the Western

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                **Page** 17

District of Pennsylvania[1] that Alderwoods merged, not with SCI, but with an SCI subsidiary, Coronado Acquisition Corporation, on or about November 28, 2006. The surviving corporation is Alderwoods Group, Inc., a wholly-owned subsidiary of SCI. *See Prise, et al. v. Alderwoods Group, Inc., et al*, Case No. 2:06-cv-01470-JFC, Docket No. 33 (Pls.' Mot. for Leave to File Second Amd. Compl. ¶ 9, attached hereto as Ex. "C".) This is a standard "triangle" merger, a "common" and "legitimate" form of merger under the law. *See Lewis v. Ward*, 852 A.2d 896, 906 (Del. Super. Ct. 2004); *see also Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005) (quoting Balotti and Finkelstein, The Delaware Law of Corporations and Business Organizations § 9.7 (Aspen Law & Business 1998), explaining "A triangle merger permits A, the acquiring company, to acquire control of T, the target company, without A being a constituent corporation, by forming a new Delaware subsidiary, (S), into which T is merged.").

Plaintiffs' claim that SCI is liable as a successor-in-interest to Alderwoods' liability based on this transaction is contrary to basic corporate law principles. A parent corporation, except in extraordinary circumstances, is not liable for its subsidiaries' actions. As the United States Supreme Court has noted, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Likewise, the "[m]ere ownership of a subsidiary does not justify the imposition of liability on a parent corporation. Such liability only is appropriate 'when the court must prevent fraud, illegality or injustice, or when

---

[1] On November 6, 2006, Plaintiffs Prise and Rady filed a Complaint in the U.S. District Court for the Western District of Pennsylvania, Court, Civil Action No. 2:06-cv-01470-JFC, against Alderwoods Group, Inc. and certain Alderwoods subsidiaries alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) *at seq.* and the Equal Pay Act, 29 U.S.C. § 206.

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                              **Page** 18

recognition of the corporate entity would defeat public policy or shield someone from liability for a crime.'" *Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa. 2006) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)).

Plaintiffs here have not alleged any form of fraud, illegality or injustice that would require SCI to be a party to this lawsuit. To the contrary, Alderwoods merged with an SCI subsidiary and continues to exist as a corporation, separate and distinct from SCI. As a matter of law, SCI, as a parent company, cannot be liable as a successor-in-interest to Alderwoods. Thus, to the extent that Plaintiffs assert claims against SCI as a "successor-in-interest" to Alderwoods (FAC. ¶ 19), those claims must be dismissed.

> **D.    Plaintiffs' First and Second Causes of Action Should Be Dismissed Because They Have Failed to Comply with California Labor Code Section 2699.**

Plaintiffs' First and Second causes of action allege technical violations of the California Labor Code which are subject to the provisions of Labor Code Section 2699, the "Labor Code Private Attorneys General Act of 2004" (hereinafter "PAGA"). The First and Second causes of action must necessarily fail because Plaintiffs have not and cannot plead and prove their compliance with PAGA.

The recently enacted Private Attorney General Act of 2004, allows aggrieved employees to bring civil actions to recover penalties for violations of the Labor Code when the Labor Commissioner fails to act. A civil action seeking civil remedies available under the Act, which are enumerated in Section 2699.5 may not be commenced (or a pending action amended to include a Section 2699 claim) until the following statutory requirements have been met:

////

A. **Written notice to the employer and the state:**  The aggrieved party must give written notice *by certified mail* to the employer and the Labor and Workforce Development agency specifying the Labor Code provisions violated, 'including the facts and theories to support the alleged violation.'  Lab C § 2699.3(a)(1); and,

B. **Agency Action:**  If the Agency does not intend to investigate the alleged violation, it must so notify the aggrieved employee and the employer by certified mail within 30 days after the employee's was postmarked.  The aggrieved employee may file a §2699 action upon receipt of the Agency's notice; or if the Agency fails to provide notice, within 33 days after the employee's notice was postmarked. Lab.C. §2699.3(a)(2)(A).  If the Agency intends to investigate the alleged violation, it must so notify the aggrieved employee and the employer with 33 days after the employee's notice was postmarked.    It then has 120 days to issue a citation.    Lab.C. § 2699.3(a)(2)(B).

*See also, Caliber Bodyworks, Inc, v. Superior Court, (2005) 134 Cal.App.4[th] 365.*

*[holding that causes of action, and portions thereof, seeking civil remedies available under the Act were subject to notice and exhaustion perquisites under the Act.]*

Here, Plaintiffs First and Second causes of action seek civil penalties which are subject to the PAGA notice and exhaustion requisites.  Plaintiffs have not and cannot plead that they have properly satisfied these statutory prerequisite prior to filing their civil action.    They have not provided written notice to either defendant, or the State.  Consequently, Plaintiffs cannot plead that the State has taken any action in response to alleged Labor Code violations by defendants.  The First and Second cause of action must therefore be dismissed.

////

////

////

////

////

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**                                                                  **Page** 20

### IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order dismissing and/or striking Plaintiff's Rule 23 class certification allegations (specifically, FAC., ¶¶ 8, 50-58; and all references to "Class Members" and "Subclasses" contained in the Complaint), and dismissing SCI with prejudice.

Dated:  October 12, 2007                          GURNEE & DANIELS LLP


                                        By _____s/Steven H. Gurnee_____
                                           STEVEN H. GURNEE, ESQ.
                                           DAVID M. DANIELS, ESQ.
                                           Attorneys for Defendants
                                           ALDERWOODS GROUP, INC. and
                                           SERVICE CORPORATION
                                           INTERNATIONAL