1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
3  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
4  Facsimile     (916) 797-3131

5  AMY E. DIAS (pro hac vice motion pending)
   JONES DAY
6  500 Grant Street, Suite 3100
   Pittsburg, PA 15219-2502
7  Telephone:    (412) 391-3939
   Facsimile:    (412) 384-7959
8
   MATTHEW W. LAMPE (pro hac vice motion pending)
9  JONES DAY
   325 John H. McConnell Boulevard, Suite 600
10 Columbus, OH 43216-5017
   Telephone:    (614) 469-3939
11 Facsimile:    (614) 461-4198

12 Attorneys for Defendants
   ALDERWOODS GROUP, INC. and
13 SERVICE CORPORATION INTERNATIONAL

14

UNITED STATES DISTRICT COURT
15

NORTHERN DISTRICT OF CALIFORNIA
16

| 17 | Deborah Prise, et al., on behalf of themselves and all other employees similarly situated, | ) | No.  C 07-05140 EDL |
|---|---|---|---|
| 18 | | ) | |
| 19 | Plaintiffs, | ) ) ) ) ) ) | **NON-CALIFORNIA AUTHORITIES AND CASES CITED TO ELECTRONIC DATABASES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| 20 | vs. | | |
| 21 | Alderwoods Group, Inc., et al. | ) ) | |
| 22 | Defendants. | ) ) | Date:    December 4, 2007 Time:    9:00 a.m. Ctrm:    E |
| 23 | | ) | |
| 24 | | ) | Trial Date:    None Set |

25          Defendants    ALDERWOODS    GROUP,    INC.    and    SERVICE    CORPORATION

26 INTERNATIONAL submit the following Compendium of Non-California Authorities and those

27

28

**COMPENDIUM IN SUPPORT OF MOTION TO DISMISS**                    **Page** 1
**Case No. C 07-05140 EDL**

cases which are cited to electronic databases in support of its motion to dismiss in the above-entitled matter:

1. *Glewwe v. Eastman Kodak Co.,* No. 05-CV-6462T, 2006 U.S. Dist. LEXIS 33449 at *7 (W.D.N.Y. May 25, 2006);

2. *Himmelman v. Continental Cas. Co.,* No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J. Aug. 11, 2006);

3. *Herring v. Hewitt Assoc., Inc.,* No. 06-267, 2006 U.S. Dist. LEXIS 56189 (D.N.J. Aug. 11, 2006);

4. *Edwards v. City of Long Beach,* No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at *10 (C.D. Cal. Dec. 12, 2006);

5. *Glewwe v. Eastman Kodak Co.,* 2006 WL 1455476 (W.D.N.Y. May 25, 2006);

6. *Luciano v. The Eastman Kodak Co.,* 2006 WL 1455477 (W.D.N.Y. May 25, 2006);

7. *Letouzel v. The Eastman Kodak Co.,* 2006 WL 1455478 (W.D.N.Y. May 25, 2006);

8. *Church v. Consolidated Freightways, Inc.,* No. C-90-2290, 1991 WL 284083 (N.D. Cal. June 14, 1991);

9. *Madrigal v. Green Giant Co.,* No. C-78-157, 1981 U.S. Dist. LEXIS 15325 AT *9 (E.D. Wash. July 27, 1981)

10. *Tran v. Le French Baker, Inc.,* No. C-94-0482 VRW, 1995 U.S. Dist. LEXIS 8371 (N.D. Cal. 1995)

11. *Hopkins v. Texas Mast Climbers, LLC,* No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005)

////

////

**COMPENDIUM IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05140 EDL**

**Page** 2

1           12.    *Abarca v. Manheim Services Corp.,* No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777,

2           *10-11 (N.D. Ill. March 24. 2006)

3

Dated:  October 12, 2007                       GURNEE & DANIELS LLP

4

5                                        By     s/Steven H. Gurnee

6                                                STEVEN H. GURNEE, ESQ.

7                                                DAVID M. DANIELS, ESQ.

                                              Attorneys for Defendants

8                                                ALDERWOODS GROUP, INC. and

                                              SERVICE CORPORATION

9                                                INTERNATIONAL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPENDIUM IN SUPPORT OF MOTION TO DISMISS**                 **Page** 3
**Case No. C 07-05140 EDL**

**EXHIBIT 1**

LEXSEE



Caution
As of: Oct 11, 2007

REBECCA GLEWWE and CHRISTINE SCANLON, on behalf of themselves and
all others similarly situated, Plaintiffs, v. THE EASTMAN KODAK COMPANY,
Defendant.

05-CV-6462T

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
NEW YORK

2006 U.S. Dist. LEXIS 33449

May 25, 2006, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employees, on behalf of themselves and others, sued defendant employer, alleging that the employer violated their rights under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.S. § 201 et seq., violated the labor and wage laws of several states other than New York State, and breached several employment contracts. The employer moved to dismiss and to strike.

**OVERVIEW:** The employees' positions were eliminated pursuant to a reduction in force, and they received an agreement, waiver, and release, which set forth terms of their severance package. The employees alleged that the employer failed to pay them overtime. The court determined that dismissal of the state law claims was warranted. The state law claims failed to meet the commonality requirement of Fed. R. Civ. P. 23(a)(2) because they were brought under 35 separate wage laws, each with its own peculiar requirements and defenses. The employees could not adequately protect the interests of the proposed class under Rule 23(a)(4) with respect to state law claims, because they executed release agreements and swore not to bring an action under state law against the employer. In addition, under Rule

23(b)(3), common issues of law or fact did not predominate over the individual issues applicable to the purported class members. The court also declined to exercise supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 over the state law wage and contract claims because those claims raised complex, diverse issues of state law that would substantially predominate over the FLSA claim.

**OUTCOME:** The court granted the employer's motion to dismiss the state class allegations, granted the employer's motion to dismiss the state law claims, granted the employer's motion to dismiss the claim for injunctive relief, and denied the employer's motion to strike or dismiss the "opt-in" form.

**CORE TERMS:** state law claims, injunctive relief, proposed class, class action, supplemental jurisdiction, predominate, wage laws, contract claims, federal claim, individual members, commonality, opt-in, state claims, purported, overtime, adequacy, lawsuit, state laws, questions of law, matter of law, declaratory relief, similarly situated, standards of conduct, wage claims, state claim, collective action, class certification, class members, party opposing, adequately protect

**LexisNexis(R) Headnotes**




2006 U.S. Dist. LEXIS 33449, *
12 Wage & Hour Cas. 2d (BNA) 236

the fair and efficient adjudication of the controversy.

*Civil Procedure > Class Actions > General Overview*
[HN1]Courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. In fact, Fed. R. Civ. P. 23(c)(1) encourages courts to, at an early practicable time, determine by order whether to certify the action as a class action. Fed. R. Civ. P. 23(c)(1).

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN2]Under Fed. R. Civ. P. 23(a), one or more members of a class may sue or be sued as representative parties of the class only if: (1) the class is so numerous that joinder of all members if impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The four requirements set forth above are commonly referred to as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

*Civil Procedure > Class Actions > Prerequisites > Maintainability*
[HN3]Fed. R. Civ. P. 23(b) provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish: (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for

*Civil Procedure > Class Actions > Prerequisites > Maintainability*
[HN4]Fed. R. Civ. P. 23(b)(2) was never intended to cover causes where the primary claim is for damages. Rather, Rule 23(b)(2) is only applicable when the relief sought is exclusively and predominately injunctive.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction > Pendent Claims*
[HN5]A court may exercise supplemental jurisdiction over a state claim when the state and federal claims derive from a common nucleus of operative fact. 28 U.S.C.S. § 1367(c) provides that a court can in its discretion decline to exercise supplemental jurisdiction if: 1) the claim raises novel or complex issues of state law; 2) the state claim substantially predominates over the federal claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C.S. § 1367(c). When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider whether, inter alia judicial economy, convenience and fairness to litigants favor hearing the state and federal claims together.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Injunctions*
[HN6]The Fair Labor Standards Act of 1938, 29 U.S.C.S. § 201 et seq., does not give a private individual the right to obtain an injunction, but gives this right only to the Secretary of Labor.

**COUNSEL:** [*1] For Rebecca Glewwe, on behalf of themselves and all other employees similarly situated, Christine Scanlon, on behalf of themselves and all other employees similarly situated, Plaintiffs: J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, NY.

For The Eastman Kodak Company, Defendant: Christopher H. Lowe, Lorie E. Almon, Peter A. Walker, Seyfarth Shaw, New York, NY; William G. Bauer, Woods Oviatt Gilman LLP, Rochester, NY.

  

2006 U.S. Dist. LEXIS 33449, *1
12 Wage & Hour Cas. 2d (BNA) 236

For The Eastman Kodak Company, Counter Claimant: Christopher H. Lowe, Peter A. Walker, Seyfarth Shaw, New York, NY.

For Rebecca Glewwe, on behalf of themselves and all other employees similarly situated, Christine Scanlon, on behalf of themselves and all other employees similarly situated, Counter Claimants: J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, NY.

For The Eastman Kodak Company, Counter Defendant: Christopher H. Lowe, Seyfarth Shaw, New York, NY.

**JUDGES:** MICHAEL A. TELESCA, United States District Judge.

**OPINION BY:** MICHAEL A. TELESCA

**OPINION**

**DECISION and ORDER**

INTRODUCTION

Plaintiffs Rebecca Glewwe ("Glewwe") and Christine Scanlon, ("Scanlon") bring this action for declaratory relief and monetary damages on behalf of themselves [*2] and all others similarly situated, alleging that the defendant Eastman Kodak Company ("Kodak") violated their rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), the labor and wage laws of several states other than New York State, and breached several employment contracts.

Kodak moves to dismiss the Complaint in-part, and to strike portions of the Complaint. Although Kodak does not move to dismiss plaintiffs' federal collective action claim under the FLSA, defendant seeks to dismiss plaintiffs' state labor and wage law class-action claims on grounds that plaintiffs lack standing to bring such claims, and that proposed class is invalid pursuant to Rule 23 of the Federal Rules of Civil Procedure for failure to meet the requirements that the class share questions of fact and law common to the members of the class. Defendant further contends that the plaintiffs, both of whom signed releases waiving certain claims against Kodak, do not have claims that are typical of the claims of the proposed class. Kodak also urges the court to decline any exercise of supplemental jurisdiction [*3] over plaintiffs' state law claims, and dismiss those claims for lack of

jurisdiction. In support of this contention, Kodak argues that the state claims, which are brought pursuant to the laws of 50 states and territories, would predominate over the federal claim, and would create unmanageable complexity. Kodak further moves to dismiss those portions of the Complaint seeking injunctive relief on grounds that plaintiffs are not entitled to such relief as a matter of law. Additionally, defendant moves to strike the plaintiffs' proposed class certification form titled "Consent to Become a Party Plaintiff" pursuant to Rule 12(f) because it is substantively inaccurate.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiffs' state law claims on grounds that plaintiffs have failed to satisfy the requirements for a class action lawsuit as set forth in Rule 23 of the Federal Rules of Civil Procedure. Specifically, I find that plaintiffs can not adequately represent the interests of the proposed class of plaintiffs, and that there is a lack of commonality of factual and legal issues among the proposed class. Moreover, I find [*4] that if the plaintiffs' state claims were allowed to proceed, those claims would predominate over the federal claim and would render the action unduly complicated. Therefore, I decline to exercise supplemental jurisdiction over those claims. Finally, I grant defendant's motion to dismiss plaintiffs' claims for injunctive relief, and deny as premature defendant's motion to strike the plaintiffs' proposed "opt-in" form.

BACKGROUND

Plaintiffs are former Kodak employees who worked for Kodak solely in the Oakdale, Minnesota call center as Customer Service Support Representatives. Glewee began her employment with Kodak on January 1, 1999 and Scanlon began her employment with Kodak on August 16, 1999. Plaintiffs' positions were eliminated pursuant to a reduction in work force effective April 17, 2003. In connection with the reduction in work force process, both plaintiffs received an Agreement, Waiver and Release ("Release Agreement") which set forth terms of their severance packages. The Release Agreement gave plaintiffs forty-five days (45) days to accept or reject the Agreement, and the Agreement stated in bold print "YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING [*5] THIS AGREEMENT." In addition, the Release Agreement contained a general release that specifically released, Kodak from, inter alia, "claims for salary, . . . bonuses or



2006 U.S. Dist. LEXIS 33449, *5
12 Wage & Hour Cas. 2d (BNA) 236

compensation of any kind," "claims for breach of any alleged oral, written or implied contracts" and FLSA claims. Moreover, the Release Agreement contained a covenant in which plaintiffs agreed not to sue Kodak on any claim that could be released as a matter of law or to "assist any other person or entity in bringing any lawsuit against Kodak in any state or federal court." Glewwe executed her Release Agreement on April 2, 2003, and Scanlon executed hers on March 31, 2003. The Release Agreements allowed employees to revoke their agreements within seven days, but neither plaintiff did so. There is no claim made in the Complaint that Kodak failed to honor the terms of the Release Agreement.

On September 7, 2005, plaintiffs, pursuant § 216(b) of the FLSA, filed this Complaint against Kodak on behalf of themselves and all others similarly situated alleging that Kodak failed to pay them overtime in compliance with the FLSA. Plaintiffs also maintain that their state wage claims and breach of contract claims should be [*6] prosecuted as Rule 23 class-action suits. Plaintiffs seek to prosecute their claims on behalf of a class comprised of Kodak employees who were employed *outside* the state of New York. Furthermore, plaintiffs allege violations of 33 states' wage laws as well as those of Washington, D.C. and Puerto Rico and claims of breach of contract under the common law of 48 states as well as Washington, D.C. and Puerto Rico. On November 2, 2005, Kodak moved to dismiss several claims alleged in the Complaint. Plaintiffs oppose the motions.

DISCUSSION

I. The State Law Claims

Kodak maintains that the dismissal of plaintiffs' state law claims is warranted because the plaintiffs lack standing to pursue those claims, and that the proposed class does not meet the requirements for a viable class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Kodak further argues that even if the plaintiffs could maintain a class action pursuant to their state law claims, the court should decline to exercise jurisdiction over those claims.

A. Plaintiffs' proposed class fails to satisfy the requirements for a class action pursuant to Rule 23.

Although [*7] plaintiffs have not yet moved for class certification, [HN1]courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. See Reinisch v. New York Stock Exchange, 52 F.R.D. 561, 564 (S.D.N.Y. 1971); Miller v. Motorola, Inc., 76 F.R.D. 516 (N.D. Ill. 1977). In fact, Rule 23 (c)(1) encourages courts to "at an early practicable time-determine by order whether to certify the action as a class action." See, Fed.R.Civ.P. 23(c)(1).

[HN2]Under Rule 23(a), one or more members of a class may sue or be sued as representative parties of the class **only if:**

> (1) the class is so numerous that joinder of all members if impracticable,

> (2) there are questions of law or fact common to the class,

> (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, **and**

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a), emphasis added. The four requirements set forth above are commonly referred to [*8] as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

In this case, the plaintiffs' state law claims fail to meet the commonality requirement of Rule 23(a)(2), and the adequacy requirement of Rule 23(a)(4). The state wage claims lack commonality because they are being brought under 35 separate wage laws, each with its own peculiar requirements and defenses. Similarly, the breach of contract claims are being brought pursuant to the laws of 50 jurisdictions. Because adjudication of these claims would require the interpretation and application of several different laws of several different states and territories, I find that plaintiffs have failed to establish that the state wage and contract claims of the purported class are common among the class. See Kaczmarek v. IBM, 186 F.R.D. 307, 312-313 (S.D.N.Y. 1999) ("The prospect of determining the law of all fifty states and then applying the materially different laws that exist. . .would make this class action too complicated and unmanageable.")

  

2006 U.S. Dist. LEXIS 33449, *8
12 Wage & Hour Cas. 2d (BNA) 236

Additionally, plaintiffs fail to meet the requirements of Rule 23(a)(4) because they are inadequate class representatives. Plaintiffs executed Release Agreements [*9] in which they covenanted not to "assist any other person or entity in bringing any lawsuit against Kodak." Because they have sworn not to bring an action under state law against Kodak, and there is no contention that the release of their state law claims is invalid, I find that plaintiffs can not adequately protect the interests of the proposed class with respect to state law claims.

Morever, I find that even if the plaintiffs could establish the commonality, and adequacy requirements, the plaintiffs cannot satisfy any of the requirements of Rule 23 (b), and therefore, cannot maintain the state claims of this action as a class action. [HN3]Rule 23(b) of the Federal Rules of Civil Procedure provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications [*10] with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

Initially, I note that Rule 23(b)(2) does not apply in this case. [HN4]Rule 23(b)(2) "was never intended to cover causes...where the primary claim is for damages . . . ." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968), rev'd on other grounds 479 F.2d 1005 (2d Cir. 1973). Rather, Rule 23(b)(2) "is only applicable when the relief sought is exclusively and predominately injunctive. [*11] " Eisen, 391 F.2d at 564. Here, plaintiffs' primary goal is an award of damages, and therefore Rule 23(b)(2) is not applicable to this matter.

With respect to Rule 23(b)(3), I find that common issues of law or fact do not predominate over the individual issues applicable to the purported class members. As set forth above, the employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws. Different remedies are available in each state, and the methods of overtime calculation vary from state to state. Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that plaintiffs have failed to establish a basis for a class action pursuant to Rule 23(b)(3).

Finally, I find that plaintiffs have failed to establish that there is a substantial risk of inconsistent adjudications that would require Kodak to adopt incompatible standards of conduct, or that adjudications with respect to some members of the proposed class would prevent other members from fully or fairly litigating their individual [*12] state law claims. The adjudication of claims in one jurisdiction pursuant to that jurisdiction's laws will have no preclusive effect on the rights of other employees in other jurisdictions to prosecute their own claims, either individually or as members of a class defined under that jurisdiction's laws and rules. Accordingly, I find that plaintiffs have failed to






2006 U.S. Dist. LEXIS 33449, *12
12 Wage & Hour Cas. 2d (BNA) 236

establish that a class action in this case is necessary to avoid inconsistent results.

Based on the foregoing analysis, I find that even if plaintiffs could satisfy Rule 23(a), they cannot meet *any* requirement of Rule 23(b). Accordingly, I grant defendant's motion to dismiss plaintiffs' state law wage and contract claims.

## B. The State Law Claims-Supplemental Jurisdiction

Kodak maintains that this Court should decline to exercise supplemental jurisdiction and dismiss the state law claims alleged in the Complaint.

[HN5]A court may exercise supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1996). 28 U.S.C. § 1367(c) provides that a court can in its discretion [*13] decline to exercise supplemental jurisdiction if:

> 1) the claim raises novel or complex issues of State law;
>
> 2) the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction;
>
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider whether, *inter alia* "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. United Mine Workers, 383 U.S. at 726.

In this case, the plaintiffs' claims stem almost exclusively from Kodak's alleged failure to pay overtime to the plaintiffs in violation of federal and state laws.

However, considering the number of state laws involved (35 jurisdictions' wage laws and 50 jurisdictions' breach of contract laws), it is clear that the state claims would present complex issues of state law that would substantially predominate [*14] over the FLSA claim. Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide. Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(1) and 28 U.S.C. 1367(c)(2) over the state law wage and contract claims because those claims raise complex, diverse issues of state law that will substantially predominate over the FLSA claim. Therefore, pursuant to Rule 12(c), Kodak's motion to dismiss the state law claims is granted.

## II. Injunctive Relief

Kodak maintains that plaintiffs' request for injunctive relief, specifically a preliminary and permanent order restraining Kodak from engaging in any pay violations, should be dismissed because individual injunctive relief is not available under the FLSA and it is not an appropriate for this Court to decide injunctive relief under the state law claims.

It is well settled that [HN6]the FLSA does not give a private individual the right to obtain an injunction, but gives this right only to the Secretary of Labor. Mulverhill v. New York, No. 91-cv-1282, 1997 U.S. Dist. LEXIS 10109, [*15] at *24-25 (N.D.N.Y. July 11, 1997). With respect to plaintiffs' state law claims for injunctive relief, I decline to exercise supplemental jurisdiction over those claims. Thus, pursuant to Rule 12(c), Kodak's motion to dismiss plaintiffs' claims for injunctive relief is granted.

## III. The Plaintiffs' Consent Form

Kodak maintains that plaintiffs' opt-in forms are improper and that the forms should be dismissed pursuant to Rule 12(f) because it uses the language of "named plaintiff" instead of "representative plaintiff." I find analysis of the "opt-in" form to be premature at this time, as no class action has been certified, and accordingly I deny defendant's motion to strike or dismiss the opt-in form.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the state class allegations is granted,



2006 U.S. Dist. LEXIS 33449, *15
12 Wage & Hour Cas. 2d (BNA) 236

defendant's motion to dismiss the state law claims is granted, and defendant's motion to dismiss plaintiffs' claim for injunctive relief is granted. The Court deny's defendant's motion to strike or dismiss the "opt-in" form. While plaintiffs' collective action claims under the FLSA on behalf of employees not employed in New York State remain pending, all other claims [*16] are dismissed.

   ALL OF THE ABOVE IS SO ORDERED.

MICHAEL A. TELESCA

United States District Judge

Dated: Rochester, New York

May 25, 2006




**EXHIBIT 2**

LEXSEE



Caution
As of: Oct 11, 2007

**W. CURTIS HIMMELMAN, Individually and on Behalf of All Other Persons
Similarly Situated, Plaintiffs, v. CONTINENTAL CASUALTY COMPANY,
Defendant.**

**Civ. No. 06-166 (GEB)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**2006 U.S. Dist. LEXIS 56187**

**August 11, 2006, Decided**

**NOTICE:**   [*1] NOT FOR PUBLICATION

**CORE TERMS:** class action, citation omitted, opt-in, class certification, hours per, collective action, irreconcilable, incompatible, overtime

**COUNSEL:** For W. CURTIS HIMMELMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, Plaintiff: SETH R. LESSER, LOCKS LAW FIRM, LLC, CHERRY HILL, NJ.

For CONTINENTAL CASUALTY COMPANY, Defendant: CHRISTOPHER H. LOWE, SEVFARTH SHAW LLP, NEW YORK, NY.

**JUDGES:** GARRETT E. BROWN, JR., U.S.D.J.

**OPINION BY:** GARRETT E. BROWN, JR.

**OPINION**

**MEMORANDUM OPINION**

*BROWN, Chief Judge*

This matter comes before the Court upon the motion of defendant Continental Casualty Company

("Defendant") to dismiss and/or strike class action allegations from plaintiff W. Curtis Himmelman's ("Plaintiff") Complaint. The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendant's motion to dismiss the class action allegations.

**I. BACKGROUND**

Plaintiff worked for Defendant, a company that issues and sells insurance policies, as a claims analyst. Defendant classified Plaintiff as exempt from the overtime requirements of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the New [*2] Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a to -56a30 ("WHL"). Plaintiff allegedly worked in excess of eight hours per day and forty hours per week, yet was not paid overtime compensation in accordance with the FLSA and WHL.

On or about January 12, 2006, Plaintiff filed his Complaint on behalf of himself and other persons similarly situated for Defendant's violations, asserting a collective action under the FLSA and a Rule 23 class action for the WHL claim. On or about March 2, 2006, Defendant filed the instant motion to dismiss and/or strike the class allegations of Plaintiff's Complaint.



2006 U.S. Dist. LEXIS 56187, *2
12 Wage & Hour Cas. 2d (BNA) 236

## II. DISCUSSION

A. *Standard for a Motion to Dismiss*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Oran v. Stafford*, 226 F.3d 275, 279 (3d Cir. 2000); *Langford v. City of Atlantic City*, 235 F.3d 845, 850 (3d Cir. 2000); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a [*3] complaint unless plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.), *cert. denied*, 474 U.S. 935, 106 S. Ct. 267, 88 L. Ed. 2d 274 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." *Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)(citing *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); *see also Langford*, 235 F.3d at 850; *Dykes v. Southeastern Pa. Transp. Auth.*, 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), *cert. denied*, 517 U.S. 1142, 116 S. Ct. 1434, 134 L. Ed. 2d 556 (1996); *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994); [*4] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)(citation omitted); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)(stating that "a court need not credit a complaint's 'bald assertions' or legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

B. *State Law Class Action Allegations are Legally Incompatible with Federal Claim*

Collective actions under the FLSA are governed by [*5] 29 U.S.C. § 216(b), which establishes an opt-in scheme whereby "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Conversely, in Rule 23 class actions a prospective party plaintiff must opt out of the class upon notice of the action. Therefore, these two schemes are inherently incompatible. *See Robinson v. Sizes Unlimited, Inc.*, 685 F. Supp. 442, 445 n.7 (D.N.J. 1988)(citations omitted)(noting the "fundamental, irreconcilable difference between" opt-out and opt-in schemes); *see also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975)(footnote omitted)(stating that Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable").

This Court recently stated that "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511, *15, No. 03-1950 (D.N.J. Jan. 5, 2006). Therefore, in denying class certification, [*6] the Court concluded that allowing the plaintiff "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." *Id.* (citation omitted). The instant matter presents the same issues and the Court will therefore strike Plaintiff's class action allegations. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003)(citations omitted)(noting that "[a] defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."); *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 406 n.14 (D.N.J. 1999)



2006 U.S. Dist. LEXIS 56187, *6
12 Wage & Hour Cas. 2d (BNA) 236

(citations omitted)(dismissing class allegations while noting that "[r]uling on a dispositive motion prior to addressing class certification may be appropriate, in some cases").

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike the class action allegations is granted. An appropriate form of order is filed herewith.

Dated: [*7] August 11, 2006

s/ GARRETT E. BROWN, JR., U.S.D.J.

  

**EXHIBIT 3**

LEXSEE



Caution
As of: Oct 11, 2007

**CAROL HERRING, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs, v. HEWITT ASSOCIATES, INC., Defendant.**

**Civ. No. 06-267 (GEB)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**2006 U.S. Dist. LEXIS 56189**

**August 11, 2006, Decided**

**NOTICE:**    [*1] NOT FOR PUBLICATION

**SUBSEQUENT HISTORY:** Motion granted by Herring v. Hewitt Assocs., 2007 U.S. Dist. LEXIS 53278 (D.N.J., July 24, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee, on behalf of herself and other persons similarly situated, filed a complaint against defendant employer, asserting a collective class action under the Fair Labor Standards Act (FLSA), 29 U.S.C.S. §§ 201-219, and a Fed. R. Civ. P. 23 class action under New Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a to 34:11-56a30. The employer moved to dismiss and/or strike the class allegations and to transfer.

**OVERVIEW:** The court noted that the opt-in procedure under the FLSA, 29 U.S.C.S. § 216(b), and the opt-out scheme set forth in Fed. R. Civ. P. 23 were mutually exclusive and irreconcilable. Further, the court had recently stated that the opt-in procedure under 29 U.S.C.S. § 216(b) was created for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions. Thus, allowing a plaintiff to circumvent the opt-in requirement and bring unnamed

parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit those types of claims to collective actions. The court concluded that the instant matter presented the same issues, and therefore, the court would strike the employee's class action allegations as a matter of law. The employer also sought to transfer the instant action so that it could be consolidated with an action raising nearly identical claims that was pending in the Southern District of Texas. The court noted that the Texas action had been voluntarily dismissed, and such dismissal effectively mooted the employer's motion to transfer.

**OUTCOME:** The court granted defendant's motion to strike the class action allegations and dismissed as moot the motion to transfer.

**CORE TERMS:** class action, citation omitted, opt-in, moot, class certification, hours per, collective action, irreconcilable, incompatible, discovery, overtime, identical claims

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN1]A motion to dismiss pursuant to Fed. R. Civ. P.

Page 1





2006 U.S. Dist. LEXIS 56189, *1
12 Wage & Hour Cas. 2d (BNA) 236

12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. The court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN2]Under Fed. R. Civ. P. 12(b)(6), the court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. The motion can be granted only if no relief could be granted under any set of facts that could be proved. A complaint may be dismissed for failure to state a claim where it appears beyond any doubt that no relief could be granted under any set of facts that could be proved consistent with the allegations.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN3]A complaint should not be dismissed unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim. Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. A court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.

*Civil Procedure > Class Actions > Opt-Out Provisions*
*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN4]Collective actions under the Fair Labor Standards Act are governed by 29 U.S.C.S. § 216(b), which establishes an opt-in scheme whereby no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. Conversely, in Fed. R. Civ. P. 23 class actions a prospective party plaintiff must opt out of the class upon notice of the action. Therefore, these two schemes are inherently incompatible. There is a fundamental, irreconcilable difference between opt-out and opt-in schemes. 29 U.S.C.S. § 216(b) and Fed. R. Civ. P. 23 are mutually exclusive and irreconcilable.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN5]The opt-in procedure under the Fair Labor Standards Act (FLSA) for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Strike > General Overview*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN6]A defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.

**COUNSEL:** For CAROL HERRING, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiff: SETH R. LESSER, LAW OFFICES OF GENE LOCKS, PLLC, CHERRY HILL, NJ.

For HEWITT ASSOCIATES, INC., Defendant: CHRISTOPHER H. LOWE, SEVFARTH SHAW LLP, NEW YORK, NY.

**JUDGES:** GARRETT E. BROWN, JR., U.S.D.J.

**OPINION BY:** GARRETT E. BROWN, JR.

**OPINION**

**MEMORANDUM OPINION**

*BROWN, Chief Judge*

This matter comes before the Court upon the motions of defendant Hewitt Associates LLC (improperly plead as Hewitt Associates, Inc., and hereinafter "Defendant") to dismiss and/or strike class action allegations from plaintiff Carol Herring's ("Plaintiff") Complaint and to transfer Plaintiff's claims. The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendant's motion to dismiss the class action allegations and denies the motion to transfer.

  

2006 U.S. Dist. LEXIS 56189, *1
12 Wage & Hour Cas. 2d (BNA) 236

# I. BACKGROUND

Plaintiff worked for Defendant, a corporation engaged in providing human resources outsourcing services, as a benefit analyst. Defendant classified Plaintiff as exempt [*2] from the overtime requirements of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the New Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a to -56a30 ("WHL"). Plaintiff allegedly worked in excess of eight hours per day and forty hours per week, yet was not paid overtime compensation in accordance with the FLSA and WHL.

On or about January 17, 2006, Plaintiff filed her Complaint on behalf of herself and other persons similarly situated for Defendant's violations, asserting a collective action under the FLSA and a Rule 23 class action for the WHL claim. On or about March 9, 2006, Defendant filed the instant motion to dismiss and/or strike the class allegations of Plaintiff's Complaint. Defendant additionally moved to transfer the case to the Southern District of Texas where identical claims were pending.

# II. DISCUSSION

## A. Standard for a Motion to Dismiss

[HN1]A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. [*3] Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935, 106 S. Ct. 267, 88 L. Ed. 2d 274 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

[HN2]Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); [*4] see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142, 116 S. Ct. 1434, 134 L. Ed. 2d 556 (1985); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)(citation omitted).

[HN3]A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) [*5] (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

## B. State Law Class Action Allegations are Legally Incompatible with the Federal Statute

[HN4]Collective actions under the FLSA are governed by 29 U.S.C. § 216(b), which establishes an opt-in scheme whereby "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Conversely, in Rule 23 class actions a prospective party plaintiff must opt out of the class upon notice of the action. Therefore, these two schemes are inherently incompatible. See Robinson v. Sizes Unlimited, Inc., 685 F. Supp. 442, 445 n.7 (D.N.J. 1988)(citations omitted)(noting the "fundamental, irreconcilable difference between" opt-out and opt-in schemes); see also LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)

  

2006 U.S. Dist. LEXIS 56189, *5
12 Wage & Hour Cas. 2d (BNA) 236

(footnote omitted)(stating that Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable").

This Court recently stated that "Congress [*6] created [HN5]the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511, No. 03-1950, slip op. at 13 (D.N.J. Jan. 5, 2006). Therefore, in denying class certification, the Court concluded that allowing the plaintiff "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." *Id.* (citation omitted). The instant matter presents the same issues and the Court will therefore strike Plaintiff's class action allegations as a matter of law. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003)(citations omitted)(noting that [HN6]"[a] defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."); *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 406 n. 14 (D.N.J. 1999)(citations [*7] omitted)(dismissing class allegations while noting that "[r]uling on a dispositive motion prior to addressing class certification may be appropriate, in some cases").

*C. Motion to Transfer is Dismissed as Moot*

Defendant asserted that nearly identical claims were pending against it in an action in the Southern District of Texas, following the transfer of a case filed approximately six months prior to the instant action in the Northern District of California. Bryant v. Hewitt Associates, No. 05-3673 (S.D. Tex. filed July 21, 2005). Defendant asserted, *inter alia,* that since Plaintiff seeks to represent a class that includes the plaintiff in the Bryant action, litigating the instant action here would lead to duplicative discovery and expenses and the possibility of inconsistent verdicts. Therefore, Defendant sought to transfer the instant action so that it could be consolidated with the Bryant action.

However, following the parties' respective briefs on the instant motion, both parties notified the Court that on May 3, 2006, Judge Hoyt granted the plaintiff's voluntary motion to dismiss without prejudice in the Bryant action. Consequently, dismissal of the Bryant action effectively [*8] moots Defendant's motion to transfer the instant action for consolidation and it is therefore dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike the class action allegations is granted and the motion to transfer is dismissed as moot. An appropriate form of order is filed herewith.

Dated: August 11, 2006

s/ GARRETT E. BROWN, JR., U.S.D.J.



