**EXHIBIT 4**

LEXSEE



Cited
As of: Oct 11, 2007

**MICHAEL KENNETH PAUL EDWARDS, et al., Plaintiffs, v. CITY OF LONG BEACH, et al., Defendants.**

**CV 05-8990 ABC (PLAx)**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

**467 F. Supp. 2d 986; 2006 U.S. Dist. LEXIS 93141; 12 Wage & Hour Cas. 2d (BNA) 236**

**December 12, 2006, Decided**
**December 12, 2006, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff city employee, on behalf of himself and the members of two potential classes of other employees, moved to certify the two potential classes pursuant to 29 U.S.C.S. § 216(b) and Fed. R. Civ. P. 23 in the employee's action against defendant city for violation of § 7(a) of the Fair Labor Standards Act, 29 U.S.C.S. § 207(a), and Cal. Lab. Code §§ 226.7, 512, and 2802.

**OVERVIEW:** The employee, a police officer, complained that the city did not allow its officers to take meal periods or rest breaks consistently and did not reimburse them for their costs in maintaining and cleaning their safety equipment. He sought to certify two potential classes of other officers. The city argued that job differences existed between the employee and other officers. The court granted conditional certification under 29 U.S.C.S. § 216(b) but denied certification under Fed. R. Civ. P. 23. The court found that the city's argument was better suited for a motion to decertify a collective action under 29 U.S.C.S. § 216(b) after the deadline to opt-in had passed. The employee had provided enough support to meet the threshold showing that the potential class members of a collective action under 29 U.S.C.S. § 216(b) were similarly situated. The court found, however, that certifying a class action under Fed. R. Civ. P. 23 was not the superior means of adjudicating the employee's claims because the employee's Rule 23 class was based solely on state law claims.

**OUTCOME:** The court conditionally granted the motion for certification under 29 U.S.C.S. § 216(b) but denied the motion for certification under Fed. R. Civ. P. 23.

**CORE TERMS:** collective action, class action, class members', opt-in, notice, state law claims, certification, meal, class certification, overtime, certify, minute, police officer, similarly situated, job duties, decertify, hostility, questions of law, safety equipment, proposed class, federal claims, uninterrupted, predominate, notifying, pendency, joinder, former employee, written consent, individual members, supplemental jurisdiction

**LexisNexis(R) Headnotes**

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > General Overview***











LexisNexis LexisNexis LexisNexis

***Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions***

[HN1]The Fair Labor Standards Act (FLSA) requires covered employers to compensate non-exempt employees for time worked in excess of statutorily-defined maximum hours. 29 U.S.C.S. § 207(a). Section 16(b) of the FLSA provides that an employee may bring a collective action on behalf of himself and other "similarly situated" employees. 29 U.S.C.S. § 216(b). In a § 216(b) collective action, employees wishing to join the suit must "opt-in" by filing a written consent with the court. 29 U.S.C.S. § 216(b). If an employee does not file a written consent, then that employee is not bound by the outcome of the collective action. The court may authorize the named § 216(b) plaintiffs to send notice to all potential plaintiffs, and may set a deadline for those plaintiffs to "opt-in" to the suit.

***Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions***

[HN2]It is within the discretion of the district court to determine whether a certification of a collective action under 29 U.S.C.S. § 216(b) is appropriate. Although the Fair Labor Standards Act does not require certification for collective actions, certification in a § 216(b) collective action is an effective case management tool, allowing the court to control the notice procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the parties.

***Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions***

[HN3]Under the two-step approach for determining whether certification of a collective action under 29 U.S.C.S. § 216(b) is appropriate, the first step is for the court to decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action. Given the limited amount of evidence generally available to the court at this stage in the proceedings, this determination is usually made under a fairly lenient standard and typically results in conditional class certification. It is the plaintiffs' burden to show that the proposed lead plaintiffs and the proposed collective action group are "similarly situated" for purposes of § 216(b). The plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the Fair Labor Standards Act if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet the plaintiff's burden.

***Civil Procedure > Class Actions > Certification***

[HN4]All motions for class certification under Fed. R. Civ. P. 23 must meet the prerequisites of Rule 23(a). Additionally, a plaintiff must fulfill the requirements for at least one of the three types of class actions enumerated in Rule 23(b). The burden of satisfying the Rule 23 requirements is on the party seeking certification. However, a plaintiff need not make a prima facie showing that he will prevail on the merits for class certification to be granted. The court is bound to take the substantive allegations in the complaint as true.

***Civil Procedure > Class Actions > Prerequisites > General Overview***

[HN5]Fed. R. Civ. P. 23(a) provides that a class action may be maintained if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

***Civil Procedure > Class Actions > Prerequisites > General Overview***

[HN6]Under Fed. R. Civ. P. 23(b)(3), a plaintiff must show that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

***Civil Procedure > Class Actions > Prerequisites > General Overview***

[HN7]Under Fed. R. Civ. P. 23(b)(3), a court must evaluate whether a class action is superior by examining four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular







forum; and (4) the difficulties likely to be encountered in the management of a class action. A court must compare the merits of proceeding as a class action under Rule 23 against alternative methods of resolving the dispute.

***Civil Procedure > Class Actions > General Overview***
***Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions***
[HN8]A collective action under 29 U.S.C.S. § 216(b) allows individuals to control their participation in the litigation in a far more expeditious fashion than does a Fed. R. Civ. P. 23 class action. In a collective action under 29 U.S.C.S. § 216(b), the class members must affirmatively opt-in. In a Fed. R. Civ. P. 23 class action, on the other hand, class members must take the affirmative action of opting-out in order to avoid being bound by the judgment. If both a collective action under 29 U.S.C.S. § 216(b) and a Fed. R. Civ. P. 23 class action were allowed to proceed, confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction > General Overview***
[HN9]While 28 U.S.C.S. § 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action.

***Civil Procedure > Class Actions > General Overview***
***Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions***
[HN10]In addition to raising potential jurisdictional issues, allowing both a collective action under 29 U.S.C.S. § 216(b) and a Fed. R. Civ. P. 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to collective actions under 29 U.S.C.S. § 216(b). The policy behind requiring Fair Labor Standards Act plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement. As a result, a § 216(b) collective action is a more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursuing such claims.

**COUNSEL:** [**1] For Michael Kenneth Paul Edwards, for and on behalf of himself, other employees similarly situated and the general public, Defendant: Gregory G Petersen, Justian Jusuf, Michael A Jenkins, Rex Hwang, LEAD ATTORNEYS, Castle Petersen and Krause, Newport Beach, CA.; Miguel G Caballero, LEAD ATTORNEY, Herbert Hafif Law Offices, Claremont, CA.

For City of Long Beach, Defendant: Belinda R Mayes, LEAD ATTORNEY, Long Beach City Attorney, Long Beach, CA.

Doe, 1 through 10 inclusive, Defendant.

For A G Megas, for and on behalf of himself, other employees similarly situated and the general public, Plaintiff: Gregory G Petersen, Justian Jusuf, Michael A Jenkins, Rex Hwang, LEAD ATTORNEY, Castle Petersen and Krause, Newport Beach, Ca.; Miguel G Caballero, LEAD ATTORNEY, Herbert Hafif Law Offices, Claremont, CA.

**JUDGES:** AUDREY B. COLLINS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** AUDREY B. COLLINS

**OPINION**

[*988] ORDER RE: PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23 OR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

Pending before the Court are Plaintiffs' Motion for Certification of Collective Action Pursuant [**2] to 29 U.S.C. § 216(b) ("§ 216(b) Motion") and Plaintiffs' Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23 Motion"). The Court took both motions under submission on December 4, 2006. Having considered the materials submitted by the parties and the case file, and for the reasons set forth below, it is, hereby ORDERED that Plaintiffs' § 216(b) Motion is GRANTED; and Plaintiffs' Rule 23 Motion is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**







Michael Kenneth Paul Edwards ("Plaintiff Edwards") is a former employee of the City of Long Beach ("Defendant"). Plaintiff Edwards worked for Defendant as a police officer with the Long Beach Police Department ("Department") from 1993 until July 2005. Plaintiff Edwards, on behalf of himself and the members of the two potential classes (collectively, "Plaintiffs"), allege that Defendant employs somewhere between 900 and 1000 officers who are represented by the Long Beach Police Officers Association, and are subject to the policies and procedures contained in a Memorandum of Understanding and the Manual of the Long Beach Police Department. [**3] (Deposition of Deputy Chief Timothy Jackman ("Jackman Depo."), 114:16-25 and 115:1-12; Rule 23 Motion, Exs. 4-6). Plaintiff Edwards alleges that during the time he was employed by Defendant, he was unable to consistently take a 30 minute uninterrupted meal period when he worked in excess of 5 hours, was unable to take rest breaks, and was not properly reimbursed his costs to maintain and clean his safety equipment such as his firearm, holster, belt and handcuffs. (Edwards Decl., PP2, 6 and 8).

Specifically, Plaintiffs contend that Defendant, through its management (which includes commanders, lieutenants and sergeants), has a policy and practice of denying Plaintiffs 30 minute uninterrupted meal periods. (Edwards Decl., P2, 3 and 4). Plaintiffs allege that while the Department's written policy is to allow officers a 40 minute meal period, there is no policy or procedure for recording and/or reporting missed meal periods. (Edwards Decl., P5).

Additionally, Plaintiffs contend that the Department has no written policy in its manuals or training materials, regarding rest periods. (Jackman Depo., 72:23-73:15). Similarly, Plaintiffs allege that there is no policy or procedure for recording [**4] and/or reporting missed meal breaks. (Jackman Depo., 75:13-80:18). Plaintiffs allege that officers fill out weekly time records and overtime records to record their daily work hours, overtime hours, and reasons for overtime. (Edwards Decl., P5; Rule 23 Motion, Exs. 7-8). However, the time weekly time records and overtime records do not contain a section for meal or rest periods. Thus, Plaintiffs contend that the Department uniformly does not provide meal and rest breaks for its officers. (Edwards Decl., P6).

Finally, Plaintiffs contend that while the Department requires its officers to have clean and functioning uniform and safety [*989] equipment, it does not reimburse or credit the officers for money and time spent maintaining these items. (Edwards Decl., P8).

Plaintiffs' First Amended Complaint for Damages and Injunctive Relief alleges causes of action for: (1) Violations of § 7(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"); (2) Violation of Labor Code § 226.7; (3) Violation of Labor Code § 512; and (4) Violation of Labor Code § 2802.

In the § 216(b) Motion, Plaintiffs define the proposed § 216(b) class as follows:

> [A]DA current [**5] and former police or peace officer employees the rank of lieutenant and below of the defendant represented by the Long Beach Police Officers Association that worked at any time between December 29, 2002 (three years preceding the filing of the complaint), through the date of judgment.

(§ 216(b) Motion, 2:10-14).

With respect to the Rule 23 Motion, Plaintiffs define the proposed Rule 23 class as follows:

> [P]eace officers and police officers and others with similar job duties, who worked and/or continue to work for Defendant from December 29, 2002, up to and including the time that this action is certified as a class action ("Class Period") who:
>
> (a) were unable to take and/or were denied a ten minute rest period pursuant to [California] Labor Code §§ 226.7 and 512(b) were unable to take and/or were denied a 30 minute uninterrupted meal period pursuant to [California] Labor Code §§ 226.7 and 512(c) were not properly reimbursed for safety equipment expenses pursuant to [California] Labor Code § 2802 and [8] California Code of Regulations § 11040, *et seq.*

(Rule [**6] 23 Motion, 4:17-28).

Plaintiffs filed both of the instant motions on July 24,







2006. Defendant filed its oppositions to both motions on September 18, 2006, and on December 4, 2006 Plaintiffs filed their replies.

**II. ANALYSIS**

**A. Plaintiffs' § 216(b) Motion is GRANTED.**

[HN1]The FLSA requires covered employers to compensate non-exempt employees for time worked in excess of statutorily-defined maximum hours. See 29 U.S.C. § 207(a). Section 16(b) of the FLSA provides that an employee may bring a collective action on behalf of himself and other "similarly situated" employees. 29 U.S.C. § 216(b). In a § 216(b) collective action, employees wishing to join the suit must "opt-in" by filing a written consent with the court. Id. If an employee does not file a written consent, then that employee is not bound by the outcome of the collective action. Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004). The court may authorize the named § 216(b) plaintiffs to send notice to all potential plaintiffs, and may set a deadline for those plaintiffs to "opt-in" to the suit. Id.; see also Pfohl v. Farmers Ins. Group., 2004 U.S. Dist. LEXIS 6447, 2004 WL 554834 at *2 (C.D. Cal. 2004) [**7] .

[HN2]It is within the discretion of the district court to determine whether a certification of a § 216(b) collective action is appropriate. Leuthold, 224 F.R.D. at 466. Although the FLSA does not require certification for collective actions, certification in a § 216(b) collective action is an effective case management tool, allowing the court to control the notice procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the [*990] parties. See Hoffmann-La Roche Inc., v. Sperling, 493 U.S. 165, 170-72, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). Here, the Court follows the majority approach and applies a two-step approach for determining whether certification of a § 216(b) collective action is appropriate. See Leuthold, 224 F.R.D. at 466.

[HN3]Under the two-step approach, the first step is for the court to decide, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." Id. at 467; see also Pfohl, 2004 U.S. Dist. LEXIS 6447, 2004 WL 554834 at *2. Given the limited amount of evidence generally available to the court at this [**8] stage in the proceedings, this determination is usually made "under a fairly lenient standard and typically results in conditional class certification. Id. It is the plaintiffs' burden to show that "the proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes of § 216(b)." Leuthold, 224 F.R.D. at 466. "Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (internal citations omitted); see also Bernard v. Household Intern., Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) ("Mere allegations will not suffice; some factual evidence is necessary."). [1]

1 The second step occurs once discovery is complete and the case is ready for trial. At that time, the party opposing § 216(b) collective action treatment may move to decertify the class. Leuthold, 224 F.R.D. at 466 (citing Kane v. Gage Merchandising Svcs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001). Whether to decertify is a factual determination, made by the court, based on the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations. Id. (citing Pfohl, 2004 U.S. Dist. LEXIS 6447, 2004 WL 554834 at **2-3). If after examining the factual record, the court determines that the plaintiffs are not similarly situated, then the court may decertify the collective action and dismiss the opt-in plaintiffs without prejudice. Id. (citing Kane, 138 F. Supp. 2d at 214).

[**9] Here, applying the lenient standard used in the first step of the analysis, the Court finds that conditional certification of a § 216(b) collective action is appropriate. Plaintiffs' complaint, affidavits and supporting exhibits assert that Plaintiff Edwards routinely works unpaid overtime in violation of the FLSA, and that Plaintiff Edwards's experiences are shared by the members of the proposed § 215(b) collective action. In its opposition, Defendant focuses on differences in job duties between Plaintiff Edwards and other potential class members. Specifically, Defendant focuses on the differences between the job duties of Plaintiff Edwards







and A.G. Megas (note that A.G. Megas is a potential member of the § 216(b) collective action, not a named class representative). Defendant presents detailed analysis of the differences in the two officers' positions and duties, as well as a detailed discussion of the differences in their potential claims. However, the Court finds that Defendant's arguments are better suited for the more stringent second step of the § 216(b) collective action certification analysis - i.e., Defendant's arguments are better suited for motion to decertify [**10] the § 216(b) collective action filed once notice has been given and the deadline to opt-in has passed.

[*991] Thus, the Court finds that Plaintiffs have provided enough support to meet the threshold showing that the potential members of the § 216(b) collective action are "similarly situated", and that the collective action should be certified for purposes of notifying potential class members of the pendency of the suit. Accordingly, the Court GRANTS Plaintiffs' § 216(b) Motion, and conditionally certifies the proposed § 216(b) collective action for purposes of notifying proposed class members of the pendency of the suit.

**B. Plaintiffs' Rule 23 Motion is DENIED.**

[HN4]All motions for class certification under Rule 23 must meet the prerequisites of Rule 23(a). [2] Additionally, a plaintiff must fulfill the requirements for at least one of the three types of class actions enumerated in Rule 23(b). The burden of satisfying the Rule 23 requirements is on the party seeking certification. See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308-09 (9th Cir. 1977). However, a plaintiff need not make a prima facie showing that he will prevail on the merits for class [**11] certification to be granted. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) ("nothing in either the language or the history of Rule 23 ... gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action"). The court is bound to take the substantive allegations in the complaint as true. See Blackie v. Barrack, 524 F.2d 891, 901 n. 17 (9th Cir. 1975).

2 [HN5]Rule 23(a) provides that a class action may be maintained if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In their Rule 23 Motion, Plaintiffs argue that they satisfy the requirements of Rule 23(a), as well as the requirements of Rule 23(b)(3) [**12] . With respect to Rule 23(b)(3), Plaintiffs argue that the requirements are satisfied because common questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant opposes, arguing that (1) the proposed class is smaller than alleged by Plaintiffs, making joinder practicable; (2) the requirements of commonality and typicality are not met due to differences in job duties between class members; (3) a class action would not substantially benefit the absent class members; and (4) viable alternatives to class action litigation exist.

The Court agrees with Defendant's contention that Plaintiffs have not satisfied the requirements of Rule 23(b)(3). [3] [HN6]Under Rule 23(b)(3), a plaintiff must show that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Here, the [**13] Court finds that certifying a Rule 23 class action is not the superior means of adjudicating Plaintiffs' claims.

3 Given that the Court finds that Plaintiffs have not satisfied the requirements of Fed. R. Civ. P. 23(b)(3), it is not necessary to address each of the Fed. R. Civ. P. 23(a) requirements.

[*992] [HN7]"Under Rule 23(b)(3), the court must evaluate whether a class action is superior by examining four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action." Leuthold, 224 F.R.D. at 469. Accordingly, the Court must compare the merits of proceeding as a class action under [**14] Rule 23, against alternative methods of resolving the dispute. See






LexisNexis LexisNexis LexisNexis

e.g., Hanlon v. Chrysler Corp., 150 F.3d 1011, 1023 (9th Cir. 1998).

The Court here agrees with the reasoning of the Court in Leuthold. In Leuthold, as in this case, the plaintiffs moved to certify both a § 216(b) collective action and a Rule 23 class action. The Leuthold court determined that since the plaintiffs had the option of bringing their pendent state law claims as part of the § 216(b) collective action, "[t]his alternative undercuts all of the Rule 23(b)(3) superiority factors." Leuthold, 224 F.R.D. at 469. In reaching this conclusion, the Leuthold court discussed two main rationales - both of which the Court finds applicable here.

First, [HN8]a § 216(b) collective action "allows individuals to control their participation in [the] litigation in a far more expeditious fashion than does a Rule 23 class action." Id. In a § 216(b) collective action, the class members must affirmatively opt-in. In a Rule 23 class action, on the other hand, class members must take the affirmative action of opting-out in order to avoid being bound by the judgment. If both [**15] a § 216(b) collective action and a Rule 23 class action were allowed to proceed, confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit. See id.; see also McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004). [4]

4 Plaintiffs argue that Leuthold does not apply because in Lauthold there was evidence of "substantial hostility against [the] lawsuit among potential class members", and there is no evidence of any such hostility here. Leuthold, 224 F.R.D. at 470. While the Court notes that this factual distinction appears to be correct, the hostility of potential class members was but one of the factors considered by the court in Leuthold. Even though there is no evidence of similar hostility here, the Court finds that the approach taken by the Leuthold court applies equally here.

Second, Plaintiffs' Rule 23 class is based solely on state law claims, and thus raises jurisdictional concerns. [**16] But for the FLSA claims, Plaintiffs would not have jurisdiction in this Court. See 28 U.S.C. § 1367(a). Thus, if "only a few plaintiffs opt-in to the FLSA class after the court were to certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims." Leuthold, 224 F.R.D. at 470. This raises issues concerning the propriety of the Court's exercise of supplemental jurisdiction over the state law claims - i.e., that the state law claims would substantially predominate over the federal claims. See 28 U.S.C. § 1367(a). In other words, there would exist "the rather incongruous situation of an FLSA 'class' including only a tiny number of employees .... with a state-law class that nonetheless includes all or nearly all of the [department's] current or former employees.... [t]o do so would effectively allow a federal tail to wag what is in substance a state dog." McClain, 222 F.R.D. at 577 (citing De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310 [*993] (3d Cir. 2003)); [**17] see also Hasken v. City of Louisville, 213 F.R.D. 280, 283-84 (W.U. Ky. 2003). [HN9]"[W]hile Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action." Id.

[HN10]In addition to raising potential jurisdictional issues, allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions. "[T]he policy behind requiring FLSA plaintiffs to opt-in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." Leuthold, 224 F.R.D. at 470 (citing Rodriguez v. The Texan, Inc., 2001 U.S. Dist. LEXIS 24652, 2001 WL 1829490 at *2 (N.D. Ill. 2001) (allowing a plaintiff to certify an opt-out class in federal court would undermine Congress's intent to limit claims of this type to opt-in collective actions)). [**18]

As a result, the § 216(b) collective action is a "more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursuing such claims." Leuthold, 224 F.R.D. at 470. Accordingly, the Court DENIES Plaintiffs' Rule 23 Motion. Plaintiffs who opt-in to the § 216(b) collective action may pursue any pendent state law claims as part of the FLSA action.

## IV. CONCLUSION

Based on the foregoing the Court hereby DENIES Plaintiffs' Rule 23 Motion, and GRANTS Plaintiffs' § 216(b) Motion. The Court conditionally certifies the proposed § 216(b) collective action for purposes of






LexisNexis LexisNexis LexisNexis

notifying proposed class members of the pendency of the suit. Plaintiffs submitted a proposed notice as an exhibit to their § 216(b) Motion. However, the Court believes that in light of the above ruling, it is appropriate for the parties to submit new proposed notice(s) for the § 216(b) class. The Court ORDERS the parties to meet and confer and attempt to agree upon a joint proposed notice. If the parties are unable to reach an agreement, the parties may each submit a proposed notice. The proposed notice(s) must be submitted within ten (10) days of the date of this [**19] Order. In the event that the parties do not submit a joint proposed notice, the parties should file any objections to the proposed notices within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:** December 12, 2006

**AUDREY B. COLLINS**

**UNITED STATES DISTRICT JUDGE**











**EXHIBIT 5**

Only the Westlaw citation is currently available.

United States District Court,
W.D. New York.
Rebecca GLEWWE and Christine Scanlon, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
THE EASTMAN KODAK COMPANY, Defendant.
No. 05-CV-6462T.

May 25, 2006.

J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, NY, for Plaintiffs.

Christopher H. Lowe, Lorie E. Almon, Peter A. Walker, Seyfarth Shaw, New York, NY, William G. Bauer, Woods Oviatt Gilman LLP, Rochester, NY, for Defendant.

DECISION and ORDER

TELESCA, J.

*INTRODUCTION*

***1** Plaintiffs Rebecca Glewwe ("Glewwe") and Christine Scanlon, ("Scanlon") bring this action for declaratory relief and monetary damages on behalf of themselves and all others similarly situated, alleging that the defendant Eastman Kodak Company ("Kodak") violated their rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), the labor and wage laws of several states other than New York State, and breached several employment contracts.

Kodak moves to dismiss the Complaint in-part, and to strike portions of the Complaint. Although Kodak does not move to dismiss plaintiffs' federal collective action claim under the FLSA, defendant seeks to dismiss plaintiffs' state labor and wage law class-action claims on grounds that plaintiffs lack standing to bring such claims, and that proposed class is invalid pursuant to Rule 23 of the Federal Rules of Civil Procedure for failure to meet the requirements that the class share questions of fact and law common to the members of the class. Defendant further contends that the plaintiffs, both of whom signed releases waiving certain claims against Kodak, do not have claims that are typical of the claims of the proposed class. Kodak also urges the court to decline any exercise of supplemental jurisdiction over plaintiffs' state law claims, and dismiss those claims for lack of jurisdiction. In support of this contention, Kodak argues that the state claims, which are brought pursuant to the laws of 50 states and territories, would predominate over the federal claim, and would create unmanageable complexity. Kodak further moves to dismiss those portions of the Complaint seeking injunctive relief on grounds that plaintiffs are not entitled to such relief as a matter of law. Additionally, defendant moves to strike the plaintiffs' proposed class certification form titled "Consent to Become a Party Plaintiff" pursuant to Rule 12(f) because it is substantively inaccurate.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiffs' state law claims on grounds that plaintiffs have failed to satisfy the requirements for a class action lawsuit as set forth in Rule 23 of the Federal Rules of Civil Procedure. Specifically, I find that plaintiffs can not adequately represent the interests of the proposed class of plaintiffs, and that there is a lack of commonality of factual and legal issues among the proposed class. Moreover, I find that if the plaintiffs' state claims were allowed to proceed, those claims would predominate over the federal claim and would render the action unduly complicated. Therefore, I decline to exercise supplemental jurisdiction over those claims. Finally, I grant defendant's motion to dismiss plaintiffs' claims for injunctive relief, and deny as premature defendant's motion to strike the plaintiffs' proposed "opt-in" form.

*BACKGROUND*

Plaintiffs are former Kodak employees who worked for Kodak solely in the Oakdale, Minnesota call center as Customer Service Support Representatives. Glewee began her employment with Kodak on January 1, 1999 and Scanlon began her employment with Kodak on August 16, 1999. Plaintiffs' positions were eliminated pursuant to a reduction in work force effective April 17, 2003. In connection with the reduction in work force process, both plaintiffs received an Agreement, Waiver and Release ("Release Agreement") which set forth terms of their severance packages. The Release Agreement gave plaintiffs forty-five days (45) days

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



to accept or reject the Agreement, and the Agreement stated in bold print "YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT." In addition, the Release Agreement contained a general release that specifically released, Kodak from, *inter alia,* "claims for salary, ... bonuses or compensation of any kind," "claims for breach of any alleged oral, written or implied contracts" and FLSA claims. Moreover, the Release Agreement contained a covenant in which plaintiffs agreed not to sue Kodak on any claim that could be released as a matter of law or to "assist any other person or entity in bringing any lawsuit against Kodak in any state or federal court." Glewwe executed her Release Agreement on April 2, 2003, and Scanlon executed hers on March 31, 2003. The Release Agreements allowed employees to revoke their agreements within seven days, but neither plaintiff did so. There is no claim made in the Complaint that Kodak failed to honor the terms of the Release Agreement.

***2** On September 7, 2005, plaintiffs, pursuant § 216(b) of the FLSA, filed this Complaint against Kodak on behalf of themselves and all others similarly situated alleging that Kodak failed to pay them overtime in compliance with the FLSA. Plaintiffs also maintain that their state wage claims and breach of contract claims should be prosecuted as Rule 23 class-action suits. Plaintiffs seek to prosecute their claims on behalf of a class comprised of Kodak employees who were employed *outside* the state of New York. Furthermore, plaintiffs allege violations of 33 states' wage laws as well as those of Washington, D.C. and Puerto Rico and claims of breach of contract under the common law of 48 states as well as Washington, D.C. and Puerto Rico. On November 2, 2005, Kodak moved to dismiss several claims alleged in the Complaint. Plaintiffs oppose the motions.

*DISCUSSION*

I. *The State Law Claims*

Kodak maintains that the dismissal of plaintiffs' state law claims is warranted because the plaintiffs lack standing to pursue those claims, and that the proposed class does not meet the requirements for a viable class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Kodak further argues that even if the plaintiffs could maintain a class action pursuant to their state law claims, the court should decline to exercise jurisdiction over those claims.

A. *Plaintiffs' proposed class fails to satisfy the requirements for a class action pursuant to Rule 23.*

Although plaintiffs have not yet moved for class certification, courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. *See Reinsich v. New York Stock Exch.,* 52 F.R.D. 561, 564 (S.D.N.Y.1971); *Miller v. Motorola, Inc.,* 76 F.R.D. 516 (N.D.Ill.1977). In fact, Rule 23(c)(1) encourages courts to "at an early practicable time-determine by order whether to certify the action as a class action." See, Fed.R.Civ.P. 23(c)(1).

Under Rule 23(a), one or more members of a class may sue or be sued as representative parties of the class only if:

(1) the class is so numerous that joinder of all members if impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a), emphasis added. The four requirements set forth above are commonly referred to as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

In this case, the plaintiffs' state law claims fail to meet the commonality requirement of Rule 23(a)(2), and the adequacy requirement of Rule 23(a)(4). The state wage claims lack commonality because they are being brought under 35 separate wage laws, each with its own peculiar requirements and defenses. Similarly, the breach of contract claims are being brought pursuant to the laws of 50 jurisdictions. Because adjudication of these claims would require the interpretation and application of several different laws of several different states and territories, I find that plaintiffs have failed to establish that the state wage and contract claims of the purported class are common among the class. *See Kaczmarek v. IBM,* 186 F.R.D. 307, 312-313 (S.D.N.Y.1999) ("The prospect of determining the law of all fifty states and then applying the materially different laws that exist ... would make this class action too

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



complicated and unmanageable.")

*3 Additionally, plaintiffs fail to meet the requirements of Rule 23(a)(4) because they are inadequate class representatives. Plaintiffs executed Release Agreements in which they covenanted not to "assist any other person or entity in bringing any lawsuit against Kodak." Because they have sworn not to bring an action under state law against Kodak, and there is no contention that the release of their state law claims is invalid, I find that plaintiffs can not adequately protect the interests of the proposed class with respect to state law claims.

Morever, I find that even if the plaintiffs could establish the commonality, and adequacy requirements, the plaintiffs cannot satisfy any of the requirements of Rule 23(b), and therefore, cannot maintain the state claims of this action as a class action. Rule 23(b) of the Federal Rules of Civil Procedure provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy....

Initially, I note that Rule 23(b)(2) does not apply in this case. Rule 23(b)(2) "was never intended to cover causes ... where the primary claim is for damages...." *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2d Cir.1968), *rev'd on other grounds* 479 F.2d 1005 (2d Cir.1973). Rather, Rule 23(b)(2) "is only applicable when the relief sought is exclusively and predominately injunctive." *Eisen,* 391 F.2d at 564. Here, plaintiffs' primary goal is an award of damages, and therefore Rule 23(b)(2) is not applicable to this matter.

With respect to Rule 23(b)(3), I find that common issues of law or fact do not predominate over the individual issues applicable to the purported class members. As set forth above, the employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws. Different remedies are available in each state, and the methods of overtime calculation vary from state to state. Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that plaintiffs have failed to establish a basis for a class action pursuant to Rule 23(b)(3).

*4 Finally, I find that plaintiffs have failed to establish that there is a substantial risk of inconsistent adjudications that would require Kodak to adopt incompatible standards of conduct, or that adjudications with respect to some members of the proposed class would prevent other members from fully or fairly litigating their individual state law claims. The adjudication of claims in one jurisdiction pursuant to that jurisdiction's laws will have no preclusive effect on the rights of other employees in other jurisdictions to prosecute their own claims, either individually or as members of a class defined under that jurisdiction's laws and rules. Accordingly, I find that plaintiffs have failed to establish that a class action in this case is necessary to avoid inconsistent results.

Based on the foregoing analysis, I find that even if plaintiffs could satisfy Rule 23(a), they cannot meet *any* requirement of Rule 23(b). Accordingly, I grant defendant's motion to dismiss plaintiffs' state law wage and contract claims.

B. *The State Law Claims-Supplemental Jurisdiction*

Kodak maintains that this Court should decline to exercise supplemental jurisdiction and dismiss the state law claims alleged in the Complaint.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



A court may exercise supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996). 28 U.S.C. § 1367(c) provides that a court can in its discretion decline to exercise supplemental jurisdiction if:

1) the claim raises novel or complex issues of State law;
2) the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction;
3) the district court has dismissed all claims over which it has original jurisdiction, or
4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider whether, *inter alia* "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. *United Mine Workers,* 383 U.S. at 726.

In this case, the plaintiffs' claims stem almost exclusively from Kodak's alleged failure to pay overtime to the plaintiffs in violation of federal and state laws. However, considering the number of state laws involved (35 jurisdictions' wage laws and 50 jurisdictions' breach of contract laws), it is clear that the state claims would present complex issues of state law that would substantially predominate over the FLSA claim. Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide. Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(1) and 28 U.S.C. 1367(c)(2) over the state law wage and contract claims because those claims raise complex, diverse issues of state law that will substantially predominate over the FLSA claim. Therefore, pursuant to Rule 12(c), Kodak's motion to dismiss the state law claims is granted.

II. *Injunctive Relief*

***5** Kodak maintains that plaintiffs' request for injunctive relief, specifically a preliminary and permanent order restraining Kodak from engaging in any pay violations, should be dismissed because individual injunctive relief is not available under the FLSA and it is not an appropriate for this Court to decide injunctive relief under the state law claims.

It is well settled that the FLSA does not give a private individual the right to obtain an injunction, but gives this right only to the Secretary of Labor. *Mulverhill v. New York,* No. 91-cv-1282, 1997 U.S. Dist. LEXIS 10109, at * 24-25 (N.D.N.Y. July 11, 1997). With respect to plaintiffs' state law claims for injunctive relief, I decline to exercise supplemental jurisdiction over those claims. Thus, pursuant to Rule 12(c), Kodak's motion to dismiss plaintiffs' claims for injunctive relief is granted.

III. *The Plaintiffs' Consent Form*

Kodak maintains that plaintiffs' opt-in forms are improper and that the forms should be dismissed pursuant to Rule 12(f) because it uses the language of "named plaintiff" instead of "representative plaintiff." I find analysis of the "opt-in" form to be premature at this time, as no class action has been certified, and accordingly I deny defendant's motion to strike or dismiss the opt-in form.

*CONCLUSION*

For the reasons set forth above, defendant's motion to dismiss the state class allegations is granted, defendant's motion to dismiss the state law claims is granted, and defendant's motion to dismiss plaintiffs' claim for injunctive relief is granted. The Court deny's defendant's motion to strike or dismiss the "opt-in" form. While plaintiffs' collective action claims under the FLSA on behalf of employees not employed in New York State remain pending, all other claims are dismissed.

ALL OF THE ABOVE IS SO ORDERED.

Not Reported in F.Supp.2d, 2006 WL 1455476 (W.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



**EXHIBIT 6**

Only the Westlaw citation is currently available.

United States District Court,
W.D. New York.
Peter LUCIANO, on behalf of himself and all others similarly situated,
Plaintiff,
v.
THE EASTMAN KODAK COMPANY, Defendant.
No. 05-CV-6463T.

May 25, 2006.

J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, NY, for Plaintiff.

Christopher H. Lowe, Lorie E. Almon, Peter A. Walker, Seyfarth Shaw, New York, NY, William G. Bauer, Woods Oviatt Gilman LLP, Rochester, NY, for Defendant.

DECISION and ORDER

TELESCA, J.

*INTRODUCTION*

*1 Plaintiff, Peter Luciano, ("Luciano") brings this action for declaratory relief and monetary damages on behalf of himself and all others similarly situated, claiming that the defendant Eastman Kodak Company ("Kodak") violated his and other putative plaintiffs' rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York labor law, the labor and wage laws of other states, and breached several employment contracts.

Kodak moves to dismiss the Complaint in-part, and to strike portions of the Complaint. Although Kodak does not move to dismiss plaintiff's federal collective action claim under the FLSA, defendant seeks to dismiss plaintiff's New York State Labor Law claims on grounds that plaintiff may not maintain a class action under New York Law. Kodak moves to dismiss plaintiff's wage and contract claims pursuant to the laws of states other than New York on grounds that plaintiff lacks standing to pursue such claims, and that the court should decline to exercise supplemental jurisdiction over those claims. Kodak contends that because plaintiff seeks relief pursuant to the laws of 34 states and territories with respect to his wage claims, and 49 states and territories with respect to his contract claims, the court should not exercise jurisdiction over those claims because they would predominate over plaintiff's federal claim. Kodak also contends that plaintiff may not maintain a class action under the laws of the several states because the purported class fails to comply with the class-requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Kodak further moves to dismiss those portions of the Complaint seeking injunctive relief on grounds that plaintiffs are not entitled to such relief as a matter of law. Additionally, defendant moves to strike the plaintiff's proposed class certification form titled "Consent to Become a Party Plaintiff" pursuant to Rule 12(f) because it is substantively inaccurate.

Finally, Kodak moves to transfer this case to the Honorable Charles Siragusa because he is the assigned judge for a similar case in which plaintiff Luciano is also the class representative. Plaintiff opposes all of Kodak's motions.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's class allegations pursuant to New York state law; grant defendant's motion to dismiss plaintiff's claims pursuant to the wage and labor laws of states other than New York; grant defendant's motion to dismiss plaintiff's contract claims pursuant to the laws of states other than New York; grant defendant's motion to dismiss claims for injunctive relief; deny as premature defendant's motion to dismiss plaintiff's proposed claim form; and deny defendant's motion to transfer this case to Judge Siragusa.

*BACKGROUND*

In 1976 Peter Luciano began his employment with Kodak in Rochester, New York as a Technical Support Specialist in the Health Group Organization. On May 3, 2004, Luciano's position was eliminated as part of a reduction in Kodak's work force. Less than one year later, however, Luciano became employed by Burns Personnel ("Burns"), a personnel service which supplies workers to various employers including Kodak. On March 7, 2005, Luciano was assigned to work at Kodak in Rochester, New York Kodak providing technical support. Although Luciano worked at a

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



Kodak location, he was employed by Burns, and was supervised by a Burns employee.

*PROCEDURAL HISTORY*

***2** On April 28, 2004, Luciano filed a separate class action lawsuit against Kodak in this Court alleging violations of the FLSA and New York's wage and hour law. That action arises out of Luciano's employment with Kodak, but not for the period of time when he was employed by Burns. The April 28, 2004 action (hereinafter "Luciano I") was filed on behalf of persons who were employed by Kodak as technical support specialists, and whom Kodak allegedly failed to correctly classify and compensate for overtime. Luciano I is in the process of settlement.

On September 7, 2005, Luciano filed this action against Kodak (hereinafter "Luciano II") alleging that during the time period in which he worked at Kodak as a contract employee through Burns, Kodak failed to pay him and other similarly situated contract employees in compliance with the FLSA and state wage and labor laws. Plaintiff further alleges that Kodak breached contracts with its contract employees. Plaintiff maintains that all of his claims, including his New York Labor Law claim, his other state wage law claims, and breach of contract claims should be maintained as a Rule 23 class action. Furthermore, plaintiff alleges violations of 34 separate states' wage laws as well as those of Washington, D.C. and Puerto Rico, and makes breach of contract claims under the common law of 48 jurisdictions as well as Washington, D.C., and Puerto Rico.

*DISCUSSION*

I. *Kodak's Motion to Transfer*

Kodak's moves to transfer this case to Judge Siragusa on grounds that judicial economy will be served by having one judge handle both Luciano I and II. However, Luciano I has been referred to me for mediation and settlement purposes and that case is currently being settled by the parties. I will continue to provide settlement oversight in the Luciano I case and am familiar with the details of both Luciano cases. Thus, judicial economy is best served by this Court's continued handling of both Luciano I and II given the similarity of the cases and the extensive investment of judicial time and resources by this court in both cases. Accordingly, Kodak's motion to transfer the Luciano II case to the Honorable Charles Siragusa is denied.

II. *Kodak's Motions to Dismiss*

Kodak maintains that plaintiff's state-law contract claims, state-law wage and hour claims, and claims for injunctive relief should be dismissed for various reasons. I discuss Kodak's claims seriatim.

A. *The State Law Claim wage and Contract Claims*

1. *Plaintiff is not entitled to class-action relief pursuant to his state-law wage and contract claims for claims arising outside of New York State.*

Kodak seeks dismissal of plaintiff's state-law class-action claims on grounds that plaintiff has failed to allege facts that would entitle him to class-action relief. Specifically, defendant argues that Complaint fails to satisfy the requirements of a class action pursuant to Federal Rule of Civil Procedure 23, and therefore, should be dismissed. Plaintiff opposes defendant's motion on grounds that dismissal of the class-action claims is premature at this early stage of litigation.

***3** Although plaintiff has not yet moved for class certification in this case, a court may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. *See Reinsich v. New York Stock Exch.*, 52 F.R.D. 561, 564 (S.D.N.Y.1971); *Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D.Ill.1977). In fact, Rule 23(c)(1) encourages courts to "at an early practicable time-determine by order whether to certify the action as a class action." See, Fed.R.Civ.P. 23(c)(1).

Under Rule 23(a), one or more members of a class may sue or be sued as representative parties of the class only if:

(1) the class is so numerous that joinder of all members if impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a), emphasis added. The four

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



requirements set forth above are commonly referred to as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

In this case, the plaintiff's state law claims fail to meet the commonality requirement of Rule 23(a)(2), and the typicality requirement of Rule 23(a)(3). The state wage and contract claims lack commonality because they are being brought under 34 separate wage laws, each with its own peculiar requirements and defenses. Similarly, the breach of contract claims are being brought pursuant to the laws of 48 jurisdictions. Because adjudication of these claims would require the interpretation and application of several different laws of several different states and territories, I find that plaintiff has failed to establish that the state wage and contract claims of the purported class are common amongst the class. *See Kaczmarek v. IBM,* 186 F.R.D. 307, 312-313 (S.D.N.Y.1999) ("The prospect of determining the law of all fifty states and then applying the materially different laws that exist ... would make this class action too complicated and unmanageable.")

I further find that plaintiff's state wage and contract claims are not typical of the claims of potential class members. Plaintiff alleges that Kodak violated the employment contract with Burns with respect to Kodak's failure to properly pay wages. It is uncontroverted, however, that Kodak employed hundreds of contract workers in different states pursuant to separate contracts with separate employments agencies. Each of these contracts would require individual interpretation under the law of the applicable jurisdiction. Accordingly, I find that plaintiff's breach of contract claim, which is made under New York law and arises out of a contract between Burns and Kodak, is not and can not as a matter of law be typical of the several different breach of contract claims arising under separate and distinct contracts within different jurisdictions that could be brought against Kodak by contract employees.

***4** Morever, I find that even if the plaintiff could establish the commonality, numerosity, typicality, and adequacy requirements, the plaintiff cannot satisfy any of the requirements of Rule 23(b), and therefore, plaintiff cannot maintain the state claims of this action as a class action. Rule 23(b) of the Federal Rules of Civil Procedure provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy....

Initially, I note that Rule 23(b)(2) does not apply in this case. Rule 23(b)(2) "was never intended to cover causes ... where the primary claim is for damages...." *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2d Cir.1968), *rev'd on other grounds* 479 F.2d 1005 (2d Cir.1973). Rather, Rule 23(b)(2) "is only applicable when the relief sought is exclusively and predominately injunctive." *Eisen,* 391 F.2d at 564. Here, plaintiff's primary goal is an award of damages, and therefore Rule 23(b)(2) is not applicable to this matter.

With respect to Rule 23(b)(3), I find that common issues of law or fact do not predominate over the individual issues applicable to the purported class members. As set forth above, the contract employees at issue were employed in several different states by several different personnel agencies pursuant to several different employment contracts. The employees worked at several different locations subject to different terms and conditions, and different state laws. Different remedies are available in each state, and the methods of overtime calculation vary from state to state. Because the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that plaintiff has failed to establish a basis for a class action pursuant to Rule 23(b)(3).

Finally, I find that plaintiff has failed to establish that there is a substantial risk of inconsistent adjudications that would require Kodak to adopt incompatible standards of conduct, or that adjudications with respect to some members of the proposed class would prevent other members from fully or fairly litigating their individual state law claims. The adjudication of claims in one jurisdiction pursuant to that jurisdiction's laws will have no preclusive effect on the rights of other employees in other jurisdictions to prosecute their own claims, either individually or as members of a class defined under that jurisdiction's laws and rules. Accordingly, I find that plaintiff has failed to establish that a class action in this case is necessary to avoid inconsistent results.

***5** Based on the foregoing analysis, I find that even if plaintiff could satisfy Rule 23(a), he cannot meet *any* requirement of Rule 23(b). Accordingly, because plaintiff's allegations fail to satisfy the requirements of a class action lawsuit under Rule 23 , I grant defendant's motion to dismiss plaintiff's state law wage and contract claims.

2. *Supplemental Jurisdiction over Plaintiff's State-law class allegation claims is inappropriate*

Kodak also moves to dismiss plaintiff's state law claims on ground maintains that this Court should not exercise supplemental jurisdiction over those claims.

A court may exercise supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996). 28 U.S.C. § 1367(c) provides that a court can, in its discretion, decline to exercise supplemental jurisdiction if:

1) the claim raises novel or complex issues of State law;
2) the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction;
3) the district court has dismissed all claims over which it has original jurisdiction, or
4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider, *inter alia* whether "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. *United Mine Workers,* 383 U.S. at 726.

In this case, the plaintiffs claims stem almost exclusively from Kodak's alleged failure to pay overtime to the plaintiff in violation of federal and state laws. However, considering the number of state laws involved (36 states' wage laws and 50 jurisdictions' breach of contract laws), the number of vendors supplying contract employees to Kodak, the number of contracts involved under which employees were supplied, and the number of contract employees involved, it is clear that the state claims would present complex issues of state law that would substantially predominate over the FLSA claim. Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide. Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(1) and 28 U.S.C. 1367(c)(2) over the state law wage and contract claims because those claims raise complex, diverse issues of state law that will substantially predominate over the FLSA claim. Therefore, pursuant to Rule 12(c), Kodak's motion to dismiss the state law claims with the exception of the claims made under New York law is granted.

B. *Claims for Injunctive Relief*

Kodak maintains that plaintiff's request for a preliminary and permanent order restraining Kodak from engaging in any pay violations should be dismissed because individual injunctive relief is not available under the FLSA and it is not appropriate for this Court to grant injunctive relief pursuant to the plaintiff's state law claims.

***6** It is well settled that the FLSA does not give a private individual the right to obtain an injunction, but instead gives this right only to the Secretary of Labor. *Mulverhill v. New York,* No. 91-cv-1282, 1997 U.S. Dist. LEXIS 10109, at * 24-25

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.



(N.D.N.Y. July 11, 1997). Accordingly, I grant defendant's motion to dismiss plaintiff's claims for injunctive relief under the FLSA. With respect to plaintiff's state law claims for injunctive relief, I decline to exercise supplemental jurisdiction over those claims. The availability of injunctive relief under state law is unsettled under New York law, and therefore the question most appropriately should be resolved by New York State courts. With respect to plaintiff's state law claims for injunctive relief pursuant to the wage laws of states other than New York, I decline to exercise supplemental jurisdiction over those claims. Accordingly, I grant defendant's motion to dismiss plaintiff's claims for injunctive relief.

II. *The Plaintiff's Consent Form*

Kodak maintains that the plaintiff's "opt-in" form is improper and should be dismissed pursuant to Rule 12(f) because it uses the language of "named plaintiff" instead of "representative plaintiff." I find analysis of the "opt-in" form to be premature at this time, as no class action has been certified, and accordingly I deny defendant's motion to strike or dismiss the opt-in form.

*CONCLUSION*

For the reasons set forth above: 1) defendant's motion to transfer the case to Judge Siragusa is denied; 2) defendant's motion to dismiss the state law class allegations is granted; 3)defendant's motion to dismiss the state law claims is granted with the exception of plaintiff's claims under New York law; and 4) defendant's motion to dismiss plaintiff's claim for injunctive relief is granted. The Court deny's defendant's motion to strike or dismiss the "opt-in" form. Plaintiff's collective action claims under the FLSA on behalf of contract employees employed both in and out of New York State remain pending, as do plaintiff's individual claims pursuant to New York statutory and common law.

ALL OF THE ABOVE IS SO ORDERED.

Not Reported in F.Supp.2d, 2006 WL 1455477 (W.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Westlaw.