**EXHIBIT 9**

LEXSEE



Caution
As of: Oct 11, 2007

## Margarita Madrigal et al., Plaintiffs v. Green Giant Company, Defendant.

### No. C-78-157.

### United States District Court for the Eastern District of Washington.

### 1981 U.S. Dist. LEXIS 15325; 92 Lab. Cas. (CCH) P34,068; 25 Wage & Hour Cas. (BNA) 89

### July 27, 1981.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employees brought motions to compel answers to its interrogatories; for leave to notify employees; and for class certification in their employment class action raising a claim against defendant employer under 29 U.S.C.S. § 216 of the Fair Labor Standards Act (FLSA). The employer brought a motion to dismiss the employees' lawsuit.

**OVERVIEW:** The employees' class action against the employer contested the propriety of their compensation under the FLSA in light of deductions of travel and food coupon advances from paychecks and concerning wages and hours records. The court denied the employees' motion to obtain a list of similarly situated employees to notify them about opting in the class action because precedent did not allow the court to assist with this discovery. The court concluded that the employer's provision of food coupons and travel allowances did not constitute "free and clear" advances under law and therefore the employees' could proceed on their first cause of action. The court concluded that, under the first and fifth causes of action, the employer did not breach the their contract by allegedly not paying the hourly wage rate. The court granted the employer's motion for the judgment of dismissal on the employees' fifth cause of action, as well as the third and fourth ones. The court found both the third and fourth to be solely based on FLSA violations and their inclusion of remedies under Wash. Rev. Code §§ 49.52.050, .49.52.070 and the Wagner-Peyser Act to enforce the FLSA was against congressional intent.

**OUTCOME:** The court denied the employees' motions to compel answers to its interrogatories; for leave to notify employees; and for class certification in their employment class action making a claim against the employer under the act. The denied in part as to the first cause of action and granted in part as to the third, fourth, and fifth causes of action, the employer's motion to dismiss the lawsuit.

**CORE TERMS:** cause of action, minimum wage, class members, clearance, Wagner-Peyser Act, class certification, notification, employment contracts, prevailing, class actions, summary judgment, job order, travel, wage rate, agricultural workers, free and clear, conditions of employment, alternative remedies, working conditions, civil remedies, notify, coupon, food, opt, premised, answers to interrogatories, attorney's fees, present case, material terms, remedy available

**LexisNexis(R) Headnotes**





1981 U.S. Dist. LEXIS 15325, \*; 92 Lab. Cas. (CCH) P34,068;
25 Wage & Hour Cas. (BNA) 89

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Opt-Out Provisions*
*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN1]The Fair Labor Standards Act (FLSA) provision for class actions operates independently of Fed. R. Civ. P. 23. The FLSA requires potential class members to "opt in" rather than "opt out," and only those who file a written consent become parties to the suit. Those who do not opt in are not prejudiced from bringing subsequent suits individually.

*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Minimum Wage*
[HN2]Employer deductions from an employee's pay to recoup advances made by the employer do not violate Fair Labor Standards Act minimum wage provisions if the advances are made "free and clear."

*Governments > Legislation > Statutory Remedies & Rights*
*Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview*
[HN3]The statutory remedy is the sole remedy available to the employee for enforcement of whatever rights he may have under the Fair Labor Standards Act.

*Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview*
[HN4]The Wagner-Peyser Act (Act) as enacted does not provide civil remedies for violations of the Act.

*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Minimum Wage*
[HN5] 20 C.F.R. § 653.108 makes the following references to wages: (c) No local office shall place a job order for agricultural workers into intrastate clearance unless(2) The employer has signed the statement required by paragraph (c)(3) of this section that the job offer states all the material terms and conditions of employment and(4) The wages and working conditions offered are not less than the prevailing wages and working conditions among similarly employed agricultural workers in the area of intended employment or the applicable federal or state minimum wage, whichever is higher. If a base rate and a bonus is offered, the base rate must not be less than the prevailing wage rate or applicable federal or state minimum wage, whichever is higher.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
*Contracts Law > Remedies > Punitive Damages*
*Labor & Employment Law > Employment Relationships > General Overview*
[HN6]Wash. Rev. Code § 49.52.050 provides in part: Any employer who (2) shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract. Shall be guilty of a misdemeanor. Wash. Rev. Code § 49.52.070 further states: Any employer who shall violate any of the provisions of subdivisions (1) and (2) of Wash. Rev. Code § 49.51.050 shall be liable in a civil action by the aggrieved employee to a judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum of attorney's fees.

**OPINION BY:** [\*1] McNICHOLS

**OPINION**

McNICHOLS, D.J.: This case is before the Court on the following motions: (1) plaintiffs' motion for order compelling answers to interrogatories; (2) plaintiffs' motion for leave to notify employees; (3) plaintiffs' motion for class certification; and (4) defendant's motion to dismiss.

The Court raised an additional issue at the hearing on these motions; namely, whether the holding in Brennan v. Veterans Cleaning Service 482 F.2d 1362 (5th Cir. 1973), should be applied to dispose of the merits of plaintiffs' FLSA claim in the instant case. The parties have thoroughly briefed this question, and it will be decided in this Memorandum and Order.

Motions to Compel Answers and Notify Employees

The first two motions listed above must be considered together. Plaintiffs' reason for seeking the answers to interrogatories is to obtain names and addresses of Green Giant employees whom plaintiffs seek to notify of the pending action. Defendant objects to any judicial intervention related to notification of class members in an action brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

Page 2

  

1981 U.S. Dist. LEXIS 15325, *1; 92 Lab. Cas. (CCH) P34,068;
25 Wage & Hour Cas. (BNA) 89

It is well-settled that [HN1]the FLSA provision for class actions operates [*2] independently of Fed.R.Civ.P. 23. The FLSA requires potential class members to "opt in" rather than "opt out," and only those who file a written consent become parties to the suit. Those who do not opt in are not prejudiced from bringing subsequent suits individually. Kinney Shoe Corp. v. Vorhes, 567 F.2d 859, 862 (9th Cir. 1977). In responding to plaintiffs' motion regarding notification of potential class members, defendant relies primarily on Kinney, which I believe is controlling authority in the instant case. Under facts very close to those here, the court in Kinney vacated a district court discovery order to produce an employee list to the extent the list was requested for notification purposes, holding that a district court is without power to aid a plaintiff in notifying potential FLSA class members. Accord Joyce v. Sandia Laboratories, 22 FEP Cases 1727 (N.D. Cal. May 31, 1980).

I do not believe that the reasoning adopted by plaintiffs from the holding in Riojas v. Seal Produce, Inc., 82 F.R.D. 613 (S.E. Tex. 1979), can be harmonized with Kinney. Nor do I find In re Primus 436 U.S. 412 (1978), to be controlling. As noted by the court in Joyce v. Sandia Laboratories, [*3] supra, at 1728, In re Primus does not overrule Kinney. Rather, In re Primus addressed the propriety of a legal aid attorney soliciting clients.

Plaintiffs also contend that considerations of fairness and judicial economy require that notice be given to potential FLSA claimants where allegations of both a Rule 23 class and a § 216(b) class create the possibility of collateral estoppel. I need not address this issue in light of my holding on plaintiff's motion for Rule 23 class certification.

Because the decision in In re Primus may arguably afford plaintiffs in the present case a legal basis on which to proceed in soliciting additional parties if they so choose, the Court will not prohibit further notification of Green Giant employees by plaintiffs. The Court will, however, avoid giving any aid in notification efforts, including the request for production of an employee list. Plaintiffs' motion in that respect is therefore DENIED.

### Merits of Plaintiff's FLSA Claims

The Fifth Circuit in Brennan v. Veterans Cleaning Service, 482 F.2d 1362 (5th Cir. 1973), held that [HN2]employer deductions from an employee's pay to recoup advances made by the employer did not violate FLSA [*4] minimum wage provisions if the advances were made "free and clear." The issue presented, then, is whether the travel advances and food coupons issued by Green Giant in the case at bar are "free and clear." After reading the memoranda submitted on this point and the pertinent case authority, I have concluded that neither the food coupons nor the travel allowances offered by Green Giant represent "free and clear" advances within the context of 29 C.F.R. § 531.35 and Brennan. Plaintiffs are therefore permitted to go forward with their first cause of action based on the FLSA.

### Motions to Dismiss Third, Fourth, and Fifth Cause of Action

In arguing their respective positions on defendant's motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), both parties have relied upon and filed various exhibits and affidavits. These documents are relevant to the disposition of defendant's motions. Under these circumstances Fed.R.Civ. P. 12 provides that the Court may treat the motions as ones for summary judgment and dispose of them as provided in Fed.R.Civ.P. 56. The parties have had sufficient opportunity to present material pertinent to a summary judgment determination, as required by Fed.R.Civ.P. [*5] 12. Neither party, in my judgment, would be prejudiced by treating defendant's motions to dismiss as motions for summary judgment. See Dayco Corp v. Goodyear Tire and Rubber Co., 523 F.2d 389 (6th Cir. 1975). Therefore, I shall treat the motions as motions for summary judgment and consider the affidavits and exhibits filed in support thereof. I will, however, allow either party, by way of a motion for reconsideration, to supplement the record with materials relevant to my decision herein. Such a motion shall be filed within ten (10) days of the receipt of this opinion.

Dealing first with the fifth cause of action in the complaint, I conclude that as a matter of law defendants have not breached the employment agreement in the manner alleged by the complaint. Plaintiffs' allegations in the complaint concerning the contracts state:

6.5. Plaintiffs and other class members entered into written contracts of employment prior to the seasons at issue obligating the defendant to keep accurate records of hours worked, pay at least the applicable minimum wage, and comply with other state and federal laws covering wages.




LexisNexis    LexisNexis    LexisNexis

Case 3:07-cv-05140-MJJ   Document 7-4   Filed 10/12/2007   Page 5 of 15

1981 U.S. Dist. LEXIS 15325, *5; 92 Lab. Cas. (CCH) P34,068;
25 Wage & Hour Cas. (BNA) 89

7.5. Fifth Cause of Action

Defendant has unlawfully breached [*6] its contract of terms and conditions of employment with plaintiffs and their class.

As part of plaintiff's class action allegation, the complaint further states:

The basic questions of law and fact common to the class are... (c) Whether the defendant has violated the contractual rights of class members with respect to payroll deductions and record-keeping.

These breach of contract allegations in the complaint are aimed solely at the payroll practices of Green Giant set forth in Section VI of the complaint titled "STATEMENT OF FACTS;" namely, the deduction of travel and food coupon advances from employees' paychecks and the alleged failure to make, keep, and preserve accurate records of employees' wages and hours. A ereview of the employment contracts contained in Counsel's Joint Submission of Clearance Orders and Form Employment Contracts, filed with the Court, reveals that in each of the years in question the contract states an hourly wage rate, equal to or above the minimum wage required by the FLSA. The contract further provides that Green Giant may make deductions from an employee's paycheck to recover "personal advances" by the company. There is, however, no language [*7] in the contract that guarantees the employees a certain minimum wage after the advances are deducted from their checks. Given these undisputed facts as evidenced by the contracts, I find as a matter of law that there can be no breach of contract claim premised solely on a failure to pay the hourly wage rate provided for by the contracts.

The third and fourth causes of action arguably state claims upon which relief could be granted. However, if it is determined that the success of either cause of action is wholly dependent upon the showing of a FLSA violation, it must be dismissed. In Lerwill v. Inflight Motion Pictures, Inc., 343 F.Supp. 1027 (N.D. Cal. 1972), the court in a well-reasoned opinion explained why a remedy other than the FLSA should not be allowed as a means of enforcing a FLSA minimum wage violation.

It is true that nowhere in the statute is it provided that $ 216(b) provides the sole means of recovery for an employee. A brief review of some of the legislative history of the Act, as amended has not revealed an express statement of such intention. On its face, however, a clearer case of implied intent to exclude other alternative remedies by the provision of [*8] one would be difficult to conceive....

On the other hand, a careful examination of the other provisions of the FLSA, as amended, does disclose an Congressional intent that the right of action so provided was to be the sole means by which employees could enforce the rights created by § 207. The restriction on class recoveries found in § 216(b), the statute of limitations in § 255, and the restriction on liquidated damages awards in § 260; all part of the "Portal to Portal Pay Act of 1947", 61 Stat. 84, are examples of the refining process to which Congress has subjected the § 216(b) remedy.... In so doing Congress created a remedy conditioned with both advantages and disadvantages to the claimant. It would be difficult indeed to find any purpose in that careful process if alternative remedies, varying with variations of state law were also to be available in any case in which the alternative seemed more advantageous to the plaintiff-employee seeking to enforce his § 207 rights.

The only conclusion possible, then, is that [HN3]the statutory remedy is the sole remedy available to the employee for enforcement of whatever rights he may have under the FLSA....

Id. at 1028-29; [*9] accord Carter v. Marshall, 457 F. Supp. 38 (D. Col. 1978); Platt v. Burroughs Corp., 242 F. Supp. 1329 (E.D. Penn. 1976).

The advantage to plaintiffs in maintaining either the Wagner-Peyser claim or the claim under R.C.W. 49.52.070 is obvious: those claims can serve as bases for certifying a Fed.R.Civ. P. 23 class, thereby circumventing the disadvantageous "optin" procedure for class actions under the FLSA. Moreover, the Washington statute provides for a broader remedy in the form of double damages and attorney's fees. If such a result were permitted, the statutory requirements of the FLSA would effectively be gutted.

For the reasons stated below, I have concluded that the third and fourth causes of action are both premised solely on violations of the FLSA, and thus their inclusion in the complaint as alternative remedies for enforcing the FLSA runs afoul of the intent of Congress in enacting the FLSA.

Page 4





1981 U.S. Dist. LEXIS 15325, *9; 92 Lab. Cas. (CCH) P34,068;
25 Wage & Hour Cas. (BNA) 89

The third cause of action is based on the Wagner-Peyser Act, 29 U.S.C. § 49 et seq. That act, originally enacted in 1933, created a cooperative federal-state employment service with a primary purpose of connecting unemployed workers with jobs. Frederick County Fruit Growers [*10] Association v. Marshall, 436 F. Supp. 218 (W.D. Va. 1977). Recruitment of workers through an interstate clearance system is accomplished by the employer filling out a "job order." Federal regulations set forth certain requirements for an acceptable job order. The job order form signed by the employer discloses all the material terms and conditions of employment. Before the order is approved, it must be determined that regulatory standards relating to discrimination, housing, minimum wages, and other working conditions have been met.

[HN4]The Wagner-Peyser Act as enacted did not provide civil remedies for violations of the Act. The courts have in recent years, however, created an implied cause of action. E.g., Gomez v. Florida State Employment Service, [62 LC P9395] 417 F.Supp. 569 (5th Cir. 1969). While such a remedy is available, I do not believe that an implied cause of action is warranted under the facts of this controversy. In the reported decisions where courts have implied a civil remedy, the complaints have alleged Wagner-Peyser Act violations of far greater magnitude than wage deduction infractions. Gomez v. Florida State Employment Service, 417 F.2d 569 (5th Cir. 1969) [*11] (housing lacked plumbing, electricity, heat, drinking water, or refuse disposal); Vasquez v. Ferre, 404 F. Supp. 815 (D.N.J. 1957) (workers found no work as promised and were forced into peonage); Galindo v. Del Monte Corp., 382 F. Supp. 464 (N.D. Ill. 1974) (same facts as in Vasquez, id.).

Moreover, in Gomez, the court stated its reasoning for implying a remedy as follows:

What better way will there be to eliminate the problem of poor workers responding to "Clearance Orders", journeying hundreds of miles across the country to accept work and the advantage of the benefits promised by the laws of the United States only to find that the promise is a fraud? Absent an implied remedy, the workers have no protection.

417 F.2d at 576. (Emphasis added). Such is not the case here; plaintiffs can obtain redress under the FLSA. I believe the instant case is analogous to 27 Puerto Rican Migrant farm Workers v. Shade Tobacco Growers Agricultural Association, Inc., 352 F. Supp 986, 991 (D. Conn. 1973), where the court distinguished Gomez.

The two most significant differences between Gomez and the present case are that the plaintiffs in Gomez had no other remedy available to [*12] them, as has been suggested in Chavez v. Freshpict Foods, 456 F.2d 890 (10th Cir. 1972), cert. denied, 409 U.S. 1042, 93 S. Ct. 535, 34 L.Ed.2d 492 (1972); and in Gomez, the conditions to which the plaintiffs were subjected clearly existed in violation of specific federal regulations.

Even if a remedy under Wagner-Peyser was implied, the only basis for such an action is a FLSA violation. The only specific federal regulations enacted under the Wagner-Peyser Act which involve wages are codified in the Code of Federal Regulations. These regulations were amended during the time period relevant to the instant litigation. Prior to November, 1976, the requirements appeared at 20 C.F.R. § 602.9. The only reference to wages in that regulation provided that no job order would be placed unless

(c) The State agency has ascertained that wages offered are not less than the wages prevailing in the area of employment among similarly employed domestic agricultural workers recruited within the State and not less than those prevailing in the area of employment among similarly employed domestic agricultural workers recrutied outside the State.

Section 602.9 was replaced by [HN5]20 C.F.R. § [*13] 653.108, which makes the following references to wages:

(c) No local office shall place a job order for agricultural workers into intrastate clearance unless...

(2) The employer has signed the statement required by paragraph (c)(3) of this section that the job offer states all the material terms and conditions of employment... [and]

(4) The wages and working conditions offered are not less than the prevailing wages and working conditions among similarly employed agricultural workers in the area of intended employment or the applicable Federal or State minimum wage, whichever is higher. If a base rate and a bonus is offered, the base rate must not be less than the prevailing wage rate or applicable Federal or State

Page 5

  

Case 3:07-cv-05140-MJJ    Document 7-4    Filed 10/12/2007    Page 7 of 15

1981 U.S. Dist. LEXIS 15325, *13; 92 Lab. Cas. (CCH) P34,068;
25 Wage & Hour Cas. (BNA) 89

minimum wage, whichever is higher. (Emphasis added)

Plaintiffs have not alleged that the wages paid by defendant are less than the prevailing rate in the geographic area of employment as required by the regulations. The only possible violation of the Wagner-Peyser regulations, therefore, is the payment of less than minimum wage under the FLSA as proscribed by the regulations.

Plaintiffs have cited cases where violations of the Wagner-Peyser Act were premised [*14] on misrepresentations in the clearance order or breaches of employment contracts accomplished through the interstate clearance system. (See Plaintiffs' Memorandum in Response to Defendant's Motion to Dismiss at p. 5, note 5). As discussed above, there has been no breach of the employment contracts by Green Giant with respect to wages. In reviewing the clearance orders contained in Counsel's Joint Submission of Clearance Orders and Form Employment Contracts for each of the relevant years, I find in every order a disclosure to the reader that deductions will be made from the employees' wages for travel and subsistance advances.

I therefore conclude not only that the implication of a civil remedy under Wagner-Peyser is inappropriate in this case, but also that plaintiffs have not stated an independent cause of action under Wagner-Peyser. Because the Wagner-Peyser cause of action is dependent upon the claims under the FLSA, judgment is granted to defendant on plaintiffs' third cause of action.

The fourth cause of action specifically alleges a violation of R.C.W. 49.52.050 and .070. [HN6]Subsection .050 provides in part:

Any employer... who... (2) shall pay any employee a lower wage [*15] than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract...

Shall be guilty of a misdemeanor.

Subsection .070 further states:

Any employer... who shall violate any of the provisions of subdivisions (1) and (2) of R.C.W. 49.51.050 shall be liable in a civil action by the aggrieved employee... to a judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum of attorney's fees....

Because I have determined that there has been no breach of the employment contract by the employer with respect to wage rates, the only basis for a claim under the Washington statute is dependent upon a violation of the FLSA. As previously stated, the procedural aspects of the FLSA would be emasculated if I allowed a separate cause of action to proceed based on the state statute.

Plaintiffs' Motion for Rule 23 Class Certification

Because I am dismissing plaintiffs third, fourth, and fifth causes of action, no basis remains for a Rule 23 class action and the issue of class certification is therefore moot.

Summary

For the reasons stated in this Memorandum [*16] and Order, It Is Ordered that:

(1) plaintiffs' Motion for Notice to Similarly Situated Employees is Denied;

(2) plaintiffs' Motion to Enforce Magistrate Suko's Order Compelling Answers to Interrogatories is Denied;

(3) plaintiffs' Motion for Class Certification is Denied;

(4) defendant's Motion for an Order granting judgment on plaintiffs' third, fourth, and fifth causes of action is Granted; and

(5) the statute of limitations for the FLSA class members, as set forth at 29 U.S.C. § 255, shall be deemed tolled for the time period during which the plaintiffs' motions with respect to discovery of the identity of class members have been under advisement by the Court, to-wit: January 8, 1979 to the date of this Order.

  

**EXHIBIT 10**

LEXSEE

**BO VIN TRAN, on behalf of himself and others similarly situated, Plaintiffs, v. LE FRENCH BAKER, INC., and HERVE FORESTIER, Defendants.**

**No. C-94-0482 VRW**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**1995 U.S. Dist. LEXIS 8371**

**June 14, 1995, FILED**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee filed an action against defendant employers seeking overtime compensation, liquidated damages, and attorney fees under the Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 201 et seq. The employers filed a motion for summary judgment and a motion for sanctions under Fed. R. Civ. P. 11.

**OVERVIEW:** The employee brought an action after he was not paid overtime at his job as a delivery truck driver. The California Labor Commissioner entered judgment in favor of the employee and the employers sought administrative review. While the employers' review was pending, the employee filed a federal action under the FLSA. The court granted the employers' motion for summary judgment, but denied their motion for sanctions. The court found that the employee's action was barred by claim preclusion. The court determined that a federal court was required to give state court judgments the same preclusive effect that they would receive in the state in which they were rendered, pursuant to 28 U.S.C.S. § 1738. State administrative proceedings were entitled to preclusive effect if the administrative agency acted in a judicial capacity, if the agency resolved the disputed issues of material fact properly before it, and if the parties had an adequate opportunity to litigate. The court noted that all of these requirements were met in the employee's case. Finally, the court determined that sanctions against the employee were not appropriate where the adverse authority was from another circuit.

**OUTCOME:** The court granted the employers' motion for summary judgment in the employee's action under FLSA. The court denied the employers' motion for sanctions against the employee.

**CORE TERMS:** administrative proceedings, municipal, preclusive effect, federal claim, opportunity to litigate, res judicata, termination, overtime compensation, collateral estoppel, summary judgment, primary right, preclusion, unreviewed, litigate, lawsuit, waiting, unpaid, liquidated damages, administrative determinations, administrative hearings, civil service commission, writ of mandate, judicial review, jurisdiction to hear, forms of relief, overtime, situated, privity, existing law, overtime wages

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > Full Faith & Credit Statute*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN1]The doctrine of claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. The effect of a judgment extends to the litigation of all issues relevant to same claim between the same parties whether or not raised at trial. Federal courts must give preclusive effect to state court reviewed administrative determinations under 28 U.S.C.S. § 1738.

Page 1

  

Case 3:07-cv-05140-MJJ    Document 7-4    Filed 10/12/2007    Page 10 of 15

1995 U.S. Dist. LEXIS 8371, *
12 Wage & Hour Cas. 2d (BNA) 236

Section 1738 requires a federal court to give the same preclusive effect to state court judgments as they would be given in the state in which they were rendered.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
*Civil Procedure > Remedies > Writs > Common Law Writs > Mandamus*
*Governments > Local Governments > Employees & Officials*
[HN2]State administrative proceedings, even if unreviewed, preclude subsequent claims arising out of the same facts that gave rise to the administrative action, provided that the proceeding satisfies the requirements of fairness. The fairness requirements are that: (1) the administrative agency act in a judicial capacity, (2) the agency resolve disputed issues of material fact properly before it, and (3) the parties have an adequate opportunity to litigate.

*Administrative Law > Agency Adjudication > Decisions > Collateral Estoppel*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Estoppel > Collateral Estoppel*
*Governments > Local Governments > Police Power*
[HN3]California courts must accord collateral estoppel effect to municipal administrative hearings that have sufficient judicial safeguards, and that federal courts must give preclusive effect to state-court reviewed administrative decisions under 28 U.S.C.S. § 1738.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > Concurrent Jurisdiction*
*Labor & Employment Law > Wage & Hour Laws > Administrative Proceedings & Remedies > General Overview*
[HN4]State and federal courts have concurrent jurisdiction to hear Fair Labor Standards Act claims. 29 U.S.C.S. § 216.

*Administrative Law > Judicial Review > General Overview*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
*Governments > Courts > Justice Courts*
[HN5]Under Cal. Lab. Code § 98.2(a), appeals from the California Labor Commissioner's decision are heard de novo. The state court proceedings constitute a new trial and the parties may introduce any relevant evidence not presented at the administrative hearing.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN6]When an administrative proceeding, whether or not appealed, is conducted so that the parties have a full opportunity to litigate, the final adjudicated outcome of that proceeding is entitled to preclusive effect in a subsequent proceeding.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN7]California courts determine the res judicata effect of prior litigation by a "primary right" test. Prior litigation will bar subsequent litigation when the subsequent litigation concerns a primary right already litigated, even under a different legal theory, or entitles the injured party to diverse forms of relief.

*Administrative Law > Agency Adjudication > Decisions > Res Judicata*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN8]Claim preclusion applies not only to claims between the same parties in the prior action, but also to those in privity with parties to the prior action. California courts ascertain whether one is in privity with a party to the prior litigation by asking whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
*Labor & Employment Law > Wage & Hour Laws > Administrative Proceedings & Remedies > General Overview*
[HN9]Under the Fair Labor Standards Act an action to recover unpaid wages may be maintained by any employee on behalf of himself and other employees similarly situated. But no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C.S. § 216(b).

  

Case 3:07-cv-05140-MJJ   Document 7-4   Filed 10/12/2007   Page 11 of 15

1995 U.S. Dist. LEXIS 8371, *
12 Wage & Hour Cas. 2d (BNA) 236

*Civil Procedure > Sanctions > Baseless Filings > General Overview*
[HN10]Fed. R. Civ. P. 11(c)(1)(A) requires that a motion for sanctions shall be made separately from other motions or requests.

*Civil Procedure > Counsel > General Overview*
*Civil Procedure > Sanctions > Baseless Filings > General Overview*
[HN11]Fed. R. Civ. P. 11 equates the signature of an attorney or party on a document submitted to the court as an attestation that the document is well grounded in fact, warranted by existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Courts must apply an objective test in assessing whether Rule 11 has been violated. Rule 11 is violated if no plausible, good faith argument can be made by a competent attorney to the contrary.

*Civil Procedure > Sanctions > Baseless Filings > General Overview*
*Governments > Courts > Judicial Precedents*
[HN12]The court may also impose Fed. R. Civ. P. 11 sanctions if plaintiff's claim is not warranted by existing law. Claims directly contrary to controlling precedents may violate Rule 11. Frivolousness is measured under the law of the local circuit. Thus, adverse authority from another circuit, even if directly in point, would not necessarily render an argument frivolous. Rule 11 sanctions cannot be imposed simply for failure to cite adverse authority.

**COUNSEL:** [*1] For BO VINH TRAN, Plaintiff: William Flynn, Neyhart Anderson Reilly & Freitas, San Francisco, CA.

For LE FRENCH BAKER, INC, HERVE FORESTIER, defendants: R. Brian Dixon, Littler Mendelson Fastiff Tichy, San Francisco, CA.

**JUDGES:** VAUGHN R. WALKER, United States District Judge

**OPINION BY:** VAUGHN R. WALKER

**OPINION**

**ORDER.**

Defendant Le French Baker, Inc. ("Le French"), employed plaintiff from October 26, 1989, until January 7, 1993, as a delivery driver. This action arises from Le French's alleged failure to pay plaintiff overtime wages for overtime work. On February 9, 1994, plaintiff filed this suit on behalf of himself and others similarly situated seeking overtime compensation, liquidated damages and attorney fees under the Fair Labor Standards Act ("FLSA"), 29 USC § 201, et seq. The complaint also names defendant Herve Forestier ("Forestier"), owner of Le French, individually.

Prior to this lawsuit, plaintiff sought relief from the California Labor Commissioner ("the Commissioner") and on December 6, 1993, obtained an order and award in the amount of $ 17,165.73 against Le French for all earned and unpaid wages and interest under California Labor Code § 98.1(c). The Commissioner determined that there was insufficient evidence of a willful violation of Labor Code § 201 to entitle plaintiff to "waiting time" penalties under Labor Code § 203.

Pursuant to California Labor Code § 98.2(a), on December 21, 1993, [*2] Le French appealed the Commissioner's decision to San Francisco Municipal Court (Case No. 099457). While the appeal was pending, plaintiff filed his federal claim in this court.

On April 25, 1994, plaintiff received a judgment for $ 14,644.22 for unpaid overtime wages, $ 3,987.11 for interest and reasonable attorneys' fees and costs against Le French in municipal court. The court found that plaintiff was not entitled to waiting time penalties. Le French has not taken an appeal.

Following entry of the municipal court judgment, Le French and Forestier (collectively, "defendants") amended their answer to assert res judicata and collateral estoppel as affirmative defenses to plaintiff's claim (Defs' Amended Ans at 5-6). Defendants also sent a letter to plaintiff dated May 20, 1994, informing plaintiff of the preclusive effect of the municipal court decision and asked plaintiff to dismiss his federal claim. Defs' Mot for SJ, Exh D.

Now before the court is defendants' motion for summary judgment and sanctions under FRCP 11. Defendants claim that: (1) the municipal court proceeding bars plaintiff's federal claim by the doctrines of res

Page 3

  

Case 3:07-cv-05140-MJJ   Document 7-4   Filed 10/12/2007   Page 12 of 15

1995 U.S. Dist. LEXIS 8371, *2
12 Wage & Hour Cas. 2d (BNA) 236

judicata and/or collateral estoppel; (2) because the [*3] only named plaintiff is barred by res judicata and/or collateral estoppel this action must be dismissed in its entirety; and (3) the imposition of sanctions against plaintiff and plaintiff's counsel is mandated by FRCP 11.

I

[HN1]The doctrine of claim preclusion "'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." * * * The effect of a judgment extends to the litigation of all issues relevant to same claim between the same parties whether or not raised at trial.'" *Haphey v. Linn County*, 924 F.2d 1512, 1515 (9th Cir. 1991) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach. Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978)). Federal courts must give preclusive effect to state court reviewed administrative determinations under 28 USC § 1738. *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988). Title 28 USC § 1738 requires a federal court to give the "'same preclusive effect to state court judgments as they would be given in the state in which they were rendered.'" *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994) (quoting *Marrese v. American Academy of Orthopaedic* [*4] *Surgeons*, 470 U.S. 373, 380, 84 L. Ed. 2d 274, 105 S. Ct. 1327 (1985)).

In *Miller*, the Ninth Circuit held that [HN2]state administrative proceedings, even if unreviewed, preclude subsequent claims arising out of the same facts that gave rise to the administrative action, provided that the proceeding satisfies the requirements of fairness [1] outlined by the Supreme Court in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 16 L. Ed. 2d 642, 86 S. Ct. 1545 (1966). *Miller*, 39 F.3d at 1033. Miller was a Santa Cruz employee who had been fired for disciplinary reasons. He appealed his termination to the county civil service commission. After Miller's civil service commission appeal was denied, he could have petitioned for a writ of mandate in California state court under CCP § 1094.5, but he failed to do so. Instead, he filed a § 1983 claim for violations of procedural and substantive due process in federal court.

> 1 The fairness requirements of *Utah Construction* are that: (1) the administrative agency act in a judicial capacity, (2) the agency resolve disputed issues of material fact properly before it, and (3) the parties have an adequate opportunity to litigate. *Utah Construction*, 384 U.S. at 422.

[*5] The Ninth Circuit held that Miller's state administrative proceedings barred Miller's § 1983 claims. Miller elected to seek relief through the state's adjudicatory procedures, and he could have pursued his claims in state court via a writ of mandate under CCP § 1094.5. In the writ of mandate proceeding, Miller could also have raised his constitutional claims (he had not raised them in the earlier proceedings before the civil service commission). Following California cases that give preclusive effect to unreviewed administrative proceedings, the Ninth Circuit concluded that Miller could not continue to litigate issues related to his termination by recasting them in constitutional terms.

In *Eilrich*, the Ninth Circuit held that [HN3]California courts must accord collateral estoppel effect to municipal administrative hearings that have sufficient judicial safeguards, and that federal courts must give preclusive effect to state-court reviewed administrative decisions under § 1738. *Eilrich*, 839 F.2d at 632. Eilrich was a police officer discharged by the City of Riverbank for making statements about a controversy within the police department to the city council. Eilrich appealed [*6] his termination pursuant to California Government Code § 3304(b). The city conducted a municipal administrative hearing in which Eilrich's First Amendment claims were raised and resolved. The city upheld Eilrich's termination and informed him that judicial review of the decision by a California superior court was available. Eilrich failed to appeal the decision within the statutory period.

The Ninth Circuit held that collateral estoppel prevented the officer from asserting a § 1983 claim against the city in a subsequent suit because the same issues were resolved in a prior unreviewed administrative determination and the administrative proceeding provided the parties with an adequate opportunity to litigate. The Ninth Circuit further held that where administrative proceedings are in fact reviewed by a state court, under § 1738 such proceedings are entitled to preclusive effect in a subsequent proceeding.

Under *Miller* and *Eilrich*, plaintiff's federal claim is barred by the state administrative determination. Plaintiff chose to obtain relief for unpaid overtime compensation earned during the period he was employed by defendant through the Commissioner. Alternatively, plaintiff [*7] could have initially filed suit in either state or federal

Page 4

  

Case 3:07-cv-05140-MJJ   Document 7-4   Filed 10/12/2007   Page 13 of 15

1995 U.S. Dist. LEXIS 8371, *7
12 Wage & Hour Cas. 2d (BNA) 236

court under 29 USC § 201. [HN4]State and federal courts have concurrent jurisdiction to hear FLSA claims. 29 USC § 216. Instead, plaintiff opted to pursue a remedy through the state's administrative proceedings. Plaintiff's contention that the Commissioner did not have jurisdiction to hear the FLSA claim (Pl's opp at 5) is correct; however, plaintiff had full opportunity to litigate the very same issues which constitute his FLSA claim before the Commissioner and the municipal court had jurisdiction to hear the FLSA claim. Just as the Ninth Circuit concluded that Miller could not attempt to relitigate issues related to his termination by recasting them in constitutional terms, plaintiff cannot continue to litigate issues related to defendants' failure to compensate plaintiff for overtime by recharacterizing defendants' actions as a violation of FLSA. Though procedurally plaintiff's claim differs from those asserted in *Miller* and *Eilrich*, these cases mandate that the findings of the Commissioner are entitled to preclusive effect under § 1738.

Of particular concern to the Ninth Circuit in both *Miller* and *Eilrich* [*8] was the injured party's ability to obtain judicial review of the administrative decision to ensure that the parties had an adequate opportunity to litigate their claims. In the present case, plaintiff clearly had the opportunity to obtain judicial review of the Commissioner's decision under California Labor Code § 98.2(a). [HN5]Under that section, appeals from the Commissioner's decision are heard de novo. The state court proceedings constitute a new trial and the parties may introduce any relevant evidence not presented at the administrative hearing. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 725, 245 Cal. Rptr. 36, 38 (1988). Plaintiff's contention that the municipal court's authority is limited to those matters properly before the Labor Commissioner is incorrect. Pl's Opp at 6. *Hernandez* makes clear that the appeal is in effect a new trial in which the parties are free to introduce new evidence and that the scope of the trial may extend beyond the issues presented before the Commissioner. Plaintiff was thus not barred from litigating any issues which he now seeks to litigate in federal court. That Le French rather than plaintiff chose to exercise the option to appeal thus appears [*9] immaterial. The Commissioner's decision was reviewed de novo by a state court. The parties thus had an adequate opportunity to litigate plaintiff's claim. Taken together, *Miller* and *Eilrich* hold that [HN6]when an administrative proceeding, whether or not appealed, is conducted so that the parties have a full opportunity to litigate, the final adjudicated outcome of that proceeding is entitled to preclusive effect in a subsequent proceeding.

Plaintiff's federal claim clearly arises from the same set of facts giving rise to his initial claim and amounts to an attempt to relitigate issues already determined. [HN7]California courts determine the res judicata effect of prior litigation by a "primary right" test. Prior litigation will bar subsequent litigation when the subsequent litigation concerns a primary right already litigated, even under a different legal theory, *Miller*, 39 F.3d at 1034; *Takahashi v. Board of Educ.*, 202 Cal. App. 3d 1464, 1474, 249 Cal. Rptr. 578, 584 (1988), cert. denied, 490 U.S. 1011 (1989), or entitles the injured party to diverse forms of relief. *Boccardo v. Safeway Stores, Inc.*, 134 Cal. App. 3d 1037, 1043, 184 Cal. Rptr. 903, 907 (1982). Plaintiff's [*10] "primary right" in this litigation is the right to overtime compensation, for which the Commissioner provided relief and the municipal court affirmed. Plaintiff's subsequent federal claim does not differ from his claim before the Commissioner in any significant fashion, except to the extent that liquidated damages are available under 29 USC § 201. *Boccardo* holds that a plaintiff cannot split a cause of action by relitigating the same set of facts for a different form of relief. *Boccardo*, 134 Cal. App. 3d at 1043, 184 Cal. Rptr. at 907. Plaintiff sought compensation for overtime in addition to "waiting time" penalties under California Labor Code § 203 in the administrative proceedings and now seeks compensation in addition to liquidated damages under 29 USC § 216(b) in the present lawsuit. "Waiting time" penalties and liquidated damages are merely different forms of relief for the very same violation of plaintiff's "primary right" to overtime compensation.

Plaintiff's contention that his claim is maintainable against Forestier individually because he was not a party to the administrative proceeding is without merit. [HN8]Claim preclusion applies not only to claims between the [*11] same parties in the prior action, but also to those in privity with parties to the prior action. California courts ascertain whether one is in privity with a party to the prior litigation by asking "whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion." *People v. Drinkhouse*, 4 Cal. App. 3d 931, 936, 84 Cal. Rptr. 773, 776 (1970); See also *Lynch v. Glass*, 44 Cal. App. 3d 943, 119 Cal. Rptr. 139 (1975). It is beyond doubt that Forestier is sufficiently close to the original case.





1995 U.S. Dist. LEXIS 8371, *11
12 Wage & Hour Cas. 2d (BNA) 236

Forestier is the president and sole shareholder of Le French. Defs' Mot for SJ at 10. He appeared before the Labor Commissioner on behalf of Le French to litigate plaintiff's claim. Sum of Hearing by Com at 1. Forestier is therefore clearly in privity with Le French.

Because the court finds that plaintiff's FLSA claim is barred by the res judicata effect of the prior state reviewed administrative proceedings, defendants' motion for summary judgment is **GRANTED.**

II

[HN9]Under FLSA an action to recover unpaid wages may be maintained by any employee on behalf of himself and other employees similarly situated. But "no employee shall be a [*12] party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 USC § 216(b). As defendants correctly indicate, plaintiff is the only named plaintiff in this lawsuit. As of this date no others who are "similarly situated" to plaintiff have opted in. Because plaintiff is barred by claim preclusion from maintaining this action and there remain no proper plaintiffs this action must be dismissed in its entirety.

III

Defendants seek sanctions under FRCP 11. [HN10]Rule 11(c)(1)(A) requires that a motion for sanctions shall be made separately from other motions or requests. Defendants' motion for sanctions was included within their motion for summary judgment. Nevertheless the court will address whether the imposition of sanctions would be warranted upon proper motion.

[HN11]Rule 11 equates the signature of an attorney or party on a document submitted to the court as an attestation that the document is "well grounded in fact * * * warranted by existing law * * * and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the [*13] cost of litigation." FRCP 11. Courts must apply an objective test in assessing whether the Rule has been violated. Rule 11 is violated if no "plausible, good faith argument can be made by a competent attorney to the contrary." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829-32 (9th Cir. 1986), *abrogated on other grounds*, 496 U.S. 384 (1990).

Plaintiff contends that he has made several unsuccessful attempts to collect his judgment from Le French and that he seeks to collect such compensation through a judgment based upon FLSA. Though plaintiff's proper course of action is an action on the judgment rather than a second lawsuit, there is no evidence that the facts pleaded were false or that plaintiff filed this action for an improper purpose.

[HN12]The court may also impose Rule 11 sanctions if plaintiff's claim is not warranted by existing law. Claims directly contrary to controlling precedents may violate Rule 11. The Ninth Circuit has held that "frivolousness is measured under the law of the local circuit. Thus, adverse authority from another circuit, even if directly in point, would not necessarily render an argument frivolous." *United States v. Stringfellow*, 911 F.2d 225 [*14] (9th Cir. 1990). Defendants' contention that sanctions are warranted because of plaintiff's failure to acknowledge contrary authority from other circuits is therefore incorrect. The Ninth Circuit has also held that Rule 11 sanctions cannot be imposed simply for failure to cite adverse authority. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). Thus, plaintiff's failure to acknowledge *Miller* and *Eilrich*, particularly because *Miller* was decided after plaintiff filed his complaint, cannot alone form the basis for sanctions.

The fact that plaintiff's federal claim was filed before the municipal court entered judgment also cuts in plaintiff's favor. *Miller* and *Eilrich* do not stand for the proposition that all unreviewed administrative proceedings are entitled to preclusive effect. Plaintiff could rationally have believed that the Commissioner was not acting within a judicial capacity and that the administrative proceedings would not be entitled to preclusive effect.

Defendants' motion for sanctions is **DENIED.**

IT IS SO ORDERED.

VAUGHN R. WALKER

United States District Judge

JUDGMENT IN A CIVIL CASE

**Decision** [*15] **by Court.** This action came to trial or hearing before the Court. The issues have been tried or

  

1995 U.S. Dist. LEXIS 8371, *15
12 Wage & Hour Cas. 2d (BNA) 236

heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that in accordance with this court's order of June 14, 1995, defendants' motion for summary judgment is granted, and defendants' motion for sanctions is denied.

June 14, 1995

Date



