**EXHIBIT 12**

LEXSEE



Analysis
As of: Oct 11, 2007

**VICTORIA ABARCA and MARIA SIERRA, on behalf of themselves and other similarly situated employees, Plaintiffs, v. MANHEIM SERVICES CORPORATION, d/b/a GREATER CHICAGO AUTO AUCTION; and COX ENTERPRISES, INC., Defendants.**

Case No. 05 C 3873

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2006 U.S. Dist. LEXIS 13777

March 24, 2006, Decided

**SUBSEQUENT HISTORY:** Partial summary judgment granted by Abarca v. Manheim Servs. Corp., 2007 U.S. Dist. LEXIS 4656 (N.D. Ill., Jan. 19, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employees filed a class action complaint against defendants, their employer and the employer's corporate parent, alleging that the employer had failed to pay them overtime pay. The parent moved to dismiss the claims against it, asserting that the court lacked personal jurisdiction over it.

**OVERVIEW:** Defendants were not Illinois residents. The employer, one of the parent's wholly-owned subsidiaries, operated a business in Illinois. The parent contended that the court lacked personal jurisdiction over it because, unlike the employer, it was not licensed or authorized to do business in Illinois, it did not carry on any businesses or hold any meetings in Illinois, it did not have a registered agent in Illinois, and it owned no property in Illinois. The employees argued that personal jurisdiction existed, based on the fact that the parent maintained an employment website in Illinois and that it sponsored and administrated an employee health and welfare plan, in which they participated. The court held that the employees failed to establish a prima facie case for personal jurisdiction over the parent under 735 Ill. Comp. Stat. 5/2-209. The sponsorship of the benefit plan was insufficient to establish general jurisdiction over the parent; the sponsorship did not constitute substantial or continuous contact with Illinois. The parent was not the employees' "employer" for Fair Labor Standard Act purposes. The website did not give rise to general or personal jurisdiction over the parent.

**OUTCOME:** The court granted the parent's dismissal motion.

**CORE TERMS:** website, personal jurisdiction, subsidiary, flex, forum state, general jurisdiction, interactive, interactivity, auction, minimum contacts, user, prima facie case, non-resident, purposefully, interaction, day-to-day, continuous, e-mail, customer service, burden of establishing, exercise of jurisdiction, privilege of conducting activities, reasonably anticipate, foreign jurisdiction, shareholder, operational, administers, systematic, residents, availed

**LexisNexis(R) Headnotes**

  

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview*
*Evidence > Procedural Considerations > Burdens of Proof > Initial Burden of Persuasion*
[HN1]A plaintiff has the burden of establishing a prima facie case of personal jurisdiction. When determining whether the plaintiff has met the burden of establishing a prima facie case of jurisdiction, the court must take jurisdictional allegations in the complaint as true, unless controverted by the defendant. When deciding whether the plaintiff has made a necessary showing, a court can look to affidavits and exhibits submitted by each party. Additionally, all factual disputes must be resolved in favor of the plaintiff.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview*
[HN2]A determination of whether the United States District Court for the Northern District of Illinois, Eastern Division, has personal jurisdiction over nonresident defendants requires an examination of three sources of law: (1) state statutory law, (2) state constitutional law, and (3) federal constitutional law.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Long-Arm Jurisdiction*
[HN3]Under Illinois law, a defendant is subject to the jurisdiction of its courts if it is doing business within the state or if the cause of action arises from several specified acts, including committing a tortious act, within the state. 735 Ill. Comp. Stat. 5/2-209(b)(4), (a)(2). The statute also provides that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 Ill. Comp. Stat. 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit, and the statutory analysis collapses into a due process inquiry and whether the defendant has engaged in any of the acts enumerated in the long-arm statute need not be considered by the court.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
[HN4]The Due Process Clause permits an Illinois court to exercise jurisdiction over a nonresident defendant only if the defendant has had certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. A defendant need not be physically present within the jurisdiction to have sufficient minimum contacts if the defendant does something by which he purposefully availed himself the privilege of conducting activities in the forum state. The critical inquiry is whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court in the forum state. This determination depends on whether the plaintiff asserts general or specific jurisdiction against the defendant.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Substantial Contacts*
[HN5]General jurisdiction is for suits neither arising out of nor related to a nonresident defendant's contacts, and it is permitted only where the defendant has continuous and systematic general business contacts with the forum state. A defendant with extensive contacts in a state can be subject generally to the personal jurisdiction of that state's courts. In order to have general jurisdiction, the business activities of the defendant cannot be inadvertent, trivial or sporadic; they must be intentional, substantial and continuous. A finding that a nonresident defendant is doing business in Illinois so as to maintain a presence in the forum subjects him to personal jurisdiction of Illinois courts for all matters.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
*Evidence > Procedural Considerations > Burdens of*

Page 2

  

*Proof > Initial Burden of Persuasion*
[HN6]Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. To determine whether specific jurisdiction exists, the United States District Court for the Northern District of Illinois, Eastern Division, must determine whether a nonresident defendant has purposefully established minimum contacts within Illinois and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. Defendants must have purposefully availed themselves of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws, such that they would reasonably anticipate being haled into court there. The plaintiffs must establish that haling the nonresident defendant into court is consistent with the Fourteenth Amendment's due process clause. The due process requirement is met if: (1) the defendant has sufficient minimum contacts with the forum state; (2) the claims asserted arise or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable.

*Business & Corporate Law > Corporations > Formation > Corporate Existence, Powers & Purpose > Powers > Distinct & Separate Principle*
*Business & Corporate Law > Corporations > Shareholders > Disregard of Corporate Entity > Alter Ego > General Overview*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Substantial Contacts*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Plan Establishment*
[HN7]A nonresident corporate parent's activities in Illinois are not "substantial" or "continuous and systematic" by sponsoring a health and welfare plan that includes Illinois residents as participants and beneficiaries. These minimal activities with Illinois fail to establish general jurisdiction. A corporate parent, especially one that is a holding company, may provide administrative services for its subsidiary without undermining corporate separateness and triggering personal jurisdiction over the parent. Administrating an Employee Retirement Income Security Act plan for a subsidiary is not beyond the normal parent-subsidiary relationship.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Employers*
*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Employers*
[HN8]Whether or not a nonresident defendant is a plaintiffs' employer under the Fair Labor Standard Act is of no consequence to the question of jurisdiction. The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised.

*Business & Corporate Law > Corporations > Formation > Corporate Existence, Powers & Purpose > Powers > Distinct & Separate Principle*
*Business & Corporate Law > Corporations > Shareholders > Disregard of Corporate Entity > Alter Ego > General Overview*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Employers*
*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Employers*
[HN9]Dicta contained in a footnote of a United States Court of Appeals for the Tenth Circuit opinion, which suggests that a parent corporation can be an "employer" under Employee Retirement Income Security Act without fulfilling the Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act requirements for an employer, does not create a general rule that a parent corporation is an "employer" under the Fair Labor Standard Act (FLSA) simply because it administers a health plan for its subsidiaries. Moreover, such an argument is contrary to established law, that a parent corporation or corporate owner is considered an "employer" under the FLSA only where it exercises day-to-day control over the employees at issue. A parent corporation can be considered an "employer" under the FLSA based on its extensive managerial responsibilities over the employees at issue and its retention of substantial control over the terms and conditions of employment. A corporate shareholder can be considered an "employer" under the FLSA if the shareholder has operational control of the business's day-to-day activities,

  

the power to hire, fire and set salaries, and has the responsibility for maintaining employment records.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
[HN10]Courts typically use a sliding scale analysis to ascertain what level of internet interaction subjects a defendant to personal jurisdiction. The analysis consists of three levels: (1) where the defendant conducts business over the internet through its active website, (2) where the defendant maintains an interactive website, and (3) where the defendant maintains a passive website. The first category consists of situations where a defendant clearly does business over the internet. If the defendant enters into contracts with residents of a foreign jurisdiction over the internet, personal jurisdiction is proper. Websites in this category are "interactive" and allow for a transaction between the user and the website owner. The second category is occupied by interactive websites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of inter-activity and commercial nature of the exchange of information that occurs on the website. While websites in this category are not fully interactive, they do not permit as much interaction as those in the first category.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
[HN11]General jurisdiction has not been found on the basis of an interactive website in the absence of non-website factors that evidence an intent for a particular product or service to reach a particular state. No cases have been identified in which a court has found that a website can give rise to general personal jurisdiction; cases hold that the operation of a website can not do so. The United States District Court for the Northern District of Illinois, Eastern Division, has not found personal jurisdiction where a nonresident defendant's website had features that evidenced a minimal level of inter-activity, but there was no inter-activity with the action taken by the defendant as a result of individual communication, and the website provided no suggestion that the defendant was using the website to sell products directly over the website.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
[HN12]The United States District Court for the Northern District of Illinois, Eastern Division, has granted a motion to dismiss for lack of jurisdiction after comparing a nonresident defendant's website, which provided dealer and sales information, including phone numbers, addresses, and e-mail addresses, to a national advertisement that would not usually create jurisdiction in Illinois.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment*
[HN13]Where there is no activity by a nonresident defendant as a result of individual communication with its minimally interactive website, and the defendant is not using the website to sell products directly over the website, personal jurisdiction cannot be based on the defendant's website. There is no personal jurisdiction over a nonresident defendant whose website provides some inter-activity, including allowing users to electronically submit contract information andto receive information about the defendant's products and services. To hold that the possibility of ordering products from a website establishes general jurisdiction would effectively hold that any corporation with such a website is subject to general jurisdiction in every state.

**COUNSEL:** [*1] For Victoria Abarca, Maria Sierra, on behalf of themselves and other similarly-situated persons, Plaintiffs: Jamie G. Sypulski, Law Offices of Jamie G. Sypulski, Chicago, IL; Douglas M. Werman, Werman Law Office, P.C., Chicago, IL.

For Manheim Services Corporation, doing business as Greater Chicago Auto Auction, Cox Enterprises, Inc., Defendants: Daniel Patrick Dawson, Nisen & Elliott, Chicago, IL; Gregory R. Fidlon, Marcia Bull Stadeker, Matthew D. Crawford, Dow, Lohnes & Albertson, PLLC, Atlanta, GA.

**JUDGES:** JOHN W. DARRAH, United States District Court Judge.

**OPINION BY:** JOHN W. DARRAH

  

## OPINION

### MEMORANDUM OPINION AND ORDER

Plaintiffs, Victoria Abarca and Maria Sierra, filed suit against Defendants, Manheim Services Corporation d/b/a Greater Chicago Auto Auction ("Manheim/Greater Chicago") and Cox Enterprises, Inc. ("Cox"), for failure to pay Plaintiffs and other similarly situated employees earned overtime pay. Currently before the Court is Cox's Motion to Dismiss for Lack of Personal Jurisdiction.

### BACKGROUND

The following is based on the allegations in Plaintiffs' First Amended Complaint and affidavits submitted by Cox in support of its motion. Manheim, a wholly-owned subsidiary [*2] of Cox, owns and operates over 115 wholesale automobile auctions. Cox is incorporated in Delaware and has its principal place of business in Atlanta, Georgia. Cox has multiple subsidiaries, which in turn have several hundred subsidiaries. Manheim is a Delaware corporation with its corporate headquarters in Atlanta, Georgia. Manheim is licensed to do business in Illinois, using the trade name "Greater Chicago Auto Auction," and is a wholesale automobile auction located in Mattenson, Illinois. Cox is not licensed or authorized to do business in Illinois, and it does not do business in Illinois. Cox does not have a registered agent in Illinois, and it owns no property in Illinois. Cox does not hold meetings of its Board of Directors in Illinois.

The day-to-day operations of Manheim/Greater Chicago are managed by Greater Chicago employees, who make personnel decisions, including decisions about hiring and promoting employees. Cox does not negotiate contracts with Greater Chicago's customers, suppliers or contractors and does not pay Greater Chicago's expenses, including employees' wages and salaries. Cox sponsors and administers a health and welfare plan ("the Flex Plan") for the employees [*3] of Manheim and its other subsidiaries. Illinois employees of Manheim/Greater Chicago participate in the Flex Plan. Greater Chicago offers health and welfare benefits to its eligible employees via the Flex Plan. The costs of the benefits provided to Greater Chicago employees under the Flex Plan are shared between Greater Chicago and its participating employees. Cox also maintains a website, providing employment information for Cox and its subsidiaries, including Manheim, as more fully discussed below.

Plaintiffs reside in Chicago and were participants in the Flex Plan. Plaintiffs were employed as automobile "dealers" by Manheim/Greater Chicago whose duties included cleaning vehicles at the auto auction. Plaintiffs were directed to work in excess of forty hours per week and were entitled to compensation at a rate of one-and-one-half times their regular rate of pay for the excess hours. Plaintiffs allege that the Defendants (collectively, including Cox) unlawfully excluded from the regular rate calculation certain payments made to their employees, including: (a) bonus payments, (b) commission payments, and (c) periodic "flex credit payments." Failure to include these payments led to [*4] the failure to pay the employees overtime.

### ANALYSIS

[HN1]A plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir. 1998). When determining whether the plaintiff has met the burden of establishing a *prima facie* case of jurisdiction, the court must take jurisdictional allegations in the complaint as true, unless controverted by the defendant. *See Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir. 1987) (*Turnock*). When deciding whether the plaintiff has made a necessary showing, a court can look to affidavits and exhibits submitted by each party. *See Turnock,* 816 F.2d at 333. Additionally, all factual disputes must be resolved in favor of the plaintiff. *Turnock,* 816 F.2d at 333.

[HN2]A determination of whether this Court has personal jurisdiction over the non-resident Defendants requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR, Inc. v. Turner Diesel Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR* [*5] ).

[HN3]Under Illinois law, a defendant is subject to the jurisdiction of its courts if it is doing business within the state or if the cause of action arises from several specified acts, including committing a tortious act, within the state. 735 ILCS 5/2-209(b)(4), (a)(2). The statute also provides that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts

  

to the fullest constitutional limit; and the statutory analysis collapses into a due process inquiry, and whether the defendant engaged in any of the acts enumerated in the long-arm statute need not be considered by the court. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Partnership, 34 F.3d 410, 411 (7th Cir. 1994)*; *Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 834 (N.D.Ill. 2000) (Euromarket)*; *LaSalle National Bank v. Vitro, 85 F. Supp. 2d 857, 860 (N.D.Ill.2000) (LaSalle)*; *LFG, LLC. v. Zapata Corp., 78 F. Supp. 2d 731, 735 (N.D.Ill. 1999)* [*6] *(LFG)*.

[HN4]The Due Process Clause permits an Illinois court to exercise jurisdiction over a non-resident defendant only if the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)*, quoting *Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)*; *Michael J. Neuman & Assocs. v. Florabelle Flowers, 15 F.3d 721, 725 (7th Cir. 1994)*. A defendant need not be physically present within the jurisdiction to have sufficient minimum contacts if the defendant does something by which he purposefully availed himself the privilege of conducting activities in the forum state. *Hanson v. Denckla, 357 U.S. 235, 252-54, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)*. The critical inquiry is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)*. This determination depends on whether the plaintiff asserts general or specific jurisdiction [*7] against the defendant. *RAR, 107 F.3d at 1277*.

[HN5]"General jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum state." *RAR, 107 F.3d at 1277*. A defendant with extensive contacts in a state can be subject generally to the personal jurisdiction of that state's courts. *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) (Helicopteros)*. In order to have general jurisdiction, the business activities of the defendant cannot be inadvertent, trivial or sporadic; they must be intentional, substantial and continuous. *Asset Allocation & Management Co. v. Western Employers Ins. Co., 892 F.2d 566, 570 (7th Cir. 1989)*. A finding that a non-resident defendant is doing business in Illinois so as to maintain a presence here subjects him to personal jurisdiction of Illinois courts for all matters. *Aetna Cas. & Sur. Co. v. Crowther, Inc., 221 Ill. App. 3d 275, 277, 581 N.E.2d 833, 163 Ill. Dec. 679 (1991)*.

[HN6]Specific jurisdiction "refers to jurisdiction over a defendant [*8] in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR, 107 F.3d at 1277*, quoting *Helicopteros, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404*. To determine whether specific jurisdiction exists, this Court must determine whether Cox has "purposefully established minimum contacts within [Illinois]" and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)*. Defendants must have "purposefully availed" themselves of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws, such that they would "reasonably anticipate being haled into court there." *Asahi-Metal Indus. Co. v. Superior Court, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)*. The Plaintiffs must establish that haling Cox into court is consistent with the Fourteenth Amendment's due process clause. *LFG, 78 F. Supp. 2d at 734*. The due process requirement is met if: (1) the defendant has sufficient minimum contacts with the forum state; (2) the claims asserted arise or result from the defendant's forum-related activities; [*9] and (3) the exercise of jurisdiction is reasonable. *Euromarket, 96 F. Supp.2d at 834*.

Plaintiffs contend that Cox is subject to *impersonam* jurisdiction by maintaining the Flex Plan and as an employer. Although not pled in their Amended Complaint, Plaintiffs, in their response brief, claim *impersonam* jurisdiction over Cox based on Cox's maintenance of a website in Illinois.

*The Flex Plan and Cox as an Employer*

Cox's [HN7]activities in Illinois were not "substantial" or "continuous and systematic" by sponsoring a health and welfare plan that includes Illinois residents as participants and beneficiaries. These minimal activities with Illinois fail to establish general

Page 6

  

jurisdiction. *See Central State Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, No. 99 C 2524, 2000 WL 1015937, at *3 (N.D. Ill. Jan 31, 2000), *aff'd* *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944 (7th Cir. 2000)* ("A corporate parent, especially one that is a holding company, may provide administrative services for its subsidiary without undermining corporate separateness and [*10] triggering personal jurisdiction over the parent."); *Frank v. U.S. West, Inc., 3 F.3d 1357, 1363 (10th Cir. 1993)* (*Frank*) (administrating a ERISA plan for a subsidiary is not beyond the normal parent-subsidiary relationship).

Plaintiffs also allege that Cox is their employer under the Fair Labor Standard Act. However, [HN8]whether or not Cox is the Plaintiffs' employer is of no consequence to the question of jurisdiction. "The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944 (7th Cir. 2000)*. Furthermore, Plaintiffs fail to support their argument that Cox is their employer. Plaintiffs rely upon [HN9]*dicta* contained in a footnote of *Frank, 3 F.3d at 1365 n. 5*, for the proposition that a parent corporation "can be an 'employer' under ERISA without fulfilling the Title VII and ADEA requirements of employer." However, this *dicta* did not create a general rule that a parent corporation is an "employer" [*11] under FLSA simply because it administers a health plan for its subsidiaries. Moreover, Plaintiffs' argument is contrary to established law that a parent corporation or corporate owner is considered an "employer" under FLSA only where it exercises day-to-day control over the employees at issue. *See E.E. Falk v. Brennan, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406(1973)* (parent corporation could be considered "employer" under FLSA based on extensive managerial responsibilities over the employees at issue and parent corporation's retention of substantial control over the terms and conditions of the employees); *Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir. 1998)* (corporate shareholder could be considered "employer" under FLSA if shareholder had operational control of the business's day-to-day activities, the power to hire, fire and set salaries, and had the responsibility for maintaining employment records). Contrary to the unrebutted facts in the affidavits submitted by Cox as set out above, none of these operational controls necessary to establish that a parent corporation is an "employer" under FLSA exist here.

Therefore, neither the Flex Plan maintained by Cox nor its [*12] purported status as employer is a basis for general jurisdiction.

*Cox Website*

Cox maintains a website that provides employment information about Cox and nearly all of Cox's subsidiaries, including Manheim. The Cox website allows prospective employees to access job information and allows a prospective employee to send information about himself to Cox, including posting a resume for consideration of a particular position. The website contains a "drop down" menu to view jobs available only in Illinois. Clearly, the Amended Complaint and affidavits establish the absence of specific jurisdiction. Plaintiffs' suit does not "arise out" of Cox's operation of its website.

Plaintiffs claim that the website gives rise to general personal jurisdiction. [HN10]Courts typically use a sliding scale analysis to ascertain what level of Internet interaction subjects a defendant to personal jurisdiction. *Euromarket, 96 F. Supp.2d at 837*; *Sch. Stuff, Inc. v. Sch. Stuff, Inc., 2001 U.S. Dist. LEXIS 23382, No. 00 C 5593, 2001 WL 558060 at *3 (N.D. Ill. May 21, 2001)*. The analysis consists of three levels: (1) where the defendant conducts business over the Internet through its active website, (2) [*13] where the defendant maintains an interactive website, and (3) where the defendant maintains a passive website. *Euromarket, 96 F. Supp. 2d at 837-838*.

The first category consists of "situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction . . . over the Internet, personal jurisdiction is proper." *Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124(W.D.Pa 1997)*(*Zippo*). Websites in this category are "interactive" and allow for a transaction between the user and the website owner. *Euromarket, 96 F. Supp.2d at 837*.

The second category "is occupied by interactive websites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that

Page 7

  

occurs on the website." *Zippo, 952 F. Supp. at 1124*. While websites in this category are not fully interactive, they do not permit as much interaction as those in the first category. *Euromarket, 96 F. Supp.2d at 838.* [*14] [1]

> [1] The final category consists of "situations where a defendant has simply posted information on an Internet website which is accessible to users in foreign jurisdictions. A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Zippo, 952 F. Supp. at 1124*.

Plaintiffs cite *Neomedia Tech., Inc. v. Airclic, Inc., 71 U.S.P.Q.2d (BNA) 1186, 2004 U.S. Dist. LEXIS 6634, No. 04 C 566, 2004 WL 848181 (N.D. Ill. April 16, 2004)* (*Neomedia*). However, as specifically noted in *Neomedia*,[HN11] general jurisdiction has not been found on the basis of an interactive website in the absence of non-website factors that evidenced an intent for a particular product or service to reach a particular state. See *Neomedia, 71 U.S.P.Q.2d (BNA) 1186, 2004 WL 848181 at *3*, quoting *Infosys, Inc. v. Billingnetwork.com, Inc., 2003 U.S. Dist. LEXIS 14808, 2003 WL 22012687 (N.D. Ill. 2003)*; see also *LaSalle, 85 F. Supp.2d at 862-63* (noting that neither party [*15] had identified any cases in which a court found that a website could give rise to general personal jurisdiction and citing cases holding that the operation of a website could not do so). For example, in *LaSalle*, personal jurisdiction was not found where a website had the following features: (1) an e-mail button to obtain financial information on the company, (2) an e-mail button for information on the company, (3) a customer service page that allowed individuals to directly interact with customer service representatives, (4) access to on-line catalogs of the company's products, and (5) a list of contact persons and contact information for further information on the company's products. See *LaSalle, 85 F. Supp. 2d at 862-63*. The court concluded that while "the above features do evidence a minimal level of 'interactivity,' there is no interactivity with the action taken by [the defendant] as a result of individual communication." *LaSalle, 85 F. Supp. 2d at 862*. The court also noted that the website provided "no suggestion that [the defendant] is using the website to sell products directly over the website." *LaSalle, 85 F. Supp. 2d at 862*.

[*16]

Likewise, in *Transcraft Corp. v. Doonan Trailer Corp., 45 U.S.P.Q.2D (BNA) 1097, No. 97 C 4943, 1997 WL 733905 (N.D. Ill. Nov. 17, 1997)*, the website in question provided dealer and sales information, including phone numbers, addresses, and e-mail addresses. [HN12]The court granted a motion to dismiss for lack of jurisdiction, comparing the website to a national advertisement that would not usually create jurisdiction in Illinois.

Cox's website falls within the second category; while not fully interactive, it does permit some minor interaction and offers only minimal interactivity. Prospective employees can search for positions in Illinois through a link and can upload their resumes. There is also a link to Cox's companies, including Manheim, which permits business to be conducted on-line. Here, like [HN13]*LaSalle*, there is no activity by Cox as a result of individual communication; and Cox is not using the website to sell products directly over the website. Accordingly, personal jurisdiction cannot be based on Cox's website. See *LaSalle, 85 F.Supp. 2d at 862*; see also *Neomedia, 71 U.S.P.Q.2d (BNA) 1186, 2004 WL 848181 at *4-6* (no personal jurisdiction over defendant that provided some interactivity, [*17] including allowing Illinois users to electronically submit contract information and later receive information about products and services); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd, 64 F. Supp. 2d 448, 451 (E.D. Pa. 1999)* ("To hold that the possibility of ordering products from a website establishes general jurisdiction would effectively hold that any corporation with such a website is subject to general jurisdiction in every state.").

## CONCLUSION

For the foregoing reasons, Plaintiffs have not established a *prima facie* case for personal jurisdiction. Cox's Motion to Dismiss is granted.

Dated: March 24, 2006

JOHN W. DARRAH

United States District Court Judge

